UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11832-GAO

---

RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW and the MASSACHUSETTS ASS'N OF MINORITY LAW ENFORCEMENT OFFICERS,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE DEPARTMENT and KATHLEEN O'TOOLE as she is Commissioner of the Boston Police Department.
    City.

---

**DEFENDANT CITY OF BOSTON'S ANSWER TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.**

NOW COMES the City of Boston (hereinafter, "the City"), Defendant in the above-entitled action, and hereby answers the Plaintiffs' Complaint and Jury Demand ("Complaint") as follows:

**Introduction**

1. Paragraph One of the Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered Paragraphs infra, and as such does not require a response. To the extent that the Plaintiffs' Introduction states any claim against City, it is denied.

2. The City is without knowledge or information sufficient to form a belief as to the truth of the statement in the first sentence of Paragraph Two of the Complaint, and therefore denies that

1

statement.  Answering further, the City denies the remaining allegations in Paragraph Two.

3. The City denies the allegations contained in Paragraph Three of the Complaint.

4. The City denies the allegations contained in the first two sentences of Paragraph Four of the Complaint.  Answering further, the City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Four, and therefore denies those allegations.

5. The City admits the allegations contained in the first sentence of Paragraph Five of the Complaint.  The City admits that the results of hair tests on the sworn officer plaintiffs and the applicant plaintiff were the evidence upon which it made the employment decisions in question.  Answering further, the City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Five, and therefore denies those allegations.

6. The City denies the allegations contained in Paragraph Six of the Complaint.

7. The City denies the allegations contained in Paragraph Seven of the Complaint.

**Jurisdiction and Venue**

8. Paragraph Eight of the Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against the City, it is denied.

9. Paragraph Nine of the Complaint contains a statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs' statement of jurisdiction states any claim against the City, it is denied.

10. Paragraph Ten of the Complaint contains a statement of venue, and as such does not require a response. To the extent that the Plaintiffs' statement of venue states any claim against the City, it is denied.

**Parties**

11. The City admits that it is a municipality of the Commonwealth of Massachusetts. Answering further, the City denies that the Boston Police Department (hereafter, "BPD") has any existence separate from the City. Answering further, the City states that the remaining statements in Paragraph Eleven are legal conclusions which do not require a response.

12. The City admits the allegation contained in the first sentence of Paragraph Twelve. Answering further, the City denies the remaining statements in Paragraph Twelve.

13. The City admits that Kathleen O'Toole is the current Commissioner of the BPD and as such exercises the authority vested in that position. City further admits that Kathleen O'Toole is sued in her official capacity. The City denies the remaining allegations contained in Paragraph Thirteen.

14. The City admits that Plaintiff Jones is an African-American male who served in the BPD from 1983 to 2002, and that he had taken and passed a mandatory annual drug test every year that it

was administered prior to the hair tests which led to his termination. Answering further, the City denies the remaining allegations of Paragraph Fourteen.

15. The City admits that Plaintiff Beckers is an African-American male who served in the BPD from 1989 to 2002, and that he had taken and passed a mandatory annual drug test every year that it was administered prior to the hair tests which led to his termination. Answering further, the City denies the remaining allegations of Paragraph Fifteen.

16. The City admits that Plaintiff Washington is an African-American male who served in the BPD from 1989 to 2002, that he received certain awards from the BPD, and that he had taken and passed a mandatory annual drug test every year that it was administered prior to the hair tests which led to his termination. Answering further, the City denies the remaining allegations of Paragraph Sixteen.

17. The City admits that Plaintiff Bridgeforth is an African-American male who served in the BPD from 1989 to 2003 and that he had taken and passed certain mandatory annual drug tests prior to the hair test which led to his termination. Answering further, the City denies the remaining allegations of Paragraph Seventeen.

18. The City admits that Plaintiff Harris is an African-American male who served in the BPD from 1999 to 2003, that he received certain awards from the BPD, and that he had taken and passed a mandatory annual drug test every year that it was administered prior to the hair tests which led to his

4

    termination. Answering further, the City denies the remaining allegations of Paragraph Eighteen.

