UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11832-GAO

---

RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW and the MASSACHUSETTS ASS'N OF MINORITY LAW ENFORCEMENT OFFICERS,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE DEPARTMENT and KATHLEEN O'TOOLE as she is Commissioner of the Boston Police Department.
    Defendants.

---

**DEFENDANT BOSTON POLICE DEPARTMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT.**

**I.    Introduction**

The Plaintiffs bring suit against Defendants Boston Police Department, City of Boston, and Police Commissioner Kathleen O'Toole. Pursuant to Fed. Civ. R. 12(b)(6), Defendant Boston Police Department (hereinafter, "the Police Department") moves to dismiss all counts of the Plaintiffs' Complaint directed against it as being redundant and duplicative of claims directed against the proper defendant, City of Boston.

**II.    ARGUMENT**

   **A.    Standard of Review**

A motion to dismiss is to be allowed where a plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In

considering a motion to dismiss, the Court is obliged to accept a plaintiff's well-pleaded facts as they appear, granting every reasonable inference in plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992). "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions. Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference." Id. (citations omitted).

    **B.   The Boston Police Department is Entitled To Dismissal Of The Plaintiff's Complaint Because It Is Not A Separate And Independent Legal Entity Liable to Suit, And Claims Directed Against It Are Merely Duplicative Of Claims Brought Also Against the City of Boston.**

It is well-established that the Boston Police Department is not a suable entity. See Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir.1971). The Boston Police Department is not an independent legal entity but a department within the City of Boston, See Stratton v. City of Boston, 731 F.Supp. 42, 46 (D.Mass. 1989), and therefore, does not qualify as a proper party defendant to this lawsuit. See Curran v. City of Boston, 777 F.Supp. 116, 120 (D.Mass. 1991). Rather, the municipality is the proper defendant. Henschel, 445 F.2d, at 624.

Since the Plaintiffs have brought all claims against the City of Boston as well as against the Police Department, the claims against the latter are redundant, and should be dismissed.

### III. CONCLUSION

For the reasons stated above, the Defendant, Boston Police Department, respectfully requests dismissal with prejudice of all counts of the Plaintiffs' Complaint directed against it.

Respectfully submitted,
DEFENDANT, BOSTON POLICE DEPARTMENT

Merita A. Hopkins
Corporation Counsel

By its attorneys:

s/ James M. Chernetsky
_____
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

Margaret M. Buckley
BBO No. 561101
Staff Attorney, Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA  02120
(617) 343-4550