UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW, and the MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF BOSTON, BOSTON POLICE DEPARTMENT, and KATHLEEN O'TOOLE, as she is Commissioner of the Boston Police Department,<br><br>    Defendants. | *Hearing Requested*[1]<br><br>NO. 05-11832-GAO |

**PLAINTIFFS' CONSOLIDATED OPPOSITION TO THE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S CLAIMS AGAINST THE BOSTON POLICE DEPARTMENT AND COMMISSIONER KATHLEEN O'TOOLE**

**Introduction**

The gravemen of this case is that plaintiffs' civil rights have been violated as a result of a Boston Police Department (the "BPD") rule -- Rule 111 -- that embodies a BPD substance abuse policy executed and administered by the BPD and Commissioner Kathleen O'Toole (the "Commissioner"). Clearly, the conduct of the BPD and the Commissioner are central to this lawsuit. Yet, the BPD and the Commissioner, in two separate motions (collectively, the

---

[1] This Court has recently ordered a scheduling conference to take place on January 24, 2006. If the Court prefers to address the Motions in the context of the scheduling conference, plaintiffs have no objection.

LITDOCS/620891.1

"Motions"), contend that the claims asserted against them must be dismissed as a matter of law. As demonstrated below, the grounds asserted in the Motions do not mandate the relief sought and, therefore, the Motions should be denied.

Given that the customs, practices, and conduct of the BPD and the Commissioner in connection with the substance abuse policy embodied in BPD Rule 111 are at the heart of this case, plaintiffs request that, in the event the Court decides to grant one or both of the Motions, the Court's order specify that (1) the City of Boston (the "City") has the legal authority and capacity to provide all relief sought by the plaintiffs or otherwise ordered by the Court in this action; (2) the BPD and the Commissioner shall be treated as parties to this action for purposes of discovery and the provision and implementation of the relief sought by the plaintiffs and/or ordered by the Court; and (3) plaintiffs are entitled to reassert some or all of their claims against either or both of the BPD and the Commissioner based upon information obtained in discovery.

**Argument**

**A.    The Court Should Deny The Motion To Dismiss The Claims Against The Commissioner.**

The Commissioner contends that plaintiffs' claims against her should be dismissed because "[a]ny order of this Court directed against the City of Boston is binding upon O'Toole as an agent of the City of Boston, and the claims against her are therefore redundant and superfluous." Commissioner's Motion at 1-2. Even if demonstrated, however, the purported "redundancy" of claims does not mandate dismissal. Moreover, even if the law did require dismissal of "redundant" claims, which it does not, the Commissioner's Motion fails to demonstrate that all of the claims against the Commissioner actually are "redundant" of the claims against the City. Indeed, some of the claims asserted in the complaint are not cognizable against the City and there has been no demonstration that the Court's resolution of such claims would, as the Commissioner contends, bind the City. Accordingly, the Commissioner's Motion should be denied.

1. **The Commissioner is a proper defendant.**

In her official capacity, the Commissioner is the BPD's chief policymaker, with ultimate responsibility for making, implementing, administering, executing, and overseeing the BPD's (a) policy decisions; (b) customs and practices; (c) training and supervision of BPD employees; and (d) acts and omissions with respect to all allegations and claims set forth in plaintiffs' complaint. In addition, the Commissioner would be at least one of the officials responsible for implementing any prospective relief sought by the plaintiffs or otherwise ordered by the Court. Accordingly, the Commissioner is a proper defendant in this action. The Commissioner's Motion says nothing to the contrary; nor could it. *See*, *e.g.*, *Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1985) ("local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name").

2. **The cases cited in support of the Commissioner's Motion do not mandate dismissal of the claims against the Commissioner.**

The Commissioner's Motion cites two cases, neither of which stand for the proposition that "redundant" claims against municipal officials must be dismissed. Indeed, one of the cases, *Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658 (1985), is the landmark decision in which the Supreme Court held that municipalities and local governing bodies, including local government officials sued in their official capacities, are "persons" subject to suit under 42 U.S.C. § 1983, overturning the Supreme Court's decision in *Monroe v. Pape*, 365 U.S. 167 (1961), insofar as it holds that local governments are immune from suit under section 1983. *Monell*, 436 U.S. at 663, 690.

