UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW, and the MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BOSTON, BOSTON POLICE DEPARTMENT, and KATHLEEN O'TOOLE, as she is Commissioner of the Boston Police Department,<br><br>Defendants. | NO. 05-11832-GAO |

**JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1**

Plaintiffs and defendants in the above-captioned action hereby submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1.

**I.  Agenda Of Matters To Be Discussed At Scheduling Conference**

    A.  Initial exchange of information

    B.  Pre-trial schedule

    C.  Mediation

**II.  Proposed Pre-trial Schedule**

The parties share an interest in litigating this case as efficiently as possible and agree that a phased schedule makes sense in this case. The parties do not agree, however, on the issues to be included in each phase or on a proposed pre-trial schedule. Accordingly, the parties present

separate proposed pre-trial schedules, as follows:

    **A.**    **Plaintiffs' Proposed Pre-trial Schedule**

Plaintiffs propose that the litigation be divided into two phases. Discovery concerning the plaintiffs and their damages would be deferred to the second phase, with a schedule to be proposed at an appropriate time in the future. A schedule for the first phase is proposed below. Plaintiffs' counsel is prepared to respond at the scheduling conference to the assertions made by the defendants and the pre-trial schedule proposed by the defendants herein.

    1.    <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

    2.    <u>Fact Discovery</u>. All fact discovery, inclusive of depositions of fact witnesses, but exclusive of requests to admit, shall be propounded by **August 10, 2006**, and responded to or otherwise completed by **October 30, 2006**, unless otherwise ordered by the Court. At this time, plaintiffs believe that the number and type of discovery events specified in Local Rule 26.1(C) are appropriate for this case only as to the facts common to all plaintiffs. These limitations are unworkable, however, as to facts and circumstances concerning the hair drug tests that were performed on samples taken from each of the plaintiffs, as these facts and circumstances differ for each plaintiff. For example, numerous individuals are identified on documents relating to each hair drug test for each plaintiff, including individuals involved in the taking, handling, and transmission of each sample; individuals involved in the chain of custody for each sample; individuals involved in the testing of each sample; and individuals involved in recording and reporting test results. The list of involved individuals varies with each test and each plaintiff and, therefore, the number of persons with potentially relevant information is very large. Plaintiffs are prepared to work cooperatively with the defendants in crafting an efficient means of obtaining the necessary discovery but seek relief from the limitations on discovery events provided in Local Rule 26.1(C). The defendants retain, of course, the right to seek relief with respect to this discovery should they find it necessary to do so. Motions to compel regarding fact discovery shall be filed as soon as practicable, but not later than **November 16, 2006**.

3. <u>Expert Discovery</u>.  All expert discovery shall be completed by **March 1, 2007**, unless otherwise ordered by the Court.  Motions to compel regarding expert discovery shall be filed as soon as practicable but not later than **March 23, 2007**.

4. <u>Amendments to Pleadings</u>.  All amendments and/or supplements to the pleadings shall be filed on or before on or before **April 28, 2006**, without prejudice to the right of any party to move for leave to amend or supplement the pleadings as necessary in light of discovery or to conform with the evidence or a change in the law.

5. <u>Requests to Admit</u>.  Requests to admit shall be propounded by **March 15, 2007** and responded to by **April 13, 2007**.

6. <u>Summary Judgment</u>.  All motions for summary judgment shall be filed by **May 4, 2007**.  Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter.  The Court will rule on any such motions prior to proceeding with further discovery.

    **B.**    **Defendants' Proposed Pre-trial Schedule**

The Defendants respectfully disagree with the Plaintiffs' proposed pretrial schedule.  The Defendants believe this case should be litigated as efficiently and expeditiously as possible to preserve resources of the parties, as well as this Court.  As undersigned counsel is prepared to explain in more detail orally at the Scheduling Conference, the Defendants believe that the nature of the case lends itself to initial discovery focused on the scientific basis of Plaintiffs' claims, leading to consideration of summary judgment prior to embarking on any additional discovery.

The Defendants view the principal issue in this litigation to be the question whether the hair test for drug use annually required of all Boston police officers in Boston Police Department Rule 111 has an adverse impact on officers and applicants "of color," as alleged by the Plaintiffs.  The Defendants contend that this action will essentially involve the scientific basis underlying Plaintiffs' claims.  The Defendants respectfully submit that the first phase of this case should focus solely on the science underlying Plaintiffs' contentions regarding the hair test itself.

Therefore, they propose a phased discovery process as follows:

1. <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

2. <u>Expert Discovery</u>. The initial phrase of discovery shall focus on discovery of statistical and/or other evidence relating to the alleged *prima facie* case, and discovery focusing on the scientific basis for Plaintiffs' allegations. This discovery, including disclosure of the parties' expert testimony and depositions of experts shall be completed by **December 31, 2006**. As part of this expert discovery, Defendants have no objection to limited discovery relating to the general methodology of obtaining and transmitting hair samples to the testing laboratory. However, Defendants object to Plaintiffs' contention that discovery concerning the testing process relating to each Plaintiff is relevant. The Defendants contend that this potentially costly and time-consuming discovery is unwarranted because Plaintiffs have not alleged that the test methodology utilized by the Boston Police Department differs among "people of color" and any other individuals, e.g. white police officers. Motions to compel regarding this phase of discovery shall be filed as soon as practicable, but not later than **October 30, 2006**.

2. <u>Amendments to Pleadings</u>. Amendments and/or supplements to the pleadings shall be filed on or before **April 28, 2006**.

3. <u>Summary Judgment</u>. Motions for summary judgment shall be filed by **February 28, 2006**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding, if necessary, with further discovery. If further discovery is necessary, the parties will propose a second phase to the Court.

**III.   Trial By Magistrate**

The parties do not consent to trial by magistrate.

**IV.   Settlement Conferences /Alternative Dispute Resolution**

Pursuant to Local Rule 16.1(C), plaintiffs have presented a written settlement proposal to defendants. The parties expect to have settlement conferences at appropriate times during the

litigation, including possible conferences with the Court. The parties expect to be willing to consider Alternate Dispute Resolution, if and when that becomes appropriate.

**V.     Certifications**

The certifications required by Local Rule 16.1(D)(3) are submitted herewith.

Respectfully submitted,

**Plaintiffs, Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

        /s/ Nadine Cohen                                        /s/ Rheba Rutkowski        
Nadine Cohen, BBO # 090040                Paul Robertson, BBO # 562421
Lawyers' Committee for Civil Rights       Rheba Rutkowski, BBO # 632799
  Under Law of the Boston Bar Association Rachael Splaine Rollins, BBO # 641972
294 Washington Street, Suite 443          BINGHAM McCUTCHEN LLP
Boston, Massachusetts 02108               150 Federal Street
(617) 482-1145                            Boston, MA 02110
(617) 951-8000

        /s/ Maricia Woodham        
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

DEFENDANTS, CITY OF BOSTON,
BOSTON POLICE DEPARTMENT and KATHLEEN O'TOOLE

Merita A. Hopkins
Corporation Counsel

By their attorneys:

s/ James M. Chernetsky
_____
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

Margaret M. Buckley
BBO No. 561101
Staff Attorney, Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA  02120
(617) 343-4550


Dated:  February 3, 2006