UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONNIE JONES, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 05-11832-GAO |
| | ) | |
| CITY OF BOSTON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S CONSOLIDATED MOTION
AND MEMORANDUM IN SUPPORT OF MOTION
TO AMEND AND SUPPLEMENT COMPLAINT**

Plaintiffs hereby move, pursuant to Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure and Local Rule 15.1, for leave to amend and supplement the Complaint as described herein. As grounds for and in support of their motion plaintiffs state as follows:

**The Proposed Amended and Supplemental Complaint**

1. Plaintiffs seek leave to amend and supplement the Complaint in order to add two plaintiffs, Keri Hogan and Rachelle Couch. Ms. Hogan and Ms. Couch wished to be included as plaintiffs at the time the Complaint was filed but could not be so included because they did not have Right to Sue letters from the EEOC at that time.

2. The proposed First Amended and Supplemental Complaint and Jury Demand ("Proposed Amended Complaint") is submitted herewith. It asserts no new causes of action or claims for relief, but includes Ms. Hogan and Ms. Couch as plaintiffs, with allegations concerning their claims and conforming changes to other paragraphs describing plaintiffs' claims. Other changes do not affect the rights of the parties but are intended simply to correct or clarify certain allegations, as follows.

- Paragraph 3 of the Proposed Amended Complaint adds a footnote to clarify the use of the terms "false positive" and "allegedly positive" (and similar terms) in

   connection with the Hair Test used by the defendants in making employment decisions.

- Paragraph 9 of the Proposed Amended Complaint corrects the prior statement concerning when this case was filed -- i.e., within three years (rather than two years) of the acts alleged.

- Paragraph 31 of the Proposed Amended Complaint has been revised to simplify and clarify the prior allegations by reducing them to essentials.

**Argument**

3. Rule 15(a), by its terms, mandates that leave to amend "shall be freely given when justice so requires." In interpreting the rule, the Supreme Court has counseled as follows:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the Rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

4. None of the factors counseling against granting leave to amend are here. Plaintiffs are not acting in bad faith; moreover, because the proceedings are in the preliminary stages, with discovery in its infancy, the defendants will not be unduly delayed or prejudiced by the granting of this motion. Indeed, as discussed at the recent Rule 16 scheduling conference, it is anticipated that plaintiff-specific discovery will not get underway until later in the proceedings.

5. In addition, Rule 15(d) permits the Court to grant leave to supplement the Complaint to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Leave to supplement is appropriate here because events have occurred since the original complaint was filed that pertain to the same cause and are

based upon the same subject matter as set out in the original Complaint. *See United States v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957).

6.  As noted, the Proposed Amended Complaint asserts no new causes of action or claims for relief. The relief requested herein serves judicial economy (as well as the interests of justice) by including in this action allegations and claims that are identical to those contained in the original Complaint but that, absent the requested relief, would have to be asserted in a separate action, which plaintiffs would then seek to consolidate with this case.

7.  Local Rule 15.1(a) states that amendments adding parties shall be pursued as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party. As noted above, Ms. Hogan and Ms. Couch wished to be included as plaintiffs at the time the Complaint was filed but could not be so included because they did not have Right to Sue letters from the EEOC at that time. The Proposed Amended Complaint is timely filed after receipt of these letters.

8.  Counsel to the parties have conferred, as required by Local Rule 7.1(A)(2), but defendants have not indicated whether or not they will oppose the motion.

## Conclusion

WHEREFORE, for the foregoing reasons, plaintiffs respectfully request that the Court (a) grant the instant Motion to Amend and Supplement the Complaint and (b) grant any such other relief as the Court deems just and proper.

                                Respectfully submitted,

**Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

| | |
|---|---|
| _____ <br> Nadine Cohen, BBO # 090040 <br> Lawyers' Committee for Civil Rights <br>   Under Law of the Boston Bar Association <br> 294 Washington Street, Suite 443 <br> Boston, Massachusetts 02108 <br> (617) 482-1145 | _____/s/ Rheba Rutkowski_____ <br> Paul Robertson, BBO # 562421 <br> Rheba Rutkowski, BBO # 632799 <br> Rachael Splaine Rollins, BBO # 641972 <br> BINGHAM McCUTCHEN LLP <br> 150 Federal Street <br> Boston, MA 02110 <br> (617) 951-8000 |

_____
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

Dated:  April 7, 2006

4