UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
RONNIE JONES, RICHARD BECKERS,       )
WALTER R. WASHINGTON, WILLIAM      )
E. BRIDGEFORTH, SHAWN N. HARRIS,     )
EUGENE WAGE, GEORGE C. DOWNING,   )
JR., CLARARISE BRISTOW, and the            )          C.A. No. 05-11832-GAO
MASSACHUSETTS ASSOCIATION OF         )
MINORITY LAW ENFORCEMENT            )
OFFICERS,                                                )
                                                    )
                    Plaintiffs,                         )
                                                    )
v.                                                        )
                                                    )
CITY OF BOSTON, BOSTON POLICE           )
DEPARTMENT, and KATHLEEN O'TOOLE,  )
as she is Commissioner of the Boston Police    )
Department,                                            )
                                                    )
                    Defendants.                       )
_____)

## DEFENDANTS' ANSWER TO THE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

### Introduction

1.      The allegations contained in this paragraph are introductory and summarize the

allegations made throughout the complaint, and therefore no responsive pleading is required.  To

the extent the allegations of this paragraph contain allegations to which a response is required,

those allegations are denied.

2.      The defendants are without knowledge or information sufficient to form a belief as to the

truth contained in the first sentence of this paragraph.  The remaining allegations in this

paragraph are denied.

3.      Denied.

4.      Defendants admit that the plaintiffs are former Boston Police Officers, an active Boston Police Officer who signed a Settlement and Rehabilitation Agreement with the Boston Police Department, a former Boston Police Department cadet, and an applicant for employment as a Boston Police Officer.  The remaining allegations are denied.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth contained in the first sentence of this paragraph.  Defendants admit that the positive drug test was the evidence considered in making the employment decisions at issue.  The remaining allegations in this paragraph are denied.

6.      Denied.

7.      Denied.

**Jurisdiction and Venue**

8.      The allegations contained in this paragraph are recitations of statutory jurisdiction, and no responsive pleading is required.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

10.     The allegations contained in this paragraph are recitations of venue, and no responsive pleading is required.

**Parties**

11.     Admitted.

12.     The Defendants admit that the Boston Police Department is a paramilitary law enforcement organization of the City and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000(e), 42 U.S.C. 12111(5), and Mass. Gen. Laws ch. 151B.  The remaining allegations of this paragraph are denied.

13.    Defendants admit that, as of the time the First Amended and Supplemental Complaint was filed, Kathleen O'Toole was the Police Commissioner of the BPD and as such exercised the authority vested in that position.  The remaining allegations of this paragraph are denied.

14.    Defendants admit that plaintiff Jones is an African-American male who served in the BPD from 1983 to 2002, and that he had taken and passed a mandatory annual drug test every year that it was administered prior to the hair tests which led to his termination.  The remaining allegations of this paragraph are denied.

15.    Defendants admit that plaintiff Beckers is an African-American male who served in the BPD from 1989 to 2002, and that he had taken and passed a mandatory annual hair drug test every year that it was administered prior to the hair test that led to his termination.  The remaining allegations of this paragraph are denied.

16.    Defendants admits that plaintiff Washington is an African-American male who served in the BPD from 1989 to 2002, that he received certain awards from the BPD, and that he had taken and passed a mandatory annual hair test every year that it was administered prior to the hair tests that led to his termination.  The remaining allegations of this paragraph are denied.

17.    Defendants admit that plaintiff Bridgeforth is an African-American male who served in the BPD from 1989 to 2003 and that he had taken and passed a mandatory annual hair drug test every year that it was administered prior to the hair tests that led to his termination.  The remaining allegations of this paragraph are denied.

18.    Defendants admit that plaintiff Harris is an African-American male who served in the BPD from 1999 to 2003, that he received certain awards from the BPD, and had taken and passed a mandatory annual hair test every year that it was administered prior to the hair tests that led to his termination.   The remaining allegations of this paragraph are denied.

3

19.     Defendants admit that plaintiff Wade is an African-American male who served in the BPD from 1975 to 2003, that he had taken and passed a mandatory annual hair test every year that it was administered prior to the year in which he resigned, but deny that he was terminated. The remaining allegations of this paragraph are denied.

20.     Defendants admit that plaintiff Downing is an African-American male who served in the BPD from 1995 to 2004 and that he had taken and passed a mandatory annual hair test every year that it was administered prior to the hair tests that led to his termination.  The remaining allegations of this paragraph are denied.

21.     Defendants admit that plaintiff Bristow is an African-American female who was extended a conditional offer of employment in 2002, subject to successfully passing a medical examination and hair drug test.  The remaining allegations in this paragraph are denied.

22.     Defendants admit that plaintiff Couch is an African-American female who has served in the BPD since 1987, and that she had taken and passed a mandatory hair test every year that it was administered prior to the hair test that led to her suspension.  The remaining allegations of this paragraph are denied.

23.     Defendants admit that Hogan is an African-American female who served in the BPD as a cadet from 2001 to 2005, and admit that she failed to pass a mandatory hair drug test which led to her termination.  The remaining allegations of this paragraph are denied.

