UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL., ) | |
| ) | NO. 05-11832-GAO |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF BOSTON, ET AL., ) | |
| ) | |
| Defendants. ) | |

## JOINT STATEMENT WITH A PROPOSED DISCOVERY SCHEDULE

In accordance with their agreement at the September 11, 2006 Status Conference, the parties to the above-captioned action hereby submit the instant Joint Statement with a proposed discovery schedule.

1. <u>Two Stages of Discovery.</u>  During the September 11, 2006 Status Conference, the Court recognized that discovery should be divided into two stages, with the first stage to focus on issues applicable to all of the plaintiffs' claims and the second stage to focus on issues affecting only individual plaintiffs.  Discovery concerning the plaintiffs and their damages will be deferred until after discovery concerning issues of general applicability is completed, with a schedule to be proposed at an appropriate time in the future.  A schedule for the first stage of discovery is proposed below.

2. <u>Stage I Fact Discovery.</u>  Defendants will complete their production of documents responsive to plaintiffs' first request for production of documents by **October 20, 2006.** Defendants shall provide answers to plaintiffs' first set of interrogatories by **October 30, 2006.** All fact discovery, inclusive of depositions of fact witnesses, but exclusive of requests to admit, shall be propounded and/or noticed by **January 12, 2007**, and responded to or otherwise completed by **March 30, 2007**, unless otherwise ordered by the Court.  At this time, plaintiffs

believe that the number and type of discovery events specified in Local Rule 26.1(C) are appropriate for this case only as to the facts common to all plaintiffs. These limitations are unworkable, however, as to facts and circumstances concerning the hair drug tests that were performed on samples taken from each of the plaintiffs, as these facts and circumstances differ for each plaintiff. For example, numerous individuals are identified on documents relating to each hair drug test for each plaintiff, including individuals involved in the taking, handling, and transmission of each sample; individuals involved in the chain of custody for each sample; individuals involved in the testing of each sample; and individuals involved in recording and reporting test results. The list of involved individuals varies with each test and each plaintiff and, therefore, the number of persons with potentially relevant information is very large. Plaintiffs are prepared to work cooperatively with the defendants in crafting an efficient means of obtaining the necessary discovery but respectfully submit that the limitations on discovery events provided in Local Rule 26.1(C) are inappropriate for this case, as the Court acknowledged at the February 9, 2006 Rule 16 conference. The defendants retain, of course, the right to seek relief with respect to this discovery should they find it necessary to do so. Motions to compel regarding fact discovery shall be filed as soon as practicable, but not later than **April 13, 2007**.

3. <u>Expert Discovery</u>. All expert discovery shall be completed by **June 22, 2007**, unless otherwise ordered by the Court. Motions to compel regarding expert discovery shall be filed as soon as practicable but not later than **July 20, 2007**.

4. <u>Requests to Admit</u>. Requests to admit shall be propounded by **July 14, 2007** and responded to by **August 4, 2007**.

6. <u>Summary Judgment</u>. All motions for summary judgment shall be filed by **August 18, 2007**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding with further discovery.

Respectfully submitted,

**Plaintiffs, Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

| | |
|---|---|
| /s/ Nadine Cohen | /s/ Rheba Rutkowski |
| Nadine Cohen, BBO # 090040 | Louis A. Rodriques, BBO # 424720 |
| Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association | Rheba Rutkowski, BBO # 632799 |
| | Raquel J. Webster, BBO # 658796 |
| 294 Washington Street, Suite 443 | Robert B. Baker, BBO # 654023 |
| Boston, Massachusetts 02108 | BINGHAM McCUTCHEN LLP |
| (617) 482-1145 | 150 Federal Street |
| (617) 951-8000 | Boston, MA 02110 |

/s/ Maricia Woodham
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

**Defendants, City of Boston, Boston Police Department, and Kathleen O'Toole**

William F. Sinnott
Corporation Counsel

By their attorneys,
_____/s/ Mary Jo Harris_____
Mary Jo Harris, BBO # 561484
Speical Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666


Dated:  October 5, 2006

4