UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONNIE JONES, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF BOSTON, ET AL., )<br>)<br>Defendants. ) | C.A. No. 05-11832-GAO |

[~~PROPOSED~~] ORDER GOVERNING THE PRODUCTION AND EXCHANGE
OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties to this action, by and through their respective counsel, hereby stipulate to the following terms of an agreed order for the protection of confidential information produced by the defendants in the above-captioned case:

1. For purposes of this Confidentiality Order, "Confidential Documents" or "Confidential Information," shall mean documents, materials and information that are entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and which the Producing Party, as defined herein, designates as confidential, including, but not limited to, deposition transcripts, interrogatory responses, responses to requests for admission and documents produced during discovery. A Producing Party may designate as confidential any document or any portion of a document, and any other thing, materials, testimony, or other

information that he, she or it reasonably and in good faith believes to contain or reflect any confidential commercial or financial information or material, or other personal, proprietary or sensitive information. Such designation shall be made in the manner set forth in Paragraphs 6, 7 and 8 of this Order, or by written agreement of the Parties at any time.

2. For purposes of this Confidentiality Order, "Producing Party" means any person, whether or not a party to the Litigation, who produced Confidential Documents or Confidential Information in the course of the Litigation. All information and materials produced by the Producing Party shall be treated as Confidential and subject to this Order until expiration of the ten day period.

3. For purposes of this Confidentiality Order, the "Litigation" means the above-captioned action entitled Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade, George C. Downing, Jr., Clarise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers v. City of Boston, Boston Police Department, and Kathleen O'Toole as she is Commissioner of the Boston Police Department, Civil Action No. 05-11832-GAO (Judge George O'Toole), United States District Court for the District of Massachusetts.

4. For purposes of this Confidentiality Order, "Party" or "Parties" means the plaintiffs Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade, George C. Downing, Jr., Clarise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers and the defendants City of Boston, Boston

Police Department, and Kathleen O'Toole as she is Commissioner of the Boston Police Department in the Litigation.

5. For purposes of this Confidentiality Order, "Order" means this Stipulation and Order Governing the Production and Exchange of Confidential Information.

6. Documents. A Producing Party shall designate any document, tangible thing, interrogatory response or response to request for admission as Confidential Information by stamping or otherwise marking such documents, tangible things, interrogatory responses or responses to requests for admission "Confidential." Except as provided for in Paragraph 16, below, the designation of any document, tangible thing, interrogatory response or response to request for admission as Confidential shall be made at the time the document or tangible thing is produced or the interrogatory response or response to request for admission is given.

7. Deposition Testimony. A Party shall designate in good faith deposition testimony or portions thereof, including exhibits, as Confidential Information by means of a statement by counsel or the witness or other authorized counsel at the time of the giving of testimony, or by written notice by said counsel to all Parties within thirty (30) days of receipt of the transcript, designating which portion(s) of the transcript and which exhibit(s) are being designated as Confidential Information. If a party believes that Confidential Information may be disclosed during the course of the deposition, the party disclosing the information shall cause the court reporter to place the legend "Contains Confidential Information" on the front page of the transcript. However, within thirty (30) days of receipt of the transcript, the party shall in good faith re-designate the transcript in order to indicate the specific

portion(s) and/or exhibit(s) of the transcript which are to be designated as confidential. If designation is made during the thirty-day period after receipt of the transcript, all Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the "Contains Confidential Information" legend on the front cover of the transcript and each copy thereof, and the "Confidential" legend on each portion and/or exhibit so designated, and on each copy thereof.

