UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONNIE JONES, ET AL., ) | |
| ) | NO. 05-11832-GAO |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF BOSTON, ET AL., ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiffs Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers, (together referred to herein as the "plaintiffs") and defendants City of Boston, Boston Police Department, and Edward Davis (together referred to herein as the "defendants") hereby move, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, for the court to adopt the revised, proposed discovery schedule set forth below.

**Background**

1. On October 5, 2006, the parties filed the Joint Statement With A Proposed Discovery Schedule ("October 5, 2006 Joint Statement"). The October 5, 2006 Joint Statement defined the stages of discovery that the parties had discussed in two earlier Rule 16 status conferences with the Court. Specifically, the October 5, 2006 Joint Statement states: "Two Stages of Discovery. During the September 11, 2006 Status Conference, the Court recognized that discovery should be divided into two stages, with the first stage to focus on issues applicable to all of the plaintiffs' claims and the second stage to focus on issues affecting only individual plaintiffs. Discovery concerning the plaintiffs and their damages will be deferred until after discovery concerning issues of general applicability is completed, with a schedule to be proposed

at an appropriate time in the future. . ."

2. On February 7, 2007, the Court adopted the Revised, Joint Statement With a Proposed Discovery Scheduled submitted by the parties on January 18, 2007 ("January 18, 2007 Joint Statement"). The January 18, 2007 Joint Statement provided, among other things, that Stage I fact discovery shall be responded to or otherwise completed by May 31, 2007, and all expert discovery shall be completed by August 31, 2007, unless otherwise ordered by the Court.

3. To date, the plaintiffs have deposed nine of the defendants' current or former employees. The parties are working together to schedule six additional depositions of defendants' employees. Three of these depositions have been scheduled for the week of June 4, 2007. The parties anticipate completing the other three depositions by June 30, 2007. Plaintiffs may seek to take additional Stage I fact discovery depositions other than the six depositions that the parties are working together to schedule, but plaintiffs do not anticipate the need for additional time beyond July 13, 2007 to complete all Stage I fact discovery depositions.

4. To prepare for expert discovery, plaintiffs have propounded a document request to defendants concerning the hair test results for all of defendants' employees who have tested positive on the hair test. Defendants have objected to this request, and the parties have been unable to resolve the dispute. Plaintiffs anticipate filing a motion to compel these documents no later than June 12, 2007.

5. To prepare for expert discovery, plaintiffs caused a subpoena to be issued to Psychemedics Corporation ("Psychemedics"), the company defendants contract with to perform the hair test. Plaintiffs and Psychemedics are still working together to resolve several of plaintiffs' document requests propounded by the subpoena. However, Psychemedics has refused to produce its Standard Operating Procedures. Consequently, on May 15, 2007, plaintiffs filed a motion with this Court to compel Psychemedics's Standard Operating Procedures. On May 29, 2007, plaintiffs and defendants assented to Psychemedics's motion for an additional week (until June 5, 2007) to respond to plaintiffs' motion to compel. Plaintiffs have reserved their rights to file another motion to compel in the event that case plaintiffs are unable to resolve the other

outstanding issues concerning their subpoena to Psychemedics.

## Proposed Amendments to Scheduling Order

6.      The proposed revised deadlines for Stage I Fact Discovery shall be inclusive of documents produced by Psychemedics in response to plaintiffs' subpoena, but exclusive of depositions of Psychemedics's witnesses. The time-frame for completing the depositions of Psychemedics's witnesses will be covered in a separate discovery schedule for Stage I expert discovery to be submitted at the conclusion of Stage I fact discovery. The time-frame for Stage I expert discovery will also apply to the depositions of Drs. Eleanor Gilbert and Benjamin Hoffman.

7.      To provide adequate time to complete Stage I fact discovery, the parties request that the Court adopt a revised discovery schedule providing that all Stage I Fact Discovery shall be responded to or otherwise completed by **July 13, 2007**. Motions to compel regarding Stage I Fact Discovery shall be filed as soon as practicable, but not later than **July 20, 2007**.

8.      <u>Expert Discovery, Requests to Admit, and Summary Judgment</u>. The schedule for the remainder of Stage I discovery depends on the timeline for completing Stage I fact discovery, which depends, in part, on the resolution of motions to compel fact discovery. Therefore, the parties will submit another Joint Statement with a schedule for completion of expert discovery after the Court's ruling on the last motion to compel Stage I fact discovery. At the conclusion of Stage I fact discovery, the parties anticipate that it will take approximately four months to complete Stage I expert discovery.[1] After Stage I expert discovery is completed, the parties anticipate the need for an additional month to propound and respond to requests to admit. Finally, the parties anticipate scheduling a deadline to file motions for summary judgment approximately two weeks after the deadline for requests to admit. Each party would then have 30 days to file an opposition to any such motion, and the other party would then have 21 days to

---

[1] The parties are aware of the possibility of scheduling difficulties that they cannot anticipate now, but will endeavor to complete expert discovery in a timely way.

file any reply memorandum. The Court will rule on any such motions prior to the parties proceeding with Stage II discovery.

WHEREFORE --- the parties request that court adopt a revised discovery schedule that provides as follows:

1) All Stage I Fact Discovery (as defined above and by the October 5, 2006 Joint Statement) shall be responded to or otherwise completed by **July 13, 2007**.

2) Motions to compel regarding Stage I Fact Discovery shall be filed as soon as practicable, but not later than **July 20, 2007**.

Respectfully submitted,

**Plaintiffs, Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

| /s/ Nadine Cohen | /s/ Robert Baker |
|---|---|
| Nadine Cohen, BBO # 090040 | Louis A. Rodriques, BBO # 424720 |
| Lawyers' Committee for Civil Rights  Under Law of the Boston Bar Association | Rheba Rutkowski, BBO # 632799 |
| | Raquel J. Webster, BBO # 658796 |
| 294 Washington Street, Suite 443 | Robert B. Baker, BBO # 654023 |
| Boston, Massachusetts 02108 | BINGHAM McCUTCHEN LLP |
| (617) 482-1145 | 150 Federal Street |
| (617) 951-8000 | Boston, MA 02110 |

/s/ Maricia Woodham
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

**Defendants, City of Boston, Boston Police Department, and Edward Davis**

William F. Sinnott
Corporation Counsel

By their attorneys,
    /s/ Mary Jo Harris
Mary Jo Harris, BBO # 561484
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666


Dated: May 31, 2007