UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RONNIE JONES, ET AL.,**  Plaintiffs,<br><br>v.<br><br>**CITY OF BOSTON, ET AL.,**  Defendants. | CIVIL ACTION<br>NO. 05-11832-GAO<br><br>**HEARING REQUESTED** |

### PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE POSITIVE HAIR TEST RESULTS AND E-MAILS RESPONSIVE TO PLAINTIFFS' DOCUMENT REQUESTS

Plaintiffs Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers, (together referred to herein as the "plaintiffs") hereby move, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, for an Order compelling defendants to produce the e-mail communications responsive to plaintiffs' document requests and the Hair Test results for all officers who have tested positive on the Hair Test. The grounds for this motion are set forth in the accompanying memorandum of law, and a proposed Order is attached hereto as Exhibit A.

Further, because defendants have never articulated any good faith basis for continuing to withhold these highly relevant documents following extensive correspondence from plaintiffs' counsel concerning the basis of plaintiffs' requests and defendants' conclusory objections, defendants should be ordered to pay the plaintiffs' costs, including attorneys' fees, incurred in bringing this Motion, in an amount to be determined upon submission of an affidavit setting forth such costs.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), plaintiffs respectfully request a hearing on this motion.

## CERTIFICATION PURSUANT TO RULE 7.1(A)(2)

I, Robert B. Baker, counsel for the plaintiffs, hereby certify pursuant to Local Rule 7.1(A)(2) that I conferred with counsel for defendants, prior to filing this motion in an attempt to resolve the issues in dispute, and that we were unable fully and completely to resolve our disagreement.

Respectfully submitted,

**Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

/s/ Robert B. Baker
Louis A. Rodriques, BBO # 424720
Rheba Rutkowski, BBO # 632799
Raquel J. Webster, BBO # 658796
Robert B. Baker, BBO # 654023
Eric A. Heining, BBO # 664900
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Nadine Cohen, BBO # 090040
Lawyers' Committee for Civil Rights
 Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Boston, Massachusetts 02108
(617) 482-1145

Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.

|  |  |
|---|---|
| Dated June 11, 2007 | Hillwood Office Center<br>2800 Zelda Road; Ste. 100-5<br>Montgomery, AL 36106<br>(334) 271-2770 |

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on June 11, 2007, a true copy of the above document was served upon the attorney of record for each other party electronically via the ECF/CM.

/s/ Robert B. Baker

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RONNIE JONES, ET AL.,** | ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | CIVIL ACTION |
| **CITY OF BOSTON, ET AL.,** | ) ) | NO. 05-11832-GAO |
| **Defendants.** | ) ) ) ) | |

**[PROPOSED] ORDER ON THE PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE POSITIVE HAIR TEST RESULTS AND E-MAILS RESPONSIVE TO PLAINTIFFS' DOCUMENT REQUESTS**

Upon plaintiffs' Motion to Compel defendants to produce the e-mail communications responsive to plaintiffs' document requests and the Hair Test results for all officers who have tested positive on the Hair Test, IT IS HEREBY ORDERED that:

1.  The plaintiffs' motion is granted.

2.  Defendants shall produce all positive test results from the defendants' mandatory drug test performed on hair samples (the "Hair Test") since the inception of the Hair Test. These include records showing: a) whether each of the officers who have tested positive on the Hair Test took both an initial Hair Test and a safety-net test; b) whether the officers reflected who have tested positive on the Hair Test received both a positive and a negative safety-net test; c) the date hair samples were collected for the initial Hair Test, and, if applicable, a safety-net test; d) the date hair samples were tested for the initial Hair Test, and, if applicable, a safety-net test; e) the amount of drug that Psychemedics detected in both the initial Hair Test, and, if applicable, a safety-net test; f) whether head, nape, or body hair was used for the initial Hair

Test, and, if applicable, the safety-net test; g) whether Psychemedics reported that it received the hair sample with the chain of custody intact; h) whether Psychemedics or the Medical Review Officer reported any caveats (e.g., variable dormancy period) based on the type of hair (head, nape, body, etc…) collected for the hair test; and i) the confirmation cutoff level used by Psychemedics in determining that the Hair Test was positive.

3.  Defendants shall produce .pst files containing all e-mails for any of defendants' current or former employees identified in defendants' initial disclosures, any of defendants' current or former employees identified in defendants' responses to plaintiffs' first set of interrogatories, and any of defendants' current or former employees covered by plaintiffs' deposition notices that include a reference in the e-mail or an e-mail attached to any of the following: the last names of all of the individual plaintiffs, MAMLEO, hair, urine, specimen, test, testing, drug, race, racial, bias, color, Psychemedics, the last name of all Psychemedics representatives who have communicated with anyone employed by defendants or defendants' Medical Review Officer, Psychemedics' e-mail addresses, the current and former corporate names of Defendants' Medical Review Officer, the last names of all employees of defendants' Medical Review Officer, and the last names of anyone defendants' have ever consulted with concerning the hair test (e.g. Dr. Carl M. Selavka). Finally, to the extent defendants have communicated with any third-party concerning the hair test (e.g. the M.R.O., Psychemedics, Dr. Selavka, etc…), the defendants shall produce all non-privileged e-mails to or from these individuals that are responsive to plaintiffs' document requests regardless of search terms.

4.  Defendants shall confirm whether and when defendants placed any litigation holds on documents concerning the Hair Test, along with a complete description thereof.

5.     Defendants shall pay the plaintiffs' costs, including attorneys' fees, incurred in bringing their motion, in an amount to be determined upon submission of an appropriate affidavit setting forth such costs within ten days of the date of this Order.

                                        SO ORDERED.

                                        _____

                                        The Honorable George A. O'Toole

                                        United States District Judge

Dated: _____, 2007