UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RONNIE JONES, ET AL.,**<br>　　　　　　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**CITY OF BOSTON, ET AL.,**<br><br>　　　　　　　　　**Defendants.** | CIVIL ACTION<br>NO. 05-11832-GAO<br><br>**HEARING REQUESTED** |

**PLAINTIFFS' MOTION TO COMPEL PSYCHEMEDICS CORPORATION
TO PRODUCE DOCUMENTS**

Plaintiffs Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers, (together referred to herein as the "plaintiffs") hereby move, pursuant to Rules 26, 37 and 45 of the Federal Rules of Civil Procedure, for an Order compelling Psychemedics Corporation ("Psychemedics") to produce documents requested through document requests 1-4, 11-17, 21-24, 26, 29-33, 36-41 of plaintiffs' subpoena to Psychemedics. The grounds for this motion are set forth in the accompanying memorandum of law, and a proposed Order is attached hereto as Exhibit A.

Further, because Psychemedics has no good faith basis for continuing to withhold the requested documents, many of which it agreed to produce more than four months ago, Psychemedics should be ordered to pay the plaintiffs' costs, including attorneys' fees, incurred in bringing this Motion, in an amount to be determined upon submission of an affidavit setting forth such costs.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), plaintiffs respectfully request a hearing on this motion.

**CERTIFICATION PURSUANT TO RULE 7.1(A)(2)**

I, Robert B. Baker, counsel for the plaintiffs, hereby certify pursuant to Local Rule 7.1(A)(2) that I conferred with J. Allen Holland, Jr., counsel for Psychemedics, prior to filing this motion in an attempt to resolve the issues in dispute, and that we were unable fully and completely to resolve our disagreement.

Respectfully submitted,

**Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

/s/ Robert B. Baker
Louis A. Rodriques, BBO # 424720
Rheba Rutkowski, BBO # 632799
Raquel J. Webster, BBO # 658796
Robert B. Baker, BBO # 654023
Eric A. Heining, BBO # 664900
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Nadine Cohen, BBO # 090040
Lawyers' Committee for Civil Rights
 Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Boston, Massachusetts 02108
(617) 482-1145

Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.

|  |  |
|---|---|
| Dated August 17, 2007 | Hillwood Office Center<br>2800 Zelda Road; Ste. 100-5<br>Montgomery, AL 36106<br>(334) 271-2770 |

## CERTIFICATE OF SERVICE

     I hereby certify that, on August 17, 2007, a true copy of the above document was served upon the attorney of record for each other party by first class mail and electronically via the ECF/CM. In addition, I hereby certify that, on August 17, 2007, a true copy of the above document was served upon counsel for Psychemedics, J. Allen Holland, Jr., by U.S Mail and via ECF/CM.

                                /s/ Robert B. Baker

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL.,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, ET AL.,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 05-11832-GAO |

**[PROPOSED] ORDER ON THE PLAINTIFFS' MOTION TO COMPEL PSYCHEMEDICS CORPORATION TO PRODUCE DOCUMENTS**

Upon plaintiffs' Motion to Compel Psychemedics Corporation ("Psychemedics") to produce documents requested through document requests 1-4, 11-17, 21-24, 26, 29-33, 36-41 of plaintiffs' subpoena to Psychemedics, and all other papers and proceedings herein:

IT IS HEREBY ORDERED that:

1. The plaintiffs' motion is granted; and

2. Psychemedics shall produce the following documents in response to document requests 1-4, 11-17, 21-24, 26, 29-33, 36-41 of the plaintiffs' November 3, 2006 subpoena to plaintiffs and defendants:

> Request 1:  All of Psychemedics' contracts with the defendants; All communications related to Psychemedics' contracts with the defendants; Any communications with the defendants; Any documents summarizing the total number of tests Psychemedics has performed for the BPD; and All documents and communications concerning any contract, agreement, or other document concerning the terms of the relationships between Psychemedics and the defendants, including but not limited to documents concerning the negotiation, drafting, or performance of such contracts, agreements, or other documents.
>
> Request 2:  All documents and communications between Psychemedics and any present or former agents, servants, employees, attorneys, consultants of

A/72165346.1                                1

the Department of Health and Human Services or the Substance Abuse and Mental Health Services Administration, including, but not limited to, all documents and communications between Psychemedics and Robert Stephenson.

<u>Request 3</u>:   All marketing materials concerning Psychemedics' Hair Test that Psychemedics has sent to the defendants.

<u>Request 4</u>:   All documents and communications concerning the individually named plaintiffs.

<u>Request 11</u>:   All documents and communications concerning Psychemedics' funding of, sponsorship of, or other contribution to any study concerning the scientific validity of testing hair to detect drugs of abuse, including, but not limited to, documents and communications concerning Psychemedics' funding of, sponsorship of, or other contribution to any study concerning whether the testing of hair to detect drugs of abuse, including cocaine, depends on the race of the person tested and/or his or her hair color or hair texture. The time period for this request is January 1, 1994 to the present.

<u>Request 12</u>:   All documents and communications concerning Psychemedics' funding of any organization or entity that concerns itself with the testing of hair to detect drugs of abuse, including cocaine. The time period for this request is January 1, 1994 to the present.

