UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  05-CV-11832-GAO

_____

RONNIE JONES, RICHARD BECKERS,      )
WALTER R. WASHINGTON, WILLIAM      )
E. BRIDGEFORTH, SHAWN N. HARRIS,  )
EUGENE WADE, GEORGE                        )
C. DOWNING, JR., CLARARISE              )
BRISTOW, and the MASSACHUSETTS     )
ASSOCIATION OF MINORITY LAW         )
ENFORCEMENT OFFICERS,                     )
                                                                  )
            Plaintiffs                                      )
vs.                                                              )
                                                                  )
CITY OF BOSTON, BOSTON POLICE        )
DEPARTMENT, and KATHLEEN              )
O'TOOLE,  as she is Police Commissioner   )
for the Boston Police Department,              )
                                                                  )
            Defendants                                     )
_____)

## DEFENDANT CITY OF BOSTON'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST PSYCHEMEDICS CORPORATION

I.      BACKGROUND

        This case is based on claims made by individual officers and MAMLEO, an

organization "represent[ing] the interests of all BPD law enforcement personnel and

applicants of color" (First Amended and Supplemental Complaint, ¶ 24).  Plaintiffs allege

that the hair testing program in place at the BPD is "flawed" and results in "racially

biased" results, and is unlawful because it has a disparate impact on officers and

candidates of color, used despite the availability of alternative testing methods and

procedures, and constitutes discrimination.  (First Amended and Supplemental

Complaint, ¶ ¶ 1, 2).

Plaintiffs specifically attack the validity of the hair test that is performed by Psychemedics Corporation, the laboratory that performs the hair drug test under contract with the City. See Plaintiffs' Memorandum in Support of Plaintiff's Motion to Compel, docket number 60, at page 2: "Psychemedics's flawed, imprecise, unreliable, arbitrary, and racially biased drug test performed on hair samples (the "Hair Test") is at the heart of this civil rights action…"

Currently, the Plaintiffs' Motion to Compel Psychemedics to produce its standard operating procedures is pending before the Court. The Court has scheduled a hearing on the pending discovery motions, including all motions to compel, for October 24, 2007.

By agreement, the Court and the parties have divided the discovery events of the case into roughly two stages, the first dealing with issues impacting the claims common to all plaintiffs, and the issues peculiar to each plaintiff during the second. In so doing, the Court directed that the litigation was primarily concerned with the accuracy and validity of the hair drug test. See Electronic Clerk's Notes for proceedings held before Judge George A. O'Toole Jr., entered on the docket on February 9, 2006:

> The court sets a status conference to take the temperature of the case as counsel proceed along with the idea being primarily to the science but to the extent that that requires knowing what happened to single people, aspects of reliability and so on.

To date, none of the discovery conducted has involved the science of hair drug testing, and the parties have agreed that all expert discovery will be commenced only after the Court has ruled on the pending motions to compel. See Docket Number 44.

The City and Psychemedics are parties to a contract for the provision of hair drug testing services. The contract contains an Amendment to the City's standard contract that sets forth express indemnification provisions, in pertinent part as follows:

2

> 7.2    The Contractor shall bear all loss resulting <u>from the Contractor's wrongful or negligent acts or omissions</u> before performance of services is completed and after performance of services if the service or work product fails to conform to specifications.
> ….
> 7.3    The Contractor shall assume the defense of and hold the City, its officers, agents or  employees, harmless from all suits and claims against them or any of them arising from any <u>wrongful or negligent</u> act or omission of the Contractor, its agents or  employees, in any way connected with performance under this Contract.
> …

Contract  99-2807 (1998 – 1999) attached hereto as Exhibit A[1].

The City seeks leave, pursuant to Rule 14(a), to file a Third Party complaint against Psychemedics for indemnification and contribution.  A copy of the proposed complaint is attached as Exhibit B.

II.    <u>ARGUMENT</u>

A.    <u>Standard Of Review</u>

Federal Rules of Civil Procedure, Rule 14(a), provides that "At any time after the commencement of an action the defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or who may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  If the third-party seeks to file the third-party claim more than ten days after serving the original answer, the party must obtain leave of court upon notice to all parties to the action before so filing.  F.R.Civ.P. Rule 14(a).  Whether to allow that leave is a matter of discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings.  *Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 393 (1st Cir. 1999).  Among the factors to be considered by the district court is

---

[1] The successor, annual contracts contain the same language, and are not reproduced herein since the substance of the contract is unchanged.

the merit or substance of the third party complaint.  *Davis et al. v. Protection One Alarm Monitoring, Inc.,* 2005 WL 3728711 (D.Mass.)

      1.      The Proposed Third Party Complaint is Meritorious

As is clear in this case, the "heart" of the action is whether the testing procedures used by Psychemedics are reliable.  The City's liability to the Plaintiffs, if any, will only stem from a finding that Psychemedics's procedures are, as Plaintiffs claim, flawed or unreliable.

