UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL., )<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF BOSTON, ET AL., )<br>        Defendants. )<br>                             ) | CIVIL ACTION NO. 05-11832-GAO |

**PSYCHEMEDICS CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST PSYCHEMICS CORPORATION**

NOW COMES Psychemedics Corporation, and hereby opposes the City of Boston's Motion For Leave To File Third Party Complaint against Psychemedics Corporation ("City's Motion").

**I.      BACKGROUND**

This is a civil rights action involving claims that a certain drug testing procedure administered to Boston police officers by the defendants produces results based on the race of the subject.  Such drug testing is performed pursuant to a contract between the City of Boston and Psychemedics Corporation ("Psychemedics"), a biotechnology company that has developed a patented hair testing technology for drugs of abuse.

The action was initially filed in Suffolk Superior Court on July 26, 2005, with a track requiring disposition by September 17, 2006 (Exhibit A hereto).  The City of Boston removed it to the United States District Court for the District of Massachusetts on September 9, 2005.  The parties filed a Joint Statement Pursuant to Fed. R. Civ. P.26(f) and Local Rule 16.1 on February 3, 2006, Exhibit B hereto, in which all parties agreed

that Amendments and/or supplements to the pleadings were required to be filed by April 28, 2006 [1]. No further amendment to such deadline has been proposed or ordered.

Pursuant to the various stipulations, joint statements and Orders of Court reflected in the docket, it appears that discovery including depositions has been ongoing and that all Stage 1 discovery was supposed to have been completed by August 3, 2007, subject to various motions to compel. Psychemedics, not having been a party to the proceedings, is unaware of the nature and extent of the discovery that has already occurred except insofar as the discovery sought from it.[2]

On October 12, 2007, the City of Boston filed its Motion for Leave to file a Third Party Complaint sounding in indemnification and contribution.

## II.    ARGUMENT

Psychemedics hereby opposes the City's Motion on the grounds that the deadline for amending has passed, the City has not met its burden of showing why it should be allowed to bring Psychemedics in as a third party defendant at this late date, and, counter to the City's argument, Psychemedics contends that allowing the Motion will not serve the purposes of judicial economy, and will cause prejudice and delay.

**A.    The City's Motion Should be Denied Because It is Seeking to Add Psychemedics after the Deadline and It Has Not Set Forth Any Proper Justification for the Delay.**

As set forth above, the City, in submitting the Joint Statement to the Court on February 3, 2006, agreed to be bound by the April 28, 2006 deadline for filing new pleadings and bringing in additional parties. Although courts have discretion to permit a

---

[1] Although the Plaintiffs suggested that the April 28, 2006 deadline be without prejudice to the right of any party to move for leave to amend or supplement the pleadings as necessary in light of discovery to conform with the evidence or a change in the law, the Defendants' version was absolute.

[2] On November 3, 2006, the plaintiffs served Psychemedics with a depositon subpoena requesting Psychemedics to produce various documents. Psychemedics has objected to producing some of the items, and a motion to compel is pending.

party to bring in a third party after such deadline imposed by Local Rule, such discretion is generally exercised only if the defendant was not dilatory or derelict, and no prejudice will result. Gilpin v. Abraham, 231 F.Supp. 511 (E.D. Pa. 1964). Moreover, the defendant has the burden of justifying late application for leave to join a third party defendant. Goodman v. Neff, 251 F.Supp. 562 (E.D. Pa. 1966). Mere inadvertence or carelessness is not a sufficient basis to excuse a delay. Saunders v. Jim Emes Petroleum Co., Inc., 101 F.R.D. 405 (W.D. Pa. 1983). Rather, defendant must offer a valid excuse for the delay. Blais Const. Co., Inc. v. Hanover Square Associates-I, 733 F.Supp. 149 (N.D. N.Y. 1990). While courts have permitted defendants to file late third party complaints where the late filing was occasioned by newly emerging evidence during discovery, see,e.g., Charlotte Motor Speedway, Inc. v. International Ins. Co., 125 F.R.D. 127 (M.D. N.C. 1989), courts have denied late filing where the defendants had reason to know the identities of possible third party defendants, but failed to act within the deadline. Hogan v. Janos Indus. Insulation Corp., 102 F.R.D. 205 (S.D. N.Y. 1984). Similarly, courts have also denied requests for late filing of third party complaints where the Defendant has failed to assert any reason for the delay. Lovallo v. Pittsburgh Corning Corp., 99 F.R.D. 627 (E.D. Pa.1983).

      The City in the present case has offered *no* reason for its delay in attempting to bring this third party action. Indeed, the City cannot claim that it did not know of Psychemedics' existence until recently as it is relying on a contract entered into with Psychemedics in 1998. Furthermore, Psychemedics was specifically brought into this case for discovery purposes by subpoena served on it nearly a year ago. Surely, the City cannot claim that it had no knowledge that Psychemedics could be brought in as a party until now.

      Inasmuch as the City is seeking to bring in a third party defendant approximately 18 months after the deadline for amending the pleadings, and it has offered no

justification for the delay, the Motion For Leave To File a Third Party Complaint should be denied.

**B.    The City's Motion Should Be Denied Because the Interests of Judicial Economy are Not Served, and Psychemedics Will Be Prejudiced By Adding It At This Late Date.**

Contrary to the City's contention, the interests of judicial economy would not be served by adding Psychemedics as a third party defendant in an action for indemnification and contribution. By adding this state claim as pendant to the federal jurisdiction, the City is seeking to add new issues of contract interpretation, and the assignment of responsibility between the City and Psychemedics for the testing procedure taken. There may be other parties which Psychemedics may now wish to implead. These types of indemnification actions are routinely brought if and only if a defendant is found liable. If the City prevails in the underlying action, there would be no need to bring Psychemedics in at all, and no need to try these additional issues. Thus permitting Psychemedics to be added as a party may unduly delay this proceeding and cause more litigation than denying the motion.

Furthermore, according to the docket, "stage 1 discovery" but for the scientific discovery has apparently been completed, albeit without Psychemedics' participation. Psychemedics would be prejudiced by its not having been a party to such discovery; and presumably would be entitled to retake depositions already taken. Furthermore, discovery deadlines have passed, and various stipulations have been entered by the parties without Psychemedics' participation. Psychemedics would be prejudiced if such deadlines were applied to it.

Psychemedics submits, as set forth above, that it will be prejudiced by permitting the City to file a third party complaint at this late date in the proceedings, and the interests of judicial economy will not be served by including in this action a traditional state court claim for indemnification and contribution.

### III. CONCLUSION

Inasmuch as the City has failed to meet its burden of showing a justification for the delay in bringing this third party action, and that the interests of judicial economy will be served by joining in Psychemedics, and Psychemedics will be prejudiced by being brought into the proceedings at this late date, the City's Motion for Leave To File Third Party Complaint should be denied.

PSYCHEMEDICS CORPORATION

By their attorneys,

/s/ J. Allen Holland, Jr.

J. Allen Holland, Jr., BBO #546892
Anne Hoffman, BBO #236880
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

Dated:  October 22, 2007

266467_1