UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL., ) | |
|                Plaintiffs, ) | |
| ) | CIVIL ACTION NO. 05-11832-GAO |
| v. ) | |
| ) | |
| CITY OF BOSTON, ET AL., ) | |
|                Defendants. ) | |
| ) | |

**PSYCHEMEDICS CORPORATION'S REVISED MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF BOSTON'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST PSYCHEMEDICS CORPORATION**

NOW COMES Psychemedics Corporation, and hereby opposes the City of Boston's Motion For Leave To File Third Party Complaint against Psychemedics Corporation ("City's Motion").

**I.    BACKGROUND**

This is a civil rights action involving claims that a certain drug testing procedure administered to Boston police officers by the defendants produces results based on the race of the subject. Such drug testing is performed pursuant to a contract between the City of Boston and Psychemedics Corporation ("Psychemedics"), a biotechnology company that has developed a patented hair testing technology for drugs of abuse.

The action was initially filed in Suffolk Superior Court on July 26, 2005, with a track requiring disposition by September 17, 2006 (Exhibit A hereto). The City of Boston removed it to the United States District Court for the District of Massachusetts on September 9, 2005. The parties filed a Joint Statement Pursuant to Fed. R. Civ. P.26(f) and Local Rule 16.1 on February 3, 2006, Exhibit B hereto, in which all parties agreed

that Amendments and/or supplements to the pleadings were required to be filed by April 28, 2006 [1]. No further amendment to such deadline has been proposed or ordered.

Pursuant to the various stipulations, joint statements and Orders of Court reflected in the docket, it appears that discovery including depositions has been ongoing and that all Stage 1 discovery was supposed to have been completed by August 3, 2007, subject to various motions to compel. Psychemedics, not having been a party to the proceedings, is unaware of the nature and extent of the discovery that has already occurred except insofar as the discovery sought from it.[2]

On October 12, 2007, the City of Boston filed its Motion for Leave to file a Third Party Complaint sounding in indemnification and contribution.

## II.   ARGUMENT

Psychemedics hereby opposes the City's Motion on the grounds that the deadline for amending has passed, the City has not met its burden of showing why it should be allowed to bring Psychemedics in as a third party defendant at this late date, and, counter to the City's argument, Psychemedics contends that allowing the Motion will not serve the purposes of judicial economy, and will cause prejudice and delay.

> **A.   The City's Motion Should be Denied Because It is Seeking to Add Psychemedics after the Deadline and It Has Not Set Forth Any Proper Justification for the Delay.**

As set forth above, the City, in submitting the Joint Statement to the Court on February 3, 2006, agreed to be bound by the April 28, 2006 deadline for filing new pleadings and bringing in additional parties. Although courts have discretion to permit a

---

[1] Although the Plaintiffs suggested that the April 28, 2006 deadline be without prejudice to the right of any party to move for leave to amend or supplement the pleadings as necessary in light of discovery to conform with the evidence or a change in the law, the Defendants' version was absolute.

[2] On November 3, 2006, the plaintiffs served Psychemedics with a depositon subpoena requesting Psychemedics to produce various documents. Psychemedics has objected to producing some of the items, and a motion to compel is pending.

party to bring in a third party after such deadline imposed by Local Rule, such discretion is generally exercised only if the defendant was not dilatory or derelict, and no prejudice will result. Gilpin v. Abraham, 231 F.Supp. 511 (E.D. Pa. 1964). Moreover, the defendant has the burden of justifying late application for leave to join a third party defendant. Goodman v. Neff, 251 F.Supp. 562 (E.D. Pa. 1966). Mere inadvertence or carelessness is not a sufficient basis to excuse a delay. Saunders v. Jim Emes Petroleum Co., Inc., 101 F.R.D. 405 (W.D. Pa. 1983). Rather, defendant must offer a valid excuse for the delay. Blais Const. Co., Inc. v. Hanover Square Associates-I, 733 F.Supp. 149 (N.D. N.Y. 1990). While courts have permitted defendants to file late third party complaints where the late filing was occasioned by newly emerging evidence during discovery, see,e.g., Charlotte Motor Speedway, Inc. v. International Ins. Co., 125 F.R.D. 127 (M.D. N.C. 1989), courts have denied late filing where the defendants had reason to know the identities of possible third party defendants, but failed to act within the deadline. Hogan v. Janos Indus. Insulation Corp., 102 F.R.D. 205 (S.D. N.Y. 1984). Similarly, courts have also denied requests for late filing of third party complaints where the Defendant has failed to assert any reason for the delay. Lovallo v. Pittsburgh Corning Corp., 99 F.R.D. 627 (E.D. Pa.1983).