19. In answer to Paragraph Nineteen of the Complaint, the City admits that Plaintiff Wade is an African-American male who served in the BPD from 1975 until 2003, that he had taken and passed a mandatory annual drug test every year that it was administered prior to the year in which he resigned, but they denies that he was terminated. Answering further, the City denies the remaining allegations of Paragraph Nineteen

20. The City admits that Plaintiff Downing is an African-American male who served in the BPD from 1995 to 2004 and that he had taken and passed a mandatory annual drug test every year that it was administered prior to the hair tests which led to his termination. Answering further, the Defendants deny the remaining allegations of Paragraph Twenty.

21. The City admits that Plaintiff Bristow is an African-American female who was extended a conditional offer of employment in 2002, subject to successfully passing a medical examination and hair drug test. Answering further, the City denies the remaining allegations contained in Paragraph Twenty-One of the Complaint.

22. The City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two of the Complaint, and therefore denies those allegations.

**Factual Allegations**

23. The City admits that hair testing has been administered to sworn officers since 1999. The City denies the remaining allegations of Paragraph Twenty-Three of the Complaint.

24. The City denies the allegations contained in Paragraph Twenty-Four of the Complaint.

25. The City admits that the quotations in Paragraph 25 are excerpted from BPD Rule 111

26. The City denies the allegation contained in the first sentence of Paragraph Twenty-Six of the Complaint. Answering further, the City admits the remaining allegation contained in Paragraph Twenty-Six.

27. The City admits the allegations contained in Paragraph Twenty-Seven of the Complaint.

28. The City admits that the quotation contained in Paragraph Twenty-Eight of the Complaint is excerpted from BPD Rule 111 and that the remaining allegations of Paragraph Twenty-Eight generally summarize portions of the hair testing process.

29. The City admits that the City contracts exclusively with Psychemedics to perform hair tests. Answering further, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Nine of the Complaint, and therefore denies those allegations.

30. The City admits the allegations contained in the final two sentences of Paragraph Thirty. Answering further, the City

    denies that any defendant utilizes any procedure for testing hair. Answering further, the City denies the remaining allegations contained in Paragraph Thirty.

31. The City admits the allegations in the first, second, fourth, and sixth sentences of Paragraph Thirty-One. Answering further, the City denies remaining allegations contained in Paragraph Thirty-One.

32. The City admits the allegations in the first and second sentences of Paragraph Thirty-Two of the Complaint, except that the agreement in question includes a Settlement Agreement and a Rehabilitation Agreement. Answering further, the City denies the remaining allegations contained in Paragraph Thirty-Two.

**Problems with the Hair Test**

33. The City admits the allegations in the fourth sentence of Paragraph Thirty-Three of the Complaint and that the sworn-officer plaintiffs had submitted to mandatory annual drug tests in earlier years. Answering further, the City denies the remaining allegations in Paragraph Thirty-Three.

34. The City denies the allegations in the final sentence of Paragraph Thirty-Four. Answering further, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirty-Four, and therefore denies those allegations.

35. The City admits that the allegations in the first sentence of Paragraph Thirty-Five of the Complaint generally describe the

    Settlement and Rehabilitation Agreements, but states that said Agreement speaks for itself.  Answering further, the City admits that sworn officers who do not accept the Settlement and Rehabilitation Agreements are subject to termination and that the officer who accepted the Settlement and Rehabilitation Agreements was subsequently terminated for testing positive on a later Hair Test.  The City denies the remaining allegations contained in Paragraph Thirty-Five.

36. The City denies the allegations contained in Paragraph Thirty-Six of the Complaint.

37. The City admits that it relies upon one laboratory, Psychemedics, to perform all hair tests.  Answering further, the City denies the remaining allegations in Paragraph Thirty-Seven.

38. The City denies the allegations contained in Paragraph Thirty-Eight of the Complaint.

39. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Complaint, and therefore denies those allegations.

40. The City denies the allegations contained in Paragraph Forty of the Complaint.

41. The City denies the allegations contained in Paragraph Forty-One of the Complaint.

42. The City denies the allegations contained in Paragraph Forty-Two of the Complaint.

43. The City denies the allegations contained in Paragraph Forty-Three of the Complaint.

44. The City admits that it denies that race is a factor in drug testing results. Answering further, the City denies the remaining allegations contained in Paragraph Forty-Four of the Complaint.

45. The City denies the allegations contained in Paragraph Forty-Five of the Complaint.

46. The City denies the allegations contained in Paragraph Forty-Six of the Complaint.

47. The City denies the allegations contained in Paragraph Forty-Seven of the Complaint.

48. The City denies the allegations contained in Paragraph Forty-Eight of the Complaint.

**Count I**

49. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Forty-Eight.