In *Monell*, a class of female employees of the Department of Social Services and of the Board of Education of the City of New York brought a section 1983 claim against the Department of Social Services, its Commissioner, the Board of Education, its Chancellor, and the City of New York and its Mayor. 436 U.S. at 660. The individual defendants were sued solely in their official capacities. *Id.* According to the Supreme Court, "[t]he gravamen of the

complaint was that the Board and the Department had as a matter of official policy compelled pregnant employees to take unpaid leaves of absence before such leaves were required for medical reasons." *Id.* at 660-61. Far from requiring that the claims against the local government officials in their official capacities be dismissed as "redundant," the Supreme Court reversed the Second Circuit's decision and allowed the claims against all of the defendants to proceed. Indeed, the very footnote cited in the Commissioner's Motion in support of her contention that the claims against her must be dismissed makes clear that section 1983 claims may be asserted against both municipalities and municipal officials in their official capacities where a section 1983 claim otherwise lies against the municipality:

> Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent -- at least where Eleventh Amendment considerations do not control analysis -- our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

436 U.S. at 690 n.55. There is nothing in *Monell* that even suggests that official-capacity claims do not lie where the municipality is also sued.

Nor does *Kentucky v. Graham*, 473 U.S. 159 (1985), the only other case cited in the Commissioner's Motion, require that the claims against the Commissioner be dismissed. In *Graham*, the plaintiffs sued local and state law enforcement officers, the City of Elizabethtown, and Hardin County, Kentucky for damages under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as the Fourth, Fifth, Sixth, Eleventh, and Fourteenth Amendments, alleging that they had been beaten, illegally searched, and falsely arrested by city, county, and state police officers during the course of a murder investigation. 473 U.S. at 161-62. A settlement agreement entered into by the parties during the trial barred the plaintiffs from seeking attorneys' fees from the individual defendants, but preserved the plaintiffs' rights to seek fees and court costs from the state of Kentucky. *Id.* at 162. The Supreme Court granted certiorari to answer the question "whether 42 U.S.C. § 1988 allows attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees only in their personal capacities and prevails." *Id.*

at 161.

In the course of describing the differences between official and personal liability in a section 1983 actions, the Supreme Court noted that there is "no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief." 473 U.S. at 167 n.14. But the Supreme Court's analysis on this point was limited to section 1983 claims, *id.* at 162 n.2, whereas the complaint in this case asserts numerous claims other than claims pursuant to section 1983, including claims under the following statutes: 42 U.S.C. § 2000e, 42 U.S.C. § 1981, 42 U.S.C. §§ 12112, Mass. Gen. Laws ch. 151B, Mass. Gen. Laws ch. 93, § 103, Mass. Gen. Laws ch. 12, §§ 11H and 11I, and Articles 1, 10, 11, and 12 of, and Article of Amendment 114 to, the Massachusetts Declaration of Rights. Moreover, the Supreme Court's observation concerning official-capacity suits is dicta, as the claims at issue in *Graham* were asserted against the governmental employees ***only in their personal capacities***. 473 U.S. at 161. Furthermore, the Supreme Court merely noted in *Graham* that a section 1983 claim against a municipal official in her official capacity is not necessary. The Court did ***not*** hold that such claims must be dismissed as redundant of claims against the municipality.

In sum, the Commissioner's Motion cites no authority requiring that purportedly redundant claims against municipal officials must be dismissed. Indeed, the Commissioner ignores authority precisely to the contrary. In *Doe v. City of Chicago*, 883 F. Supp. 1126 (N.D. Ill. 1994), plaintiffs brought several claims, including a section 1983 claim, against "the City of Chicago, the City of Chicago Department of Police, Dr. James J. Bransfield, and U.S. Occupational Health, Inc." 883 F. Supp. at 1131. The municipality argued that the official-capacity claims against Dr. Bransfield, a city official, must be dismissed as redundant of claims against the municipality because "claims against municipal officials in their official capacities are treated as claims against the municipality itself." *Id.* at 1133. Although the court noted that official-capacity claims are another way of pleading an action against a municipality, it rejected the conclusion that this was a valid basis for dismissal of the claims against Dr. Bransfield in his

official capacity:

> There is no basis for dismissing the claims against Dr. Bransfield in his official capacity. Official-capacity suits against municipal officials are cognizable only if the plaintiff would otherwise have a cause of action against the municipality itself; however, ***this does not imply that official capacity suits may never be maintained when the municipality is also a party***. *See*, *e.g.*, *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991); *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 382 (7th Cir. 1988). The particular claims brought against Dr. Bransfield in his official capacity must be dismissed if those claims cannot be asserted against the city. However, plaintiffs official-capacity claims will not be dismissed for redundancy.