24.     Defendants admit that plaintiff Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO") is an association with offices in Suffolk County.  The remaining allegations of this paragraph are denied.

**Factual Allegations**

25.     Defendants admit that the mandatory hair drug test has been administered annually to all sworn personnel of the BPD as well as to certain civilian personnel, pursuant to BPD Rule 111, since 1999 – 2000.  The remaining allegations of this paragraph are denied.

26.     Denied.

27.     Defendants admit that the language quoted in this paragraph is excerpted from BPD Rule 111.

28.     Defendants admit the allegations contained in the first sentence of paragraph twenty eight.  The remaining allegations are denied.

29.     Admitted.

30.     Defendants admit that the quotation contained in paragraph thirty of the complaint is excerpted from BPD Rule 111 and that the remaining allegations generally summarize portions of the hair testing process.

31.     Defendants admit that the City contracts exclusively with Psychemedics to perform the hair drug tests.  The remaining allegations of this paragraph are denied.

32.     Defendants admit that Psychemedics conducts testing on hair samples provided by the BPD, and admits that if an employee is reported to have illegal drugs in his or her hair sample and cannot provide an explanation for the positive result, the Medical Review Officer reports the sample as positive for the presence of illegal drugs to the BPD.   Further answering, Defendants deny that they utilize any procedure for testing hair, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

33.     Defendants admit that BPD Rule 111 provides employees who test positive for illegal drugs to opt for a "Safety Net" test, at their expense.  Defendants admit that the "Safety Net" test

uses a lower cut off level for distinguishing between positive and negative results with respect to the presence of illegal drugs, and admits that the cut off level has been adjusted by Psychemedics to reflect the level of detection of illegal drugs.  Defendants admit that if an employee's Safety Net test is negative, the BPD reimburses the employee for the cost of the test.

34.    Defendants admit that if an employee tests positive for illegal drugs, the employee is offered a Settlement and Rehabilitation Agreement, which provides for a 45 day suspension without pay and completion of a Rehabilitation Program, at the employee's expense.  Defendants admit that if the employee refuses the Settlement and Rehabilitation Agreement, the employee is subject to termination.  Defendants admit that employees who are reported positive are placed on restricted duty pending completion of the Rehabilitation Program, and are subject to random urine testing for a period of three years following the positive test result (as well as the annual hair test).  Defendants admit that applicants for employment who test positive for illegal drugs are not offered employment.  The remaining allegations of this paragraph are denied.

**Problems with the Hair Test**

35.    Defendants admit that each of the plaintiffs tested positive for illegal drugs in annual and/or pre-employment hair drug testing, and that each sworn officer employee had previously tested negative in previous annual hair drug testing.   The remaining allegations of this paragraph are denied.

36.    Defendants deny the allegations contained in the final sentence of paragraph thirty six. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

37.    Defendants admit that the allegations in the first sentence of paragraph thirty seven generally describe the Settlement and Rehabilitation Agreements, but state that the Agreement

speaks for itself.  Answering further, Defendants admit that sworn officers who test positive for illegal drugs and who do not accept the Settlement and Rehabilitation Agreements are subject to termination, that two plaintiffs accepted the Agreement, and one was subsequently terminated after failing the annual hair drug test a second time.  The remaining allegations of this paragraph are denied.

38.     Denied.

39.     Defendants admit that they have a contract with one laboratory, Psychemedics, to perform all hair drug tests.  The remaining allegations of this paragraph are denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants admit that the BPD has denied that race is a factor in drug testing results. The remaining allegations of this paragraph are denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## Count I

51.     Defendants incorporate their responses to paragraphs one through fifty of the complaint herein.

52.    Defendants admit that plaintiffs are members of a protected class.  The remaining allegations of this paragraph are denied.

53.    Defendants admit that plaintiffs have satisfied the administrative prerequisites to filing suit.

54.    Denied.

55.    Denied.

56.    Denied.

## **Count II**

57.    Defendants incorporate their responses to paragraphs one through fifty six of the complaint herein.

58.    Defendants admit that plaintiffs are members of a protected class.

59.    Defendants admit that administration of the hair drug test and policy is conduct taken under color of state law.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

## **Count III**

64.    Defendants incorporate their responses to paragraphs one through sixty three of the complaint herein.

65.    Defendants admit that the administration of the hair drug test and policy is conduct taken under color of state law.

66.    Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## Count IV

70.     Defendants incorporate their responses to paragraphs one through sixty nine of the complaint herein.

71.     Defendants admit that the administration of the hair drug test and policy is conduct taken under color of state law.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## Count V

78.     Defendants incorporate their responses to paragraphs one through seventy seven of the complaint herein.

79.     Defendants admit that the administration of the hair drug test and policy is conduct taken under color of state law.

80.     Defendants admit that they are responsible for the training and supervision of BPD employees.  The remaining allegations of this paragraph are denied.