8. Court Filings. Before filing any pleadings or other documents which contain Confidential Documents or Confidential Information, the parties shall confer and agree on redactions that would permit the filing of the pleadings or other documents in open court. If the parties are unable to agree on such redactions, the Producing Party(ies) shall move, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.2, for a court order permitting such pleadings or other documents to be filed under seal. No pleadings or other documents which contain Confidential Documents or Confidential Information shall be filed prior to the Court's ruling on that motion. In its consideration of whether any pleadings or documents may be filed under seal the Court is not bound by the designation of any material as "Confidential" any and such designation shall not create any presumption that documents so designated are entitled to confidential treatment pursuant to Federal Rule of Civil Procedure 26(c). If the Court determines that the Confidential Documents or Confidential Information are not entitled to confidential treatment pursuant to Federal Rule of Civil Procedure 26(c), and/or does not permit the pleadings or other documents which contain such Confidential

Information to be filed under seal, the parties may then file those pleadings or other documents in open court.

9. The Confidential Documents or Confidential Information or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) Counsel for the Parties to the Litigation, including clerical, secretarial and paralegal staff, and outside services (including copy services, litigation consulting services, document management services, and graphics services) employed by such counsel;

(b) Any Party, or legally authorized Representatives of named Parties assisting in the prosecution or defense of the Litigation;

(c) The Court and its support personnel (in the manner provided by paragraph 8 hereof);

(d) Any special master appointed by the Court;

(e) Court reporters and persons operating video recording equipment at depositions;

(f) Experts, outside consultants and investigators, including the staff of such experts, consultants or investigators retained for the purpose of assisting counsel in the Litigation;

(g) Any persons who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness") provided that such Potential Witness shall be shown only such Confidential Documents or Confidential Information as counsel shall

reasonably deem necessary to allow for full and fair exploration and presentation of information possessed by the Potential Witness;

 (h) Any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court; and

 (i) Any other person the Producing Party agrees to in writing.

10. Prior to providing Confidential Information to any person described in Subparagraphs 9(f) and/or 9(g) above (including a non-party deponent's attorney): (i) counsel for the Party providing the Confidential Information shall inform the person of the terms of this Order and the obligation to comply with those terms; (ii) each such person who is given access to Confidential Information shall be given a copy of this Order; and (iii) each such person who is given access to Confidential Information shall sign a copy of the Consent to Terms of Confidential Order, the form of which is attached to this Order. The counsel of record who imparts such Confidential Information shall retain copies of the signed Consent to Terms of Confidentiality Order. Persons to whom disclosure of Confidential Information is made under this Order shall use such information exclusively for preparation and trial of the Litigation (including appeals and retrials) and shall not use it for any other purpose including, but not limited to, business, governmental, media, commercial, or administrative or judicial proceedings.

11. The Confidential Documents or Confidential Information shall not be disclosed to persons other than Qualified Persons. However, nothing contained herein shall prevent any party from disclosing its own Confidential Documents or

Confidential Information it deems appropriate, and any disclosure by any party of its own Confidential Documents or Confidential Information shall not be a waiver of the provisions contained herein.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in this Litigation.

13. Nothing in this Order shall be construed to affect in any way the admissibility of any document, deposition testimony or other evidence at trial of this action. Nothing in this Order shall constitute a waiver of any claim or privilege or other protection from discovery.

14. If information designated pursuant to this Confidentiality Order is disclosed to any person other than in the manner authorized by this Confidentiality Order, the Party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating Party, without prejudice to the other rights and remedies of the designating Party, and shall cooperate in the retrieval of such information and shall make every effort to prevent further improper disclosure.

15. Nothing in this Order shall create any presumption that the Confidential Information does or does not constitute or contain confidential, proprietary or other sensitive information or material. Any Party may challenge the designation by another Party of any information or material as Confidential Information. The objecting Party shall object, in writing, to the specific designations with which it takes exception ("Challenged Designated Information") providing the basis for

the objection(s), and identifying the purpose for which it seeks to use the Challenged Designated Information and the individuals or entities to whom it seeks to disclose the Challenged Designated Information. The objecting Party shall continue to treat the Challenged Designated Information as Confidential Information for a period of 10 days from the date of the written objection. If the Parties are then unable to resolve the objection, the designating Party may file a motion with the Court requesting a ruling that the subject information or material should be treating as Confidential Information, and bear the burden of establishing that a protective order concerning such documents or information is appropriate. *See Anderson v. Cryovac*, 805 F.2d 1 (1st Cir. 1986). Upon filing of such motion, the Challenged Designated Information or material shall be treated as Confidential Information unless and until the Court enters an order to the contrary. If the designating Party fails to serve such a motion within 10 days after the date of the written objection, the Challenged Designated Information shall no longer be treated as Confidential Information beginning on the eleventh day after the date of the written objection.