<u>Request 13</u>:   All documents and communications concerning Psychemedics' funding of travel and expenses for any university professor or other scholar to attend a conference concerning the testing of hair to detect drugs of abuse, including cocaine. The time period for this request is January 1, 1994 to the present.

<u>Request 14</u>:   All documents concerning Psychemedics' funding of any scientific journals. The time period for this request is January 1, 1994 to the present.

<u>Requests 15-17</u>:   All of Psychemedics' licenses and certifications.

<u>Request 21</u>:   All documents concerning Psychemedics' participation in any study sponsored or administered by the Society For Hair Testing, the Substance Abuse and Mental Health Services Administration, or RTI International, including, but not limited to, the results of any such study.

<u>Request 22</u>:   All documents and communications concerning any contract, agreement, or other document concerning the terms of the relationships between Psychemedics and the Defendants, including but not limited to documents concerning the negotiation, drafting, or performance of such contracts, agreements, or other documents.

<u>Request 23</u>:   Samples, if any, of Hair Specimens taken from each of the Plaintiffs sufficient in size to allow for independent DNA testing by another laboratory to be performed on the samples produced.

<u>Request 24</u>:   All documents sufficient to identify the particular facilities and persons involved in the Hair Tests performed on samples taken from the

Plaintiffs, including the location of sampling, storage, and testing facilities; the names, affiliations, employment status, and whereabouts of all persons who collected, handled, transmitted, tested, processed, prepared, or analyzed plaintiffs' Hair Specimens, and all persons who were involved in record-keeping, data collection, analysis, interpretation or reporting of test results.

Request 26: All documents and communications concerning Psychemedics' status as a certified laboratory to perform hair testing as described in Rule 111, Appendix D of Defendants' Substance Abuse Policy.

Request 29: To the extent Psychemedics has ever provided such documents to the defendants, all documents and communications concerning the cut-off levels for cocaine for the initial hair test. The time period for this request is January 1, 1994 to the present.

Request 30: To the extent Psychemedics has ever provided such documents to the defendants, all documents and communications concerning the determination of and any changes made to the cut-off levels for cocaine applicable to the Hair Test, including the Safety Net Test, where "cut-off levels" means the value at which a result of the Hair Test is reported as positive for the presence of illegal drugs and below which a result is reported as negative for the presence of illegal drugs. The time period for this request is January 1, 1994 to the present.

Request 31: All documents and communications that concern whether Psychemedics' Hair Testing has a racial, hair texture, or hair color bias, including documents and communications concerning whether the likelihood of a positive test result is correlated with a person's race, hair texture, or hair color.

Request 32: All documents and communications that concern whether Psychemedics' Hair Testing is affected by a person's passive exposure to drugs of abuse, including cocaine.

Request 33: A statement in writing confirming that Psychemedics does not collect aggregate data concerning hair color, hair texture, and race for those individuals it has conducted the Hair Test.

Request 36: Any documents summarizing the total number of tests Psychemedics has performed for the BPD.

Request 37: A statement in writing confirming that Psychemedics does not collect aggregate data concerning hair color, hair texture, and race for those individuals it has conducted the Hair Test.

Request 38: All documents and communications concerning any instance in which a Hair Test reported as positive for one or more illegal drugs was deemed to be erroneous or inconclusive as to the question whether the person had actually ingested any illegal drug, including cocaine.

Request 39: All documents and communications that concern whether contamination, passive exposure, bias of any kind, sample handling, record keeping, interpretation, or any other factors or phenomena do affect or might

affect the results of Psychemedics' Hair Testing or the accurate, objective, neutral, and unbiased reporting Psychemedics' Hair Testing results, including all documents and communications concerning any presentation, discussion, analysis, assessment, or evaluation of potential or actual bias or disparate impact, based upon race or any other factor, related to Psychemedics' Hair Testing and all documents and communications concerning any discussion, analysis, assessment, or evaluation of alternative drug testing methods with less potential or actual bias or disparate impact that that associated with or related to Psychemedics' Hair Testing.

<u>Request 40</u>: All documents and communications that concern the accuracy and reliability – or lack thereof – of all aspects of Psychemedics' Hair Testing, including the standards, methods, procedures, and criteria to be applied in the collection, transmission, storage, and testing of the samples; the analysis interpretations, confirmation, and reporting of the test results; and the retention of samples and records after Psychemedics' Hair Testing results are reported to the Defendants.

<u>Request 41</u>: All documents and communications that concern complaints, grievances, petitions, or lawsuits concerning the Hair Test, hair drug testing in general, or Psychemedics' Hair Testing.

3. Psychemedics shall have until _____ to produce the documents described in paragraph 2.

4. Psychemedics shall pay the plaintiffs' costs, including attorneys' fees, incurred in bringing their motion, in an amount to be determined upon submission of an appropriate affidavit setting forth such costs within ten days of the date of this Order.

SO ORDERED.

_____
The Honorable George A. O'Toole
United States District Judge

Dated: _____, 2007

A/72165346.1                                         4