Pursuant to the contract between the City and Psychemedics, Psychemedics has expressly contracted to indemnify the City for any loss occasioned by its wrongful acts, omissions, or negligence.  Thus, should there be a finding that Psychemedics protocols are insufficient in any respect, and should damages be charged against the City as a result,  Psychemedics is contractually obliged to protect the City from those damages.

Similarly, by statute, "whenever two or  more persons are jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them." G.L. c. 231B § 1(a).  According to the interpretation by the Supreme Judicial Court, "the language of this statute requires that the potential contributor be directly liable to the plaintiff."  *Liberty Mutual Ins. Co. v. Westerlind*, 374 Mass. 524, 526 (1978).  Because the basis of liability, if any, against the City would be only occasioned by a failure of Psychemedics's testing procedures, Psychemedics is potentially directly liable to the Plaintiffs in this case.

      2.      Allowance Of The Third-Party Complaint Will Not Cause Prejudice or Delay

Although fact discovery has been conducted by the parties, it is undisputed that all discovery related to the Psychemedics protocols and the science of hair testing, in general, has not yet commenced.  Discovery in fact has been limited to Plaintiffs'

4

examination of the various City officials who have been involved in the decision to implement hair drug testing, in union negotiations, and in the imposition of discipline upon notification of a positive test result.  None of these discovery events touch upon the potential liability of Psychemedics, and it cannot claim any prejudice for not having appeared as a party defendant in the fact discovery  component of this litigation.

Allowing the City to file its third-party complaint will not occasion any delay in this action.  As already discussed, expert discovery is held in abeyance with the Court's permission pending the resolution of the outstanding motions to compel.  Psychemedics is already a party to one motion, that addressing the ability of Plaintiffs to obtain the laboratory's standard operating procedures.  Thus, Psychemedics is likely to be intimately involved in expert discovery, at least to the extent that some or all of its laboratory procedures will be reviewed, and its scientists potentially deposed.   Since none of these events have yet been scheduled, and since Psychemedics has been on notice and able to protect its interest since Plaintiffs subpoenaed their documents, no delay in this matter is anticipated if Psychemedics becomes a party defendant.

       3.    <u>The Interests of Judicial Economy Favor Impleader</u>

The expert issues in this case are wholly related to the procedures used by Psychemedics in performing its hair drug testing.  It makes sense for Psychemedics to be involved in this case not only as witness, but as a party fully able to participate in the anticipated expert discovery.  Psychemedics is better poised to defend its standard operating procedures against Plaintiffs' challenges than is the City, and allowing it to do so in this initial litigation could potentially eliminate the need for any successor litigation should the Plaintiffs' prevail.  If Psychemedics were not a party to this action, it is conceivable that a second litigation could result from this action, wherein the City invokes its right to indemnity under the contract, and Psychemedics challenges any

finding that its procedures were flawed.  Any such finding may no be used as res judicata or collateral estoppel if Psychemedics did not have an opportunity to litigate the issue in the first action.  *Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1334 (Fed.Cir.2001). Thus, it would be possible that the City would be forced to relitigate the same issues in subsequent litigation – needlessly, since the issues could be resolved definitively if Psychemedics were made a party to this action.

III.    <u>CONCLUSION</u>

For the reasons stated herein, the City requests that the Court grant it leave to file a third-party complaint against Psychemedics Corporation in this action.

<div style="margin-left:45%">

Respectfully submitted,

Defendants City of Boston,
Boston Police Department, and
Kathleen O'Toole
By their attorney,


\_\_/s/ Mary Jo Harris_____
Mary Jo Harris, BBO # 561484
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

</div>

Dated:  October 12, 2007


<u>CERTIFICATE OF SERVICE</u>


I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on October 11, 2007, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing by first class mail on the same date.


DATED:  October 12, 2007          \_/s/  Mary Jo Harris_____

# EXHIBIT A

# STANDARD CONTRACT
CITY OF BOSTON/COUNTY OF SUFFOLK

(FORM CM 10 and 11)

CONTRACT NO. 99-2807

| DEPARTMENT - INVOICE MAILING ADDRESS | SERVICE LOCATION ADDRESS |
|---|---|
| BOSTON POLICE HEADQUARTERS<br>AUDITING AND FINANCE, ROOM N357<br>1 SCHROEDER PLAZA<br>BOSTON, MA 02120 | CONTRACTOR'S BUSINESS ADDRESS<br>AND BOSTON POLICE HEADQUARTERS<br>MEDICAL UNIT |

CONTRACTOR'S NAME AND ADDRESS

PSYCHEMEDICS CORPORATION
1280 MASSACHUSETTS AVENUE
CAMBRIDGE, MA 02138

PLEASE
INCLUDE
ZIP
CODE

| Fund | Agency | Organization | Program | Object Code | Amount |
|---|---|---|---|---|---|
| 011 | 211 | 0211 | PD03 | 0290 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

FIN 581701987

OR SS# _____

DESCRIPTION OF SERVICES FOR WHICH CITY/COUNTY AGREES TO PAY IF RENDERED IN ACCORDANCE WITH THE CONTRACT
DOCUMENTS ATTACHED AND/OR INCORPORATED BY REFERENCE (continue on separate 8½" x 11" sheet(s) if necessary)