      The City in the present case has offered *no* reason for its delay in attempting to bring this third party action. Indeed, the City cannot claim that it did not know of Psychemedics' existence until recently as it is relying on a contract entered into with Psychemedics in 1998. Furthermore, Psychemedics was specifically brought into this case for discovery purposes by subpoena served on it nearly a year ago. Surely, the City cannot claim that it had no knowledge that Psychemedics could be brought in as a party until now.

      Inasmuch as the City is seeking to bring in a third party defendant approximately 18 months after the deadline for amending the pleadings, and it has offered no

justification for the delay, the Motion For Leave To File a Third Party Complaint should be denied.

      **B.    The City's Motion Should Be Denied Because the Interests of Judicial Economy are Not Served, and Psychemedics Will Be Prejudiced By Adding It At This Late Date.**

Contrary to the City's contention, the interests of judicial economy would not be served by adding Psychemedics as a third party defendant in an action for indemnification and contribution. By adding this state claim as pendant to the federal jurisdiction, the City is seeking to add new issues of contract interpretation, and the assignment of responsibility between the City and Psychemedics for the testing procedure taken. There may be other parties which Psychemedics may now wish to implead. These types of indemnification actions are routinely brought if and only if a defendant is found liable. If the City prevails in the underlying action, there would be no need to bring Psychemedics in at all, and no need to try these additional issues. Thus permitting Psychemedics to be added as a party may unduly delay this proceeding and cause more litigation than denying the motion.

Furthermore, according to the docket, "stage 1 discovery" but for the scientific discovery has apparently been completed, albeit without Psychemedics' participation. Psychemedics would be prejudiced by its not having been a party to such discovery; and presumably would be entitled to retake depositions already taken. Furthermore, discovery deadlines have passed, and various stipulations have been entered by the parties without Psychemedics' participation. Psychemedics would be prejudiced if such deadlines were applied to it.

Psychemedics submits, as set forth above, that it will be prejudiced by permitting the City to file a third party complaint at this late date in the proceedings, and the interests of judicial economy will not be served by including in this action a traditional state court claim for indemnification and contribution.

### III.   CONCLUSION

Inasmuch as the City has failed to meet its burden of showing a justification for the delay in bringing this third party action, and that the interests of judicial economy will be served by joining in Psychemedics, and Psychemedics will be prejudiced by being brought into the proceedings at this late date, the City's Motion for Leave To File Third Party Complaint should be denied.

PSYCHEMEDICS CORPORATION

By their attorneys,

/s/ J. Allen Holland, Jr.
_____
J. Allen Holland, Jr., BBO #546892
Anne Hoffman, BBO #236880
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

Dated:  October 23, 2007


266467_1



Home » County Inquiry » Civil Party Search » Search Results » Docket Details

# Jones et al v Boston et al

**Details for Docket: SUCV2005-03123**

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | SUCV2005-03123 | Caption: | Jones et al v Boston et al |
| Filing Date: | 07/26/2005 | Case Status: | Disposed: transferred to other court |
| Status Date: | 09/09/2005 | Session: | Civil B, 3 Pemberton Sq, Boston |
| Lead Case: | NA | Case Type: | Complex |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 05/22/2006 |
| Service Date: | 10/24/2005 | Disposition: | 09/19/2006 |
| Rule 15: | 12/23/2005 | Rule 12/19/20: | 12/23/2005 |
| Final PTC: | 07/21/2006 | Rule 56: | 06/21/2006 |
| Answer Date: | 12/23/2005 | Jury Trial: | NO |