50. Paragraph Fifty of the Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty states any claim against the City, it is denied.

51. Paragraph Fifty-One of the Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty states any claim against the City, it is denied.

52. The City denies the allegations contained in Paragraph Fifty-Two of the Complaint.

53.     The City denies the allegations contained in Paragraph Fifty-Three of the Complaint.

54.     The City denies allegations contained in Paragraph Fifty-Four of the Complaint.

**Count II**

55.     The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Fifty-Four.

56.     Paragraph Fifty-Six of the Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Six states any claim against the City, it is denied.

57.     The City admits it acted lawfully at all times, but denies the remaining allegations in Paragraph Fifty-Seven.

58.     The City denies the allegations contained in Paragraph Fifty-Eight of the Complaint.

59.      The City denies the allegations contained in Paragraph Fifty-Nine of the Complaint.

60.     The City denies the allegations contained in Paragraph Sixty of the Complaint.

61.     The City denies the allegations contained in Paragraph Sixty-One of the Complaint.

**COUNT III**

62.     The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Sixty-One.

63. The City admits it acted lawfully at all times, but denies the remaining allegations in Paragraph Sixty-Three of the Complaint.

64. The City denies the allegations contained in Paragraph Sixty-Four of the Complaint.

65. The City denies the allegations contained in Paragraph Sixty-Five of the Complaint.

66. The City denies the allegations contained in Paragraph Sixty-Six of the Complaint.

67. The City denies the allegations contained in Paragraph Sixty-Seven of the Complaint.

## COUNT IV

68. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Sixty-Eight.

69. The City admits it acted lawfully at all times, but denies the remaining allegations in Paragraph Sixty-Nine of the Complaint.

70. The City denies the allegations contained in Paragraph Seventy of the Complaint.

71. The City denies the allegations contained in Paragraph Seventy-One of the Complaint.

72. The City denies the allegations contained in Paragraph Seventy-Two of the Complaint.

73. The City denies the allegations contained in Paragraph Seventy-Three of the Complaint.

74. The City denies the allegations contained in Paragraph Seventy-Four of the Complaint.

75. The City denies the allegations contained in Paragraph Seventy-Five of the Complaint.

**COUNT V**

76. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Seventy-Five.

77. The City admits it acted lawfully at all times, but denies the remaining allegations contained in Paragraph Seventy-Seven of the Complaint.

78. To the extent that portions of Paragraph Seventy-Eight of the Complaint state a legal conclusion, such portions do not require an answer, but to the extent such allegations make any claims against the City, they are denied. Further answering, the City denies the remaining allegations of Paragraph Seventy-Eight.

79. The City denies the allegations contained in Paragraph Seventy-Nine of the Complaint.

80. The City denies the allegations contained in Paragraph Eighty of the Complaint.

81. The City denies the allegations contained in Paragraph Eighty-One of the Complaint.

**COUNT VI**

82. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Eighty-One.

83. Paragraph Eighty-Three of the Complaint states a legal conclusion, and as such does not require an answer. To the extent

that Paragraph Eighty-Three states any claim against the City, it is denied.

84. The City denies the allegations contained in Paragraph Eighty-Four of the Complaint.

85. The City denies the allegations contained in Paragraph Eighty-Five of the Complaint.

86. The City denies the allegations contained in Paragraph Eighty-Six of the Complaint.

87. The City denies the allegations contained in Paragraph Eighty-Seven of the Complaint.

88. The City denies the allegations contained in Paragraph Eighty-Eight of the Complaint.

89. The City denies the allegations contained in Paragraph Eighty-Nine of the Complaint.

**COUNT VII**

90. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Eighty-Nine.

91. The City admits it acted lawfully at all times, but denies the remaining allegations contained in Paragraph Ninety-One of the Complaint.

92. The City denies the allegations contained in Paragraph Ninety-Two of the Complaint.

93. The City denies the allegations contained in Paragraph Ninety-Three of the Complaint.

94. The City denies the allegations contained in Paragraph Ninety-Four of the Complaint.

95. The City denies the allegations contained in Paragraph Ninety-Five of the Complaint.

## COUNT VIII

96. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Ninety-Six.