883 F. Supp. at 1133-34 (emphasis supplied). The same result should obtain here.

### 3. Not all of the claims asserted against the Commissioner are necessarily redundant of claims asserted against the City and, even if there were redundancy, this does not mandate dismissal.

The Commissioner contends that all claims against her should be dismissed because "[a]ny order of this Court directed against the City of Boston is binding upon O'Toole as an agent of the City of Boston, and the claims against her are therefore redundant and superfluous and should be dismissed." Commissioner's Motion at 1-2. In addition to the flaws discussed above, the conclusion that all claims against the Commissioner must be dismissed does not follow from its premise. To be redundant, the resolution of all claims against the Commissioner must be binding against the City. The Commissioner's Motion, however, does not demonstrate that this is so. Indeed, plaintiffs' claims under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H and 11I (the "MCRA"), are cognizable against the Commissioner but not against the City. *LeBeau v. Town of Spencer*, 167 F. Supp. 2d 449, 455 (D. Mass. 2001) (allowing the plaintiffs' MCRA claims to proceed against the defendant city officials but not the city because "[a] municipality is not a "person" within the meaning of the MCRA"); *Howcroft v. City of Peabody*, 747 N.E.2d 729, 744 (Mass. App. Ct. 2001) ("We affirm summary judgment in favor of the city on Howcroft's State civil rights claim because we conclude that a municipality is not a "person" covered by the [MCRA]").

Accordingly, even if the Commissioner had cited authority for the proposition that

purportedly redundant claims must be dismissed, the Commissioner has not shown that all claims asserted against her in the complaint actually are redundant. The Commissioner's Motion should be denied.

**B.     The Court Should Deny The Motion To Dismiss The Claims Against The BPD.**

The BPD contends that plaintiffs' claims against it should be dismissed because the BPD "has no legal existence or liability to suit separate from the City of Boston" and because "[a]ny order of this Court directed against the City of Boston is already binding upon the [BPD], and the claims against it are therefore redundant and superfluous." BPD's Motion at 1-2. As discussed above, redundancy, even if demonstrated, does not require dismissal. Moreover, the BPD does not cite any additional authority on the "redundancy" point. Furthermore, the BPD offers neither analysis nor any dispositive law demonstrating that the BPD has no legal existence or susceptibility to suit separate from the City. The BPD's position also is inconsistent with its position in prior cases, in which it has asserted the right to sue or failed to contest its status as a suable entity. The BPD's Motion should be denied.

    **1.     The BPD is a proper defendant and the BPD's Motion does not demonstrate that, as a matter of state law, it has no legal existence or liability apart from the City.**

As discussed above, the claims asserted in plaintiffs' complaint challenge a BPD rule that implements a BPD substance abuse policy, as well as the customs, practices, and conduct of the BPD, the Commissioner, and the City with respect to that policy. Clearly, the BPD is a proper defendant in this action. No case cited by the BPD requires a contrary conclusion. Accordingly, the BPD's Motion should be denied.

The question whether the BPD is a suable entity, legally distinct from the City, must be determined under Massachusetts law. Fed. R. Civ. P. 17(b) ("In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ."); *see also Shaw v. California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986) (finding that police departments are suable under California law). Yet, the BPD cites no

Massachusetts statute, nor any case that cites Massachusetts law, in support of its contention that the BPD is not a suable entity under Massachusetts law.  Instead, the BPD cites three cases, one of which (*Henschel*) relied on the holding in *Monroe v. Pape* that was expressly overturned by the Supreme Court in *Monell*, in concluding that the City of Worcester and the Worcester Police Department are not "persons" under 42 U.S.C. § 1983; another of which (*Curran*) relied exclusively on *Henschel*'s outdated holding; and the last of which *(Stratton)* granted an ***unopposed*** motion to dismiss without any analysis of whether the BPD is an independent legal entity for purposes of litigation and without citation to any Massachusetts law.  Particularly in view of the centrality to this case of the BPD's policies, customs, practices, and conduct, the claims against the BPD should not be dismissed on the basis of the BPD's unadorned assertion, completely devoid of any legal analysis or citation to dispositive law, that it is not a suable entity.