81.     Denied.

82.     Denied.



83.     Denied.

## Count VI

84.     Defendants incorporate their responses to paragraphs one through eighty three of the complaint herein.

85.     Defendants admit that plaintiffs are members of a protected class.  The remaining allegations of this paragraph are denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

## Count VII

92.     Defendants incorporate their responses to paragraphs one through ninety one of the complaint herein.

93.     Defendants admit that the administration of the hair drug test and policy is conduct taken under color of state law.

94.     Denied.

95.     Denied.

96.     Denied.

## Count VIII

97.     Defendants incorporate their responses to paragraphs one through ninety six of the complaint herein.

98.     Admitted.

99.     Denied.

100.    Denied.

## Count IX

101.     Defendants incorporate their responses to paragraphs one through one hundred of the complaint herein.

102.    Denied.

103.    Denied.

## Prayer for Relief

Defendants deny that plaintiffs are entitled to judgment as set forth in the "WHEREFORE" clause of their Amended Complaint and deny that plaintiffs are entitled to any damages or equitable relief.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

There is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of plaintiffs' constitutional rights.

### Third Affirmative Defense

At all relevant times, Defendants acted in good faith and in accord with the Constitutions and laws of the United States and the Commonwealth of Massachusetts.

## Fourth Affirmative Defense

The plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States or of the Commonwealth of Massachusetts.

## Fifth Affirmative Defense

Defendants state that the injury or damage alleged in plaintiffs' Amended Complaint was neither caused nor proximately caused by it.

## Sixth Affirmative Defense

Defendants state that punitive damages may not be assessed against the City of Boston or any subdivision thereof.

## Seventh Affirmative Defense

All actions taken by the Defendants were motivated by legitimate, non-discriminatory and non-pretextual reasons.

## Eighth Affirmative Defense

Plaintiffs, by their own acts, omissions, conduct and activities have waived and/or are estopped from asserting any claims against the City of Boston.

## Ninth Affirmative Defense

Defendants state that the exclusive method of establishing the City's drug testing program for sworn police personnel is by means of collective bargaining between the City and the unions representing such personnel, and that the City complied with all of its bargaining obligations under M.G.L. c. 150E.

### Tenth Affirmative Defense

Defendants state that they were obliged to administer the hair drug testing program pursuant to the terms of its collective bargaining agreements with the unions representing the City's sworn police personnel.

### Eleventh Affirmative Defense

Some or all of the plaintiffs' claims are barred by the statute of limitations.

### Twelfth Affirmative Defense

Without conceding that plaintiffs have suffered any damages as a result of any purportedly wrongful acts of the Defendants, Defendants state that the plaintiffs have failed to mitigate their damages.

### Thirteenth Affirmative Defense

Plaintiff MAMLEO has no standing to challenge the actions of the City, as alleged in the Amended Complaint.

### Fourteenth Affirmative Defense

To the extent plaintiffs' claims are based on allegedly disparate treatment, they fail to identify any similarly situated employees who were treated differently.

### Fifteenth Affirmative Defense

Plaintiffs' claims relating to alleged handicap or disability are not actionable because the current use of illegal drugs is not protected under state or federal disability laws or under the Massachusetts Declaration of Rights.

## Sixteenth Affirmative Defense

Plaintiffs' claims relating to alleged handicap or disability are not actionable because they are not qualified individuals with a handicap or disability within the meaning of state or federal disability laws or under the Massachusetts Declaration of Rights.

## Seventeenth Affirmative Defense

Plaintiffs' claims relating to alleged handicap or disability discrimination are not actionable because they failed to set forth a prima facie case of employment discrimination on the basis of handicap or disability.

## Eighteenth Affirmative Defense

Defendants have complied with all laws and regulations and otherwise satisfied their statutory obligations toward plaintiffs under M. G. L. c. 151B, 42 U.S.C. § 2000(e), and 42 U.S.C. § 12111.

## Nineteenth Affirmative Defense

Plaintiffs who are represented by any union representing sworn City of Boston police personnel are bound to adhere exclusively to the drug testing procedures negotiated on their behalf by their union and the City and no other procedures.

## Twentieth Affirmative Defense

Plaintiffs' claims are barred by the theory of res judicata and/or collateral estoppel.

## Twenty First Affirmative Defense

Plaintiffs have failed to exhaust their administrative remedies and/or have failed to meet jurisdictional prerequisites.

## <u>RESERVATION OF RIGHTS CLAUSE</u>

Defendants reserve their right to amend their answer and to assert any additional

affirmative defense as may become available or apparent during the course of discovery in this

case.

## <u>JURY CLAIM</u>

Defendants demand a trial by jury on all claims.

Respectfully submitted,
Defendants City of Boston,
Boston Police Department, and
Kathleen O'Toole
By their attorneys,
WILLIAM F. SINNOTT
CORPORATION COUNSEL

By:


__/s/ Mary Jo Harris_____
Mary Jo Harris, BBO # 561484
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666


_____
Helen Litsas, BBO #  644848
City of Boston Law Department
Room 615 City Hall
Boston, MA 02110
(617) 635-4023

_____
Margaret M. Buckley, BBO# 561101
Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550

Dated:  September 25, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on September 25, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing by first class mail on the same date.

_/s/  Mary Jo Harris_____

DATED:  September 25, 2006