16. A Producing Party that inadvertently fails to designate its material as Confidential may so designate it promptly after discovering the error. The Producing Party shall provide replacement copies bearing the "Confidential" designation or provide a list of Bates numbers of those documents, designated as "Confidential." In that event, from that time forward, the provisions of this Order shall apply to the newly designated material, and the receiving party shall make reasonable efforts to retrieve the material from any non-Qualified Person to whom it was

previously disseminated, but shall have no other responsibility or obligation with respect to any prior dissemination. Any party may thereafter challenge the appropriateness of the confidentiality designation in accordance with paragraph 15 hereof, but the inadvertent production without the confidentiality designation shall not constitute waiver of any claim of confidentiality.

17. Any Party may waive a previously made Confidential designation by informing all other Parties of the waiver in writing, and this Order shall no longer apply to such material.

18. If Confidential Documents or Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall promptly give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the Producing Party prior to the time when production of the information is requested by subpoena. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith, however, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Documents or Confidential Information prior to receiving a court order or the consent of the Producing Party.

19. Unless otherwise ordered, the provisions of this Order shall not terminate at the conclusion of this Litigation, whether by dismissal, final judgment, completion of appeal, or settlement, and shall continue in full force and effect thereafter. This

Court will retain jurisdiction after the termination of the Litigation to enforce the terms of the Order.

20. After final conclusion of all aspects of this Litigation, documents and information designated as confidential, and all copies of same (other than exhibits of record), shall be returned to the Producing Party at the request and expense of the Producing Party, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information. Such retained copies will remain subject to the restrictions herein.

21  Each party shall maintain Confidential Documents in secure and safe offices.

22. This Order shall be applicable to any third-party witnesses who agree in writing to be subject to the terms of this Order.

23. Nothing in the foregoing shall control or govern the use of evidence at trial.

24. This Order may be modified only by a writing executed by the parties and approved by the Court. No term of this Order shall be waived except by means of a writing.

Respectfully submitted,

PLAINTIFFS RONNIE JONES et al.,
By their attorneys:

_____
Louis A. Rodriques, BBO # 424720
Rheba Rutkowski, BBO # 632799
Raquel J. Webster, BBO # 658796
Robert B. Baker, BBO # 654023
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

DATED: 11/21/2006

DEFENDANTS CITY OF BOSTON et al.,
By their attorneys:

_____
Mary Jo Harris, BBO# 561484
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109

DATED: 12/13/06

SO ORDERED:

_____
Honorable George A. O'Toole
United States District Judge

DATED: 1/08/07

-11-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONNIE JONES, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF BOSTON, ET AL., )<br>)<br>Defendants. ) | C.A. No. 05-11832-GAO |

### CONSENT TO TERMS OF CONFIDENTIALITY ORDER

I, the undersigned, whose assistance is required in the preparation or trial of this action, have read the annexed Order, dated _____, 20__, and understand its contents and hereby agree to comply therewith. In addition, the undersigned agrees not to use such Confidential Documents or Confidential Information for any purpose other than preparing for or conducting this Litigation.

At the conclusion of the Litigation, all Confidential Documents or Confidential Information and all copies of same shall be promptly returned to the Producing Party or destroyed by the undersigned.

- 2 -

I consent to the jurisdiction of the United States District Court for the District of Massachusetts (with venue in Boston, Massachusetts) for the purposes of enforcement of the Order.

Signature: _____

Printed Full Name: _____

Address: _____
_____
_____

Date: _____