*The undersigned proposes to furnish the specified supplies or services and to perform all work required to provide substance abuse testing on applicants and employees at the Boston Police Department, in accordance with the terms of the accompanying contract documents.*

TERM

(M/D/YY)

1/1/98

thru

6/30/99

TOTAL AMOUNT NOT TO EXCEED $ 102,500.00

\* INSERT BASIS OF COMPENSATION $ _____ PER HOUR / $ _____ PER DIEM

AUDITOR

APPROVED AS TO AVAILABILITY OF AP-
PROPRIATION OR PURSUANT TO ARTICLE
12.2 OF THE GENERAL CONDITIONS

IN THE AMOUNT OF

$ 102,500.00

SIGNATURE

DATE  12/28/98

CONTRACTOR

AGREES TO PROVIDE THE SERVICES AS
INDICATED IN ACCORDANCE WITH THESE
CONTRACT DOCUMENTS. (IF CORPORA-
TION ATTACH AUTHORITY TO SIGN.)

SIGNATURE

TITLE

DATE

AWARDING AUTHORITY/OFFICIAL

ATTACH APPROVED LETTER OF
AWARD AND OTHER REQUIRED
DOCUMENTS

SIGNATURE

DATE

ATTACHMENTS: ( ✓ CHECK ALL APPLICABLE DOCUMENTS ATTACHED)

- ☒ AWARD LETTER
- ☐ ADVERTISEMENT
- ☐ DETERMINATION TO USE RFP
- ☐ JUSTIFICATION FOR REQUIREMENTS CONTRACTS
- ☐ BID OPENING CERTIFICATE

- ☐ REGISTER OF PROPOSALS
- ☐ BID RESPONSE FORM
- ☐ PROPOSAL/APPLICATION
- ☒ CONTRACTOR CERTIFICATION
- ☒ PURCHASE DESCRIPTION/ SPECIFICATIONS
- ☐ EVALUATION CRITERIA (RFP'S)

- ☐ PERFORMANCE BOND
- ☒ CERTIFICATE OF AUTHORITY
- ☒ NO-RISK CERTIFICATE
- ☒ INSURANCE CERTIFICATE(S)
- ☐ REQUIREMENTS CONTRACTS GENERAL CONDITIONS
- ☐ SPECIAL AGREEMENT(S)

Approved as to form by Corporation Counsel February, 1998
No payment will be made until the original copy of the executed contract is filed with the Auditing Department