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | SUCV2005-03123 | Caption: | Jones et al v Boston et al |
| Filing Date: | 07/26/2005 | Case Status: | Disposed: transferred to other court |
| Status Date: | 09/09/2005 | Session: | Civil B, 3 Pemberton Sq, Boston |
| Lead Case: | NA | Case Type: | Employment Discriminatio |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 05/22/2006 |
| Service Date: | 10/24/2005 | Disposition: | 09/19/2006 |
| Rule 15: | 12/23/2005 | Rule 12/19/20: | 12/23/2005 |
| Final PTC: | 07/21/2006 | Rule 56: | 06/21/2006 |
| Answer Date: | 12/23/2005 | Jury Trial: | NO |

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
| | | | | Print Docket |

Massachusetts Administrative Office of the Trial Court  
© Copyright, 2000-2001  
» Logout

Tern
System data reflects current

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RONNIE JONES, RICHARD )
BECKERS, WALTER R. )
WASHINGTON, WILLIAM E. )
BRIDGEFORTH, SHAWN N. HARRIS, )
EUGENE WADE, GEORGE C. )
DOWNING, JR., CLARARISE )
BRISTOW, and the MASSACHUSETTS )
ASSOCIATION OF MINORITY LAW )
ENFORCEMENT OFFICERS, )
) NO. 05-11832-GAO
    Plaintiffs, )
)
vs. )
)
CITY OF BOSTON, BOSTON )
POLICE DEPARTMENT, and )
KATHLEEN O'TOOLE, as she is )
Commissioner of the Boston Police )
Department, )
)
    Defendants. )

---

### JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Plaintiffs and defendants in the above-captioned action hereby submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1.

**I.  Agenda Of Matters To Be Discussed At Scheduling Conference**

    A.  Initial exchange of information

    B.  Pre-trial schedule

    C.  Mediation

**II.  Proposed Pre-trial Schedule**

The parties share an interest in litigating this case as efficiently as possible and agree that a phased schedule makes sense in this case. The parties do not agree, however, on the issues to be included in each phase or on a proposed pre-trial schedule. Accordingly, the parties present

separate proposed pre-trial schedules, as follows:

    A.    **Plaintiffs' Proposed Pre-trial Schedule**

Plaintiffs propose that the litigation be divided into two phases. Discovery concerning the plaintiffs and their damages would be deferred to the second phase, with a schedule to be proposed at an appropriate time in the future. A schedule for the first phase is proposed below. Plaintiffs' counsel is prepared to respond at the scheduling conference to the assertions made by the defendants and the pre-trial schedule proposed by the defendants herein.

    1.    <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

    2.    <u>Fact Discovery</u>. All fact discovery, inclusive of depositions of fact witnesses, but exclusive of requests to admit, shall be propounded by **August 10, 2006**, and responded to or otherwise completed by **October 30, 2006**, unless otherwise ordered by the Court. At this time, plaintiffs believe that the number and type of discovery events specified in Local Rule 26.1(C) are appropriate for this case only as to the facts common to all plaintiffs. These limitations are unworkable, however, as to facts and circumstances concerning the hair drug tests that were performed on samples taken from each of the plaintiffs, as these facts and circumstances differ for each plaintiff. For example, numerous individuals are identified on documents relating to each hair drug test for each plaintiff, including individuals involved in the taking, handling, and transmission of each sample; individuals involved in the chain of custody for each sample; individuals involved in the testing of each sample; and individuals involved in recording and reporting test results. The list of involved individuals varies with each test and each plaintiff and, therefore, the number of persons with potentially relevant information is very large. Plaintiffs are prepared to work cooperatively with the defendants in crafting an efficient means of obtaining the necessary discovery but seek relief from the limitations on discovery events provided in Local Rule 26.1(C). The defendants retain, of course, the right to seek relief with respect to this discovery should they find it necessary to do so. Motions to compel regarding fact discovery shall be filed as soon as practicable, but not later than **November 16, 2006**.

3. <u>Expert Discovery</u>. All expert discovery shall be completed by **March 1, 2007**, unless otherwise ordered by the Court. Motions to compel regarding expert discovery shall be filed as soon as practicable but not later than **March 23, 2007**.

4. <u>Amendments to Pleadings</u>. All amendments and/or supplements to the pleadings shall be filed on or before on or before **April 28, 2006**, without prejudice to the right of any party to move for leave to amend or supplement the pleadings as necessary in light of discovery or to conform with the evidence or a change in the law.