97. The City denies the allegations contained in Paragraph Ninety-Seven of the Complaint.

98. The City denies the allegations contained in Paragraph Ninety-Eight of the Complaint.

99. The City denies the allegations contained in Paragraph Ninety-Nine of the Complaint.

## COUNT X

100. The City hereby incorporates and restates its answers to the preceding Paragraphs, One through Ninety-Nine.

101. The City denies the allegations contained in Paragraph One Hundred One of the Complaint.

102. The City denies the allegations contained in Paragraph One Hundred One of the Complaint.

**PRAYER FOR RELIEF**

The City denies that Plaintiffs are entitled to judgment as set forth in the WHEREFORE clause of their Complaint and denies that Plaintiffs are entitled to any damages or equitable relief.

**AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

The Complaint fails to state a claim against the City upon which relief may be granted.

*Second Affirmative Defense*

The City states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

*Third Affirmative Defense*

The City states that at all relevant times, it acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

*Fourth Affirmative Defense*

The City states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

*Fifth Affirmative Defense*

The City states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by it.

*Sixth Affirmative Defense*

The City states that it is a municipality against which punitive damages may not be assessed.

*Seventh Affirmative Defense*

The City states that its actions were motivated by legitimate, non-discriminatory and non-pretextual reasons.

*Eighth Affirmative Defense*

The City states that the Plaintiffs, by their own acts, omissions, conduct and activities have waived and/or are estopped from asserting any claims against the City of Boston.

*Ninth Affirmative Defense*

The City states that the exclusive method of establishing the City's drug testing program for sworn police personnel is by means of collective bargaining between the City and the unions representing such personnel, and that the City complied with all of its bargaining obligations under M.G.L. ch.150E.

*Tenth Affirmative Defense*

The City states that it was obligated to administer its hair drug testing program pursuant to the terms of its collective bargaining agreements with the unions representing the City's sworn police personnel.

*Eleventh Affirmative Defense*

The City states that some or all of Plaintiffs' claims are barred by the statute of limitations.

*Twelfth Affirmative Defense*

Without conceding that Plaintiffs suffered any damages as a result of any purportedly wrongful acts of the City, the City states that the Plaintiffs have failed to mitigate their damages.

*Thirteenth Affirmative Defense*

The City states that the Plaintiff Massachusetts Association of Minority Law Enforcement Officers has no standing to challenge the actions of the City as alleged in the Complaint.

*Fourteenth Affirmative Defense*

The City states that to the extent that Plaintiffs' claims are based on alleged disparate treatment, they fail to identify any similarly situated employees who were treated differently.

*Fifteenth Affirmative Defense*

The City states that the Plaintiffs' claims relating to alleged handicap or disability are not actionable because the current use of drugs is not protected under state or federal disability laws or under the Massachusetts Declaration of Rights.

17

*Sixteenth Affirmative Defense*

The City states that the Plaintiffs' claims relating to alleged handicap or disability are not actionable because they are not qualified individuals with a disability or handicap within the meaning of state or federal disability laws or under the Massachusetts Declaration of Rights.

*Seventeenth Affirmative Defense*

The City states that the Plaintiffs' claims relating to alleged handicap or disability discrimination are not actionable because they failed to set forth a prima facie case of employment discrimination on the basis of handicap or disability.

*Eighteenth Affirmative Defense*

The City states that it has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under M.G. L. ch. 151B, 42 U.S.C. § 2000e, and 42 U.S.C. § 12112.

*Nineteenth Affirmative Defense*

The City states that Plaintiffs who are represented by any union representing sworn City of Boston police personnel are bound to adhere exclusively to the drug testing procedures negotiated on their behalf by their union and the City and no other procedures.

*Twentieth Affirmative Defense*

The City states that the Plaintiffs' claims are barred in whole or part by their failure to exhaust administrative remedies and/or to satisfy jurisdictional prerequisites.

**RESERVATION OF RIGHTS CLAUSE**

The City reserves its right to amend its answer and to assert any additional affirmative defense as may become available or apparent during the course of discovery in this case.

**JURY CLAIM**

The City demands a trial by jury on all claims.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON

Merita A. Hopkins
Corporation Counsel

By its attorneys:

s/James M. Chernetsky

_____
James M. Chernetsky, Esq.

BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

Margaret M. Buckley
BBO# No. 561101
Staff Attorney, Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA  02120
(617) 343-4550