The BPD cites the one-page decision in *Henschel v. Worcester Police Dep't*, 445 F.2d 624 (1st Cir. 1971), in support of its conclusion that "[i]t is well-established that the [BPD] is not a suable entity."  BPD's Memorandum at 2.  In *Henschel*, the First Circuit stated:

> [P]laintiff has not named, let alone attempted to serve, any defendant subject to the Civil Rights Act.  The City of Worcester, if that is the intended defendant, is not liable under this statute.  *Monroe v. Pape*, 365 U.S. 167 (1961).  Nor is the Police Department a suable entity.  *United States ex rel. Lee v. People of State of Illinois*, 343 F.2d 120 (7th Cir. 1965).  If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city -- a result foreclosed by *Monroe v. Pape*, ante.  For want of any proper party defendant the district court properly dismissed the action.

445 F.2d at 624.

As discussed above, the Supreme Court overturned its earlier decision in *Monroe* and held that municipalities are "persons" subject to suit under 42 U.S.C. § 1983.  *Monell*, 436 U.S. at 663, 690.  Moreover, in stating that the Worcester Police Department was not a suable entity, the First Circuit in *Henschel* cited a two-page Seventh Circuit decision, which also relies on this overruled holding, and which says nothing at all about Massachusetts law, under which the

question must be decided. *See United States ex rel. Lee v. Illinois*, 343 F.2d at 120 ("Plaintiff's complaint does not state a cause of action under the Civil Rights Act against City of Chicago Police Department and People of the State of Illinois since these are not 'persons' within the meaning of the Act. *Monroe v. Pape*, 365 U.S. 167, 191-192 (1961)."). Clearly, the *Herschel* holding, upon which the BPD relies, is no longer good law.[2]

The BPD's citation to *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991), also does not support its contention that the BPD "does not qualify as a proper party defendant to this lawsuit." BPD's Memorandum at 2. In *Curran*, the court relied exclusively on *Henschel* in stating that the BPD is not a suable entity. Accordingly, as with *Henschel*, the *Curran* decision does not stand for the proposition that the claims against the BPD must be dismissed.

Although *Stratton v. City of Boston*, 731 F. Supp. 42 (D. Mass. 1989), does not explicitly rely on precedent overturned by the Supreme Court, the decision is nonetheless not dispositive of the question whether the BPD is a suable entity. In *Stratton*, the court granted the BPD's **unopposed** motion to dismiss without any analysis of the question whether the BPD is an independent legal entity for purposes of litigation and without any citation to Massachusetts law, under which the issue must be decided, in support of its conclusion that the BPD is not an independent legal entity. Instead, the court simply accepted the BPD's unopposed contention. As with *Henschel* and *Curran*, *Stratton* is not reliable law. Moreover, the decision is not binding on this court in any event. *See*, *e.g.*, *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991) (explaining that "that there is no such thing as 'the law of the district'"; that, "[e]ven where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those

---

[2] The BPD also cites *Henschel* in support of its contention that "the municipality is the proper defendant." BPD's Memorandum at 2. No one who has read this decision could possibly reach this conclusion. In *Henschel* the First Circuit held, relying on *Monroe*, that the City of Worcester was **not** a proper defendant for the plaintiff's section 1983 claim because a city is not a "person" under that statute. As noted, this aspect of *Monroe* was expressly overturned in *Monell*.

claims does not bar reconsideration by another district court of similar contentions"; and that "[w]here a second judge believes that a different result may obtain, independent analysis is appropriate) (internal quotation marks and citation omitted) (collecting cases); 18 MOORE'S FEDERAL PRACTICE § 134.02[1][d] at 134-24 (3d ed. 2005) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

In view of the foregoing, the BPD's assertion that "[i]t is well-established that the [BPD] is not a suable entity, BPD's Memorandum at 2, is simply untrue.