CITY OF BOSTON/COUNTY OF SUFFOLK
STANDARD CONTRACT GENERAL CONDITIONS

**ARTICLE 1 — DEFINITION OF TERMS:**
1.1  The following terms or pronouns used in their stead wherever they appear in these Contract documents shall be construed as follows:
1.1.1  "City" shall mean the City of Boston or the County of Suffolk.
1.1.2  "Contract" and "Contract Documents" shall include, as applicable, all Advertisements, Invitations for Bids, Requests for Proposals, Proposals, Applications, Purchase Description/Specifications, Evaluation Criteria, Performance Bonds, General Conditions/Special Agreements/Requirements Contract General Provisions, letter to the Mayor of Boston concerning the award of the Contract, and all amendments thereto, which documents are incorporated herein by reference.
1.1.3  "Contractor" shall mean the individual, partnership, corporation or other entity to whom this Contract is awarded.
1.1.4  "Official" shall mean the awarding authority/officer acting on behalf of the City in the execution of this Contract.
**ARTICLE 2 — PERFORMANCE:**
2.1  The Contractor shall conform to all determinations and directions, in accordance with provisions of this Contract, of the Official concerning all questions which may arise relating to the performance of services under this Contract.
2.2  The Contractor shall, upon written request of the Official, remove from City premises and replace all individuals in the Contractor's employ whom the Official determines to be disorderly, careless or incompetent or to be employed in violation of the terms of this Contract.
2.3  All work papers, reports, questionnaires and other written materials prepared or collected by the Contractor in the course of completing the work to be performed under this Contract shall at all times be the exclusive property of the City. The Contractor shall not use such materials for any purposes other than the purpose of this Contract without the prior written consent of the Official.
**ARTICLE 3 — ACCEPTANCE OF SERVICE:**
3.1  The City shall have a reasonable opportunity to inspect all service performed by and work product of the Contractor and accept or reject such service or work product.
**ARTICLE 4 — TIME:**
4.1  It is understood and agreed that all specified times or periods of performance are of the essence of this Contract.
**ARTICLE 5 — COMPENSATION:**
5.1  The Contractor may, in the absence of a payment schedule, periodically submit to the Official invoices, itemizing service, labor and expenses for which compensation is due and requesting payment for services rendered by the Contractor during the period covered by the invoice.
5.2  Thereupon the Official shall estimate the value of services accepted by the City, and City shall pay to the Contractor such amount less sums retained under the provisions of Article 8 of these General Conditions.
5.3  The City shall pay in full and complete compensation for services performed under this Contract in an amount not to exceed the amount shown on the face of this Contract paid in accordance with the rate indicated or in accordance with a prescribed scheduled.
5.4  In the event that this Contract provides for reimbursement by the City to the Contractor for travel or other expenses, the Contractor shall submit such proposed expenses to the Official for approval prior to the incurrence of such expenses, unless the Contract specifically provides otherwise.
5.5  The Contractor shall furnish such information, estimate or vouchers relating to the services or to documentation of labor or expenses as may be requested by the Official
**ARTICLE 6 — RELATIONSHIP WITH THE CITY**
6.1  The Contractor is retained solely for the proposes of and to the extent set forth in this Contract. Contractor's relationship to the City during the term of this Contract shall be that of an independent Contractor. The Contractor shall have no capacity to involve the City in any contract nor to incur any liability on the part of the City. The Contractor, its agents or employees shall not be considered as having the status or pension rights of an employee, provided that the Contractor shall be considered an employee for the purpose of General Laws c. 268A (the Conflict of Interest Law). The City shall not be liable for any personal injury to or death of the Contractor, its agents or employees.
6.2  Unless all the terms and conditions for the delivery or provision of goods or services by the Contractor to the City specified by this Contract are expressly set forth in a writing incorporated herein by reference, such delivery of goods or services shall require written approval of or direction by the Official prior to the incurrence of any liability by the City.
6.3  All alterations or additions, material or otherwise, to the terms and conditions of this Contract must be in writing and signed by the Official and Contractor and filed with the City Auditor.
6.4  Any waiver, expressed or implied, by the City or the Official of any rights, terms or conditions of this Contract shall not operate to waive such rights, terms or conditions or any other rights, terms or conditions, beyond the specific instance of waiver.
**ARTICLE 7 — ASSUMPTION OF LOSS AND LIABILITY:**
7.1  The Contractor shall pay and be exclusively responsible for all debts for labor and material contracted for by Contractor for the rental of any appliance or equipment hired by Contractor and/or for any expense incurred on account of services to be performed under this Contract.
7.2  The Contractor shall bear all loss resulting from any cause before performance of services is completed and after performance of services if the service or work product fails to conform to specifications.
7.3  The Contractor shall assume the defense of and hold the City, its officers, agents or employees, harmless from all suits and claims against him or any of them arising from any act or omission of the Contractor, its agents or employees in any way connected with performance under this Contract.
**ARTICLE 8 — REMEDIES OF THE CITY:**
8.1  If the Contractor shall provide services in a manner which is not to the satisfaction of the Official, the Official may request that the Contract refurnish services at no additional cost to the City until approved by the Official. If the Contractor shall fail to provide services or shall provide services which are not satisfactory to the Official, the Official, in the alternative, may make any reasonable purchase or Contract to purchase services in substitution for those due from the Contractor. The City may deduct the cost of any substitute Contract or nonperformance of services together with incidental and consequential damages from the Contract price and shall withhold such damages from sums due or to become due to the Contractor.
8.2  If the damages sustained by the City as determined by the Official exceed sums due or to become due, the Contractor shall pay the difference to the City upon demand.
8.3  The Contractor shall not be liable for any damages sustained by the City due to the Contractor's failure to furnish services under the terms of this Contract if such failure is in fact caused by the occurrence of a contingency the nonoccurrence of which was a basic assumption under which this Contract was made, including but not necessarily limited to a state of war, act of enemies, embargoes, expropriation or labor strike or any unanticipated federal, state, or municipal governmental regulation or order, provided that the Contractor has notified the Official in writing of such cause within fourteen (14) days after its occurrence.
8.4  This Contract may be terminated at any time for the convenience of the City at the option of the Official by delivering or mailing to the Contractor at the Contractor's business address a written notice of termination setting forth the date, not less than seven (7) days after the date of such delivery or mailing, when such termination shall be effective. In the event of such termination for convenience, the Contractor shall be compensated for services rendered to the effective date of said termination in accordance with the rates of compensation specified in this Contract.
**ARTICLE 9 — REMEDIES OF CONTRACTOR:**
9.1  If damages, other than loss on nonconforming services or on services not performed, are actually sustained by the Contractor due to any act or material omission for which the City is legally responsible, the City may allow a sum equal to the amount of such damages sustained by the Contractor as determined by the Official in writing, provided the Contractor shall have delivered to the Official a detailed written statement of such damages and cause thereof within thirty (30) days after the act or material omission by the City.
**ARTICLE 10 — PROHIBITION AGAINST ASSIGNMENT:**
10.1  The Contractor shall not assign, delegate, subcontract or in any way transfer any interest in this Contract without prior written consent of the Official.
**ARTICLE 11 — COMPLIANCE WITH LAWS AND PUBLIC POLICY:**
11.1  This Contract is made subject to all laws of the Commonwealth of Massachusetts.
11.2  The Contractor shall provide, at its sole expense, all necessary licenses, permits or other authorizations required by the City, the Commonwealth of Massachusetts or any other governmental agency with proper jurisdiction.
11.3  The Contractor shall where applicable take out and maintain during the term of this Contract such Worker's Compensation insurance as may be reasonably necessary to protect the Contractor from claims under General Laws c. 152 (the Worker's Compensation Law).
11.4  The Contractor agrees and shall require any subcontractor to agree not to discriminate in connection with the performance of work under the Contract against any employee or applicant for employment because of sex, race, religious creed, national origin or age. The Contractor agrees and shall require any subcontractor to agree to post in conspicuous places notices to be provided by the Massachusetts Commission Against Discrimination, setting forth provisions of the Fair Employment Practice Law of the Commonwealth.
11.5  The Contractor's attention is called to General Laws c. 268A (the Conflict of Interest Law). The Contractor shall not act in collusion with any City officer, agent, employee or any other party, nor shall the Contractor make gifts regarding this Contract or any other matter in which the City has a direct and substantial interest.
11.6  The Contractor shall keep himself fully informed of all City Ordinances and Regulations, and State and Federal laws, which in any manner affect the work herein specified. The Contractor shall at all times observe and comply with said ordinances, regulations or laws, and shall protect and indemnify the City, its officers, agents and employees against any claim or liability arising from or based on the violations of such ordinances, regulations or laws, caused by the negligent actions of the Contractor, his agents, or employees.
11.7  In furtherance of the Mayor's Executive Order "Minority and Women Business Enterprise Development" dated December 31, 1987 and the Ordinance entitled "Promoting Minority and Women Owned Business Enterprises in the City of Boston" (Ordinances of 1987, Chapter 14), it is understood and agreed by the Contractor, and the Contractor by the execution of this Contract so certifies, as follows: (1) That the contractor shall actively solicit bids for the subcontracting of goods and services from certified minority and women businesses; (2) That in reviewing substantially equal proposals the Contractor shall give additional consideration to the award of subcontracts to certified minority and women bidders.
**ARTICLE 12 — AVAILABLE APPROPRIATION:**
12.1  This Contract is subject to the availability of an appropriation therefor.
12.2  If the Contract is funded under a grant with the Federal Government, it is being executed without further appropriation pursuant to General Laws c. 44, s.53A.
12.3  When the amount of the City Auditor's certification of available funds is less than the face amount of the Contract, the City shall not be liable for any claims or requests for payment by the Contractor which would cause total claims or payments under this Contract to exceed the amount so certified.
12.4  Unless otherwise expressly provided in a writing incorporated herein by reference, the amount certified by the City Auditor as available funds under this Contract may be increased or decreased by the Official with the written approval of such change by the City Auditor. In the event of any  decrease in the amount certified , the Contractor shall be compensated for services rendered to the effective date of such reduction, in accordance with the rates of compensation specified in this Contract.
**ARTICLE 13 — RELEASE OF CITY ON FINAL PAYMENT:**
13.1  Acceptance by the Contractor of payment from the City for final services under this Contract shall be deemed to release forever the City from all claims and liabilities, except those which the Contractor notifies the Official in writing within six (6) months after such payment.