5. <u>Requests to Admit</u>. Requests to admit shall be propounded by **March 15, 2007** and responded to by **April 13, 2007**.

6. <u>Summary Judgment</u>. All motions for summary judgment shall be filed by **May 4, 2007**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding with further discovery.

**B.     Defendants' Proposed Pre-trial Schedule**

The Defendants respectfully disagree with the Plaintiffs' proposed pretrial schedule. The Defendants believe this case should be litigated as efficiently and expeditiously as possible to preserve resources of the parties, as well as this Court. As undersigned counsel is prepared to explain in more detail orally at the Scheduling Conference, the Defendants believe that the nature of the case lends itself to initial discovery focused on the scientific basis of Plaintiffs' claims, leading to consideration of summary judgment prior to embarking on any additional discovery.

The Defendants view the principal issue in this litigation to be the question whether the hair test for drug use annually required of all Boston police officers in Boston Police Department Rule 111 has an adverse impact on officers and applicants "of color," as alleged by the Plaintiffs. The Defendants contend that this action will essentially involve the scientific basis underlying Plaintiffs' claims. The Defendants respectfully submit that the first phase of this case should focus solely on the science underlying Plaintiffs' contentions regarding the hair test itself.

Therefore, they propose a phased discovery process as follows:

1.  <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

2.  <u>Expert Discovery</u>. The initial phrase of discovery shall focus on discovery of statistical and/or other evidence relating to the alleged *prima facie* case, and discovery focusing on the scientific basis for Plaintiffs' allegations. This discovery, including disclosure of the parties' expert testimony and depositions of experts shall be completed by **December 31, 2006**. As part of this expert discovery, Defendants have no objection to limited discovery relating to the general methodology of obtaining and transmitting hair samples to the testing laboratory. However, Defendants object to Plaintiffs' contention that discovery concerning the testing process relating to each Plaintiff is relevant. The Defendants contend that this potentially costly and time-consuming discovery is unwarranted because Plaintiffs have not alleged that the test methodology utilized by the Boston Police Department differs among "people of color" and any other individuals, e.g. white police officers. Motions to compel regarding this phase of discovery shall be filed as soon as practicable, but not later than **October 30, 2006**.

2.  <u>Amendments to Pleadings</u>. Amendments and/or supplements to the pleadings shall be filed on or before **April 28, 2006**.

3.  <u>Summary Judgment</u>. Motions for summary judgment shall be filed by **February 28, 2006**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding, if necessary, with further discovery. If further discovery is necessary, the parties will propose a second phase to the Court.

**III.   Trial By Magistrate**

The parties do not consent to trial by magistrate.

**IV.   Settlement Conferences /Alternative Dispute Resolution**

Pursuant to Local Rule 16.1(C), plaintiffs have presented a written settlement proposal to defendants. The parties expect to have settlement conferences at appropriate times during the

litigation, including possible conferences with the Court. The parties expect to be willing to consider Alternate Dispute Resolution, if and when that becomes appropriate.

## V.  Certifications

The certifications required by Local Rule 16.1(D)(3) are submitted herewith.

Respectfully submitted,

**Plaintiffs, Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

| | |
|---|---|
| ____/s/ Nadine Cohen_____ | ____/s/ Rheba Rutkowski_____ |
| Nadine Cohen, BBO # 090040 | Paul Robertson, BBO # 562421 |
| Lawyers' Committee for Civil Rights | Rheba Rutkowski, BBO # 632799 |
| Under Law of the Boston Bar Association | Rachael Splaine Rollins, BBO # 641972 |
| 294 Washington Street, Suite 443 | BINGHAM McCUTCHEN LLP |
| Boston, Massachusetts 02108 | 150 Federal Street |
| (617) 482-1145 | Boston, MA 02110 |
| (617) 951-8000 | |

____/s/ Maricia Woodham_____
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

DEFENDANTS, CITY OF BOSTON,
BOSTON POLICE DEPARTMENT and KATHLEEN O'TOOLE

Merita A. Hopkins
Corporation Counsel

By their attorneys:

s/ James M. Chernetsky
_____
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

Margaret M. Buckley
BBO No. 561101
Staff Attorney, Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550



Dated: February 3, 2006