  **3. The BPD's position that it is not a separate legal entity is inconsistent with the position it has asserted in prior cases, in which it has brought suit or failed to contest its status as a suable entity.**

If the BPD has no legal existence or liability to suit separate from the City, then one should find that the BPD has never been a plaintiff and has never been a defendant in litigation after the motion-to-dismiss stage. This is not the case. *See*, *e.g.*, *South Boston Allied War Veteran Council v. City of Boston & Boston Police Dep't*, 297 F. Supp. 2d 388 (D. Mass. 2003) (finding that the BPD and the City violated the First Amendment rights of plaintiff parade organizers); *O'Hara v. Boston Police Dep't*, 312 F. Supp. 2d 99 (D. Mass. 2001) (in a civil case brought by several BPD officers against Mayor Thomas Menino, Commissioner Paul Evans, the BPD, and the City, all of the defendants answered the complaint without filing a motion to dismiss); *Boston Police Dep't v. Tolland*, 2005 WL 1309076 (Mass. Super. Ct. May 18, 2005) (BPD appeals an adverse decision of the Massachusetts Civil Service Commission to the Massachusetts Superior Court); *Ehsani v. Boston Police Dep't*, 2001 WL 931668 (Mass. Mun. Ct. Boston A.D. Aug. 10, 2001) (BPD is the defendant); *Boston Police Dep't v. Moughalian*, 2001 WL 575507 (Mass. Mun. Ct. Boston A.D. Apr. 26, 2001) (BPD is the plaintiff); *Gaughan v. Boston Police Dep't & Paul Evans in his capacity as Police Comm'r*, 1997 WL 799485 (Mass. Super. Ct. Dec. 19, 1997) (denying the BPD's summary judgment motion in a dispute with a former BPD officer).

The BPD should not be permitted to litigate as a separate legal entity in cases in which it chooses to participate, while arguing -- on the basis of a dubious legal theory, no less -- that it should be dismissed as a defendant in cases in which it prefers not to participate.

**C.    In The Event The Court Decides To Grant Either Or Both Of The Motions, The Court Should, As Part Of Its Order, Protect The Rights Of The Plaintiffs With Respect To Discovery And The Ability To Obtain Complete Relief.**

As discussed, the customs, practices, and conduct of the BPD and the Commissioner in connection with the substance abuse policy embodied in BPD Rule 111 are at the very heart of this case. Accordingly, in the event the Court decides to grant one or both of the Motions, plaintiffs request that the Court, in its order, protect the rights of the plaintiffs with respect to discovery and the ability to obtain complete relief by specifying that (1) the City has the legal authority and capacity to provide all relief sought by the plaintiffs or otherwise ordered by the Court in this action; (2) the BPD and the Commissioner shall be treated as parties to this action for purposes of discovery and the provision and implementation of the relief sought by the plaintiffs and/or ordered by the Court; and (3) plaintiffs are entitled to reassert some or all of their claims against either or both of the BPD and the Commissioner based upon information obtained in discovery.

## Conclusion

For the foregoing reasons, the Court should deny both Motions. In the event the Court decides to grant one or both of the Motions, plaintiffs request that the Court, in its order, protect the rights of the plaintiffs with respect to discovery and the ability to obtain complete relief, as set forth in section C, above.

Respectfully submitted,

**Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

| | |
|---|---|
| /s/ Nadine Cohen | /s/ Paul Robertson |
| Nadine Cohen, BBO # 090040 | Paul Robertson, BBO # 562421 |
| Lawyers' Committee for Civil Rights | Rheba Rutkowski, BBO # 632799 |
| Under Law of the Boston Bar Association | Rachael Splaine Rollins, BBO # 641972 |
| 294 Washington Street, Suite 443 | BINGHAM McCUTCHEN LLP |
| Boston, Massachusetts 02108 | 150 Federal Street |
| (617) 482-1145 | Boston, MA 02110 |
| | (617) 951-8000 |

/s/ Maricia Woodham
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

Dated: November 4, 2005