# BostonPolice

DEPARTMENT

99-2807-00

' Schroeder Plaza  Boston  MA  02120-20  4

## FOR LAW DEPARTMENT APPROVAL

December 8, 1998

The Honorable Thomas Menino
Mayor of the City of Boston
City Hall
Boston, MA  02201

Dear Mayor Menino:

I respectfully request your Honor's permission to dispense with public advertising and award a contract to Psychemedics Corporation, located at 1280 Massachusetts Avenue, Boston, MA  02138, to provide substance abuse testing on applicants and employees for the Boston Police Department.  This contract is exempt from the provisions of M.G.L. c.30B, as it is a contract with a health care provider and therefore is awarded under the authority of the City Charter.

Under the terms of this contract, Psychemedics Corporation will be providing drug testing services employing radioimmunoassay technology in the analysis of Hair ("Riah"), and post-positive GC/MS Confirmation testing.  Samples will be submitted to Psychemedics to test for the presence of Cocaine, Opiates, Phencyclidine (PCP), Marijuana, and Methamphetaime.  Further, the contractor will also provide training to personnel of the Boston Police Medical Unit in proper specimen collection and the chain of custody procedures.  Such training shall include instructional video tapes, telephone consultations, and if deemed necessary, personal or supervised instruction.

This contractor is uniquely qualified to perform these services since Psychemedics was the only company to be awarded U.S. and foreign patents for the detection of drugs in the hair.  The Company's first U.S. and European patent covers the universal drug extraction procedure.  Psychemedics was the first laboratory to offer the method of testing hair samples rather than body fluids for drugs, and is the only company in the United States to provide this type of drug testing.

Compensation under this contract shall not exceed One Hundred Two Thousand Five Hundred Dollars ($102,500.00), which I have determined to be reasonable in view of the specialized work to be performed.  The term of this contract shall be the period January 1, 1998 through June 30, 1999.

Mayor Thomas M. Menino  •  Commissioner Paul F. Evans

COB 0026346

Psychemedics Corporation
page 2

Because of the professional and unique nature of the services performed and the unique medical testing capabilities of Psychemedics Corporation, I believe that public advertising would have served no useful purpose.

This contract is being processed late due to delays in the identification of funding through the operating budget for this project. Further delays were associated with the contractor's late submission of signed contract documents, which were not received by the Department's Contract's Unit until December 7, 1998.

APPROVED
LAW DEPARTMENT
BY

Respectfully,

Paul F. Evans
Police Commissioner

APPROVED

Thomas M. Menino
Mayor of Boston

By

12/31/98    CFO

## AMENDMENT TO STANDARD CONTRACT

THIS AMENDMENT TO STANDARD CONTRACT  No. 99-2807-00, made as of December _____, 1998 by and between  The City of Boston/County of Suffolk ("the City"), which a business address of 1 Schroeder Plaza, Boston, Massachusetts 02120 and Psychemedics Corporation, with a business address of 1280 Massachusetts Avenue, Cambridge, Massachusetts 02138 ("Psychemedics"). The City and Psychemedics may hereinafter be collectively referred to as the "Parties".

## WITNESSETH:

WHEREAS, the Parties anticipate entering into an agreement known as Standard Contract No. 98-1164-00 ("the Contract"), whereby Psychemedics shall conduct  substance abuse testing on the certain of the City's applicants and employees utilizing Psychemedics' proprietary drug testing services employing radioimmunoassay technology in the analysis of hair ("RIAH") and post-positive GCMS confirmation testing; and

WHEREAS, the Parties are desirous of amending certain terms and conditions of the the Contract as more fully set forth below.

NOW THEREFORE, in consideration of the mutual covenants, conditions and agreements contained herein, the Parties hereto, intending to be legally bound hereby, agree as follows:          1. Article7.2 of the Contract is hereby amended to provide as follows:

7.2 The Contractor shall bear all loss resulting from the Contractor's wrongful or negligent acts or omissions before performance of services is completed and after performance of services if the service or work product fails to conform to specifications.

2. Article 7.3 of the Contract is hereby amended to provide as follows:

7.3. The Contractor shall assume the defense of and hold the City, its officers, agents or employees, harmless from all suits and claims against them or any of them arising from any wrongful or negligent act or omission of the Contractor, its agents or employees, in any way connected with performance under this Contract.

3. The first sentence of Article 8.1 of the Contract is hereby amended to provide as follows:

8.1  If the Contractor shall perform services in a manner which is not to the reasonable satisfaction of the Official, the Official  may request that the Contract[or] refurnish services at no additional cost to the City until approved by the Official.

4. Article 8.2 of the Contract is hereby amended to provide as follows:

8.2  If the damages sustained by the City resulting from the Contractor's wrongful or  negligent acts or omissions exceed sums due or to become due, the Contractor shall pay the difference to the City

COB 0026348

upon demand.

The terms of this Amendment to Standard Contract supersede the corresponding terms in the principal Contract to the extent that a conflict exists.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to Standard Contract to be duly executed as of the day and year first above written.

PSYCHEMEDICS CORPORATION

Attest: _____    By: _____

(Corporate Seal)    VP Controller

Attest:_____    CITY OF BOSTON
(Corporate Seal)    COUNTY OF SUFFOLK

By: _____

Approved As To Form

Mark Sweeney
Corporation Counsel

COB 0026349

(FORM CM-06)

# CERTIFICATE OF AUTHORITY
(For Corporations Only)

<u>20 October</u>, <u>1998</u>
(Current Date)

At a meeting of the Directors of the <u>Psychemedics Corporation</u>
(Name of Corporation)

duly called and held at <u>**Cambridge, Massachusetts**</u>

on the <u>**fifteenth**</u> day of <u>**September**</u>, <u>**1998**</u>, at

which a quorum was present and acting, it was VOTED, that

<u>Peter Monson</u>
(Name)

the <u>Vice-President Treasurer</u> of this corporation is hereby
(Office)
authorized and empowered to make, enter into, sign, seal and deliver in behalf of this

corporation a contract for <u>substance abuse testing at Boston Police Department.</u>
(Describe Service)
with the City of Boston, and a performance bond in connection with said contract.

I do hereby certify that the above is a true and correct copy of the record, that

said vote has not been amended or repealed and is in full force and effect as of this date,

and that <u>Peter Monson</u>
(Name)

is the duly elected <u>Vice-President Treasurer</u>
(Office)

of this corporation.

Attest:

**(Affix Corporate Seal Here)**

_____
(Clerk) (Secretary) of the Corporation

APPROVED AS TO FORM BY CORPORATION COUNSEL FEBRUARY, 1998
THIS FORM IS VOID AND WITHOUT LEGAL EFFECT IF ALTERED IN ANY WAY

COB 0026350



(FORM CM-09)

CITY OF BOSTON /COUNTY OF SUFFOLK

## <u>CONTRACTOR CERTIFICATION</u>*

To the Official, acting in the name and behalf of the City of Boston/County of Suffolk:

A.  The undersigned agrees to furnish all labor and materials and to perform all work required for:

providing substance abuse testing to applicants and employees at the

Boston Police Department.

(Official will describe work here prior to issue)

in accordance with the terms of the accompanying contract documents.

A.  The Contractor is a/an   **Corporation**

(Individual-Partnership-Corporation-Joint Venture-Trust)

1.  If the Contractor is a <u>Partnership</u>, state name and residential address of all partners:

2.  If the Contractor is a <u>Corporation</u>, state the following:

Corporation is incorporated in the State of   **Delaware**

President is   **Raymond C. Kubacki, Jr.**

Treasurer is   **Peter C. Monson**

Place of business is   **1280 Massachusetts Avenue**

(Street)

**Cambridge, MA 02138**

(City, State and Zip Code)

3.  If the Contractor is a <u>Joint Venture</u>, state the name and business address of each person, firm or company that is party to the joint venture:

A copy of the joint venture agreement is on file at

and will be delivered to the Official on request.

[*NOTE:  This form should be included with all contracts awarded without advertising.]

1

COB 0026351

(FORM CM-09)

4.  If the Contractor is a <u>Trust</u>, state the name and residential address of all Trustees:

_____

_____

_____

The trust document(s) are on file at _____

and will be delivered to the Official on request.

C.  If the business is conducted under any title other than the real name of the owner, state the time when, and place where, the certificate required by General Laws, c.110, §5, was filed:

_____

_____

D.  The Taxpayer Identification Number* of the contractor (the number used on the Employer's Quarterly Federal Tax Return, U.S. Treasury Department Form 941) is:

58-1701987 _____.

*If individual use Social Security Number:_____.

E.  Pursuant to M.G.L. c.60, §93, the undersigned certifies that the Collector-Treasurer of the City of Boston may withhold from amounts owing and payable to the Contractor under this contract any sums owed to any department or agency of the City of Boston which remain wholly or partially unpaid.  This shall include but not be limited to unpaid taxes and assessments, police details, and any other fees and charges until such sums owed have been paid in full, and the Collector-Treasurer further may apply any amount owing and payable to the Contractor to satisfy any monies owed to the City.

F.  Pursuant to M.G.L. c.62C, §49A, the undersigned certifies under the penalties of perjury that to the best of his/her knowledge and belief all state tax returns have been filed and all state taxes required under law have been paid.  (NOTE: The Taxpayer Identification Number will be furnished to the Massachusetts Department of Revenue to determine compliance with the above-referenced law).

2

COB 0026352



(FORM CM-09)

Contractor: __Psychemedics Corporation__

By: _____
                    (Sign Here)

Business Address: __1280 Massachusetts Ave__
                              (Street)

_____Cambridge, MA 02138_____
                    (City, State and Zip Code)

NOTE:  This statement must bear the written signature of the contractor.

If the Contractor is an individual doing business under a name other than his own name this
statement must so state, giving the address of the individual.

If the Contractor is a partnership this statement must be signed by a general partner designated as
such.

If the Contractor is a corporation, trust or joint venture this statement must be signed by a duly
authorized officer or agent of such corporation, trust or joint venture.

APPROVED AS TO FORM BY CORPORATION COUNSEL FEBRUARY, 1998
THIS FORM IS VOID AND WITHOUT LEGAL EFFECT IF ALTERED IN ANY WAY

3

COB 0026353

## CITY OF BOSTON
## VENDOR PROFILE

Please fill out and return this form with your bid submission, proposal submission, CM/10 form, or Purchase Contract. (If returned with your bid proposal do **not** submit a duplicate with your CM/10 or Purchasing Contract). The City of Boston is using this information to develop a master vendor list. Submission of this form does not constitute approval of your firm as a city contractor.

### IDENTIFICATION:

CEO Name: _RAY KUBACKI_    Contact Person: _JOHN L. CIARLO_

Business Name: _PSYCHEMEDICS CORP._    FIN (or SS#): _____

Primary Headquarters
Business Address: _1280 MASS. AVE. STE 200 CAMBRIDGE, MA 02138-617-868-7455_
            Number Street        City        State    Zip    Tel.

**BUSINESS PROFILE** - Please check appropriate category(ies):
1. Type of Business:
   CONSTRUCTION ___ _X_ PROFESSIONAL SVS. ___ MAINTENANCE SVS. ___
   MANUFACTURING ___ RETAIL SALES ___ OTHER ___
                                    Describe_____

2. Year business established _1986_
   Year present ownership established _____

**OWNERSHIP:** (check all applicable boxes)
Company is at least 51% owned, controlled, and actively managed by:

____Vietnam Era Veterans (1964-1975)        ____Woman/Women
____Handicapped Person(s)                    ____Black American
____Native American Indian                   ____Hispanic American
____Asian Pacific American                   ____Asian Indian American
     (includes Oriental)                          (includes Indian, Pakistan,
____Cape Verdean                                  Bangladesh)

If listed as a minority or women owned business please check one of the following:

    1. Certified by the City of Boston as a M/WBE. ____
    2. Certified by SOMBA as a M/WBE ____
    3. Certified by another organization ____
       If so please identify _____
    4. Not Certified ____

**NOTE:** If your business is not certified by the City of Boston or SOMBA and you would like more information, please call the Office of Contract Compliance 720-4300.

_____ VP Treasurer _____ 10/16/98
Corporate Official Signature    Title            Date



(FORM CM-14)

## CERTIFICATE FOR "NO RISK" CONTRACTS

TO:          CORPORATION COUNSEL

FROM:        BOSTON POLICE DEPARTMENT
                    (Department or Agency)

This is to certify that I have reviewed the attached contract with

Psychemedics Corporation
                              Vendor/Contractor

for

providing substance abuse testing on applicants and employees at the Boston Police

Department.
                              Nature of Service

and it is my belief that there is little or no risk of default or unsatisfactory performance by the

vendor/contractor.

_____
Awarding Authority / Official

APPROVED AS TO FORM BY CORPORATION COUNSEL FEBRUARY, 1998
THIS FORM IS VOID AND WITHOUT LEGAL EFFECT IF ALTERED IN ANY WAY

COB 0026355

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  05-CV-11832-GAO

| | |
|---|---|
| RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW, and the MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, <br><br> Plaintiffs <br><br> vs. <br><br> CITY OF BOSTON, BOSTON POLICE DEPARTMENT, and KATHLEEN O'TOOLE,  as she is Police Commissioner for the Boston Police Department, <br><br> Defendants/Third Party Plaintiffs <br><br> vs. <br><br> PSYCHEMEDICS CORPORATION, <br><br> Third Party Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CITY OF BOSTON'S THIRD-PARTY COMPLAINT
AGAINST PSYCHEMEDICS CORPORATION**

The City of Boston (hereafter "City") files this Third Party Complaint against

Psychemedics Corporation (hereafter "Psychemedics") following Fed.R.Civ.P. 14(a) and

upon leave of court granted on _____, and assert the following:

**PARTIES**

1.      Upon information and belief, the Plaintiffs Ronnie Jones, Richard Beckers,

Walter Washington, William Bridgeforth, Shawn Harris, Eugene Wade, George

Downing, Claraise Bristow, Rachelle Couch and Keri Hogan are residents of the Commonwealth of Massachusetts.

2.    The Defendant and Third-Party Plaintiff, the City of Boston, is a municipality organized under the laws of the Commonwealth of Massachusetts with a business address of One City Hall Plaza, Boston, Massachusetts 02201.

3.    The Third-Party Defendant, Psychemedics Corporation, is a company with an executive office business address of 125 Nagog Park, Acton, Massachusetts 01720, and laboratory operations located at 5832 Uplander Way, Culver City, California 90230.

## FACTS

4.    On December 28, 1998, the City entered into a contractual agreement with Psychemedics for substance abuse testing on applicants and employees with the Boston Police Department.

5.    Under the terms of the contract, Psychemedics is responsible for performing scientific hair drug testing on hair samples provided to it by the City.

6.    The Plaintiffs allege that they were injured due to Psychemedics allegedly "flawed, imprecise, unreliable, arbitrary, and racially biased drug test."

## COUNT I

### (Indemnification)

7.    The City repeats and realleges each allegation contained in paragraphs 1 – 6 of the Third-Party complaint.

8.    On July 26, 2005, Plaintiffs filed a complaint against the City seeking damages for injuries they allegedly suffered as a result *inter alia* of the City's use of and reliance upon the Psychemedics hair drug test.  The City removed this case to the United States District Court, D. Massachusetts on September 9, 2005.

2

9.      To the extent the Plaintiffs suffered any of the injuries they allege in the Complaint, the City contends that those injuries were caused by the acts, omissions, or negligence of Psychemedics and not any employee, agent or servant of the City. Therefore Psychemedics, and not the City, is liable to the Plaintiffs for any injuries they may have suffered.

10.      If the City is found liable to the Plaintiffs in the original action, which liability it expressly denies, then it is entitled to indemnification by Psychemedics for the full amount of any judgment against it in the original action.

WHEREFORE, the City demands judgment against Psychemedics in the full amount of any judgment against it in the original action, together with interest and costs.

## COUNT II

### (Contribution)

11.      The City repeats and realleges each allegation contained in paragraphs 1 – 10 of the Third-Party Complaint.

12.      To the extent that the Plaintiffs suffered any of the damages alleged in their complaint, the City contends that those injuries were caused by the acts, omissions, or negligence of Psychemedics and not any employee, agent or servant of the City. Therefore Psychemedics, and not the City, is liable to the Plaintiffs for any injuries they may have suffered.

13.      If the City is found liable to the Plaintiffs in the original action, which liability it expressly denies, then Psychemedics is jointly liable and the City is entitled to contribution from Psychemedics for any damages awarded to the Plaintiffs in the original action.

WHEREFORE, The City demands judgment against Psychemedics in the full amount of its pro rata share of the entire liability, together with interest and costs.

3

Respectfully submitted,

Defendants City of Boston,
Boston Police Department, and
Kathleen O'Toole
By their attorney,


__/s/ Mary Jo Harris_____
Mary Jo Harris, BBO # 561484
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

Dated:

4