UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RONNIE JONES, ET AL.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **CITY OF BOSTON, ET AL.,** ) <br> ) <br> **Defendants.** ) <br> ) | CIVIL ACTION <br> NO. 05-11832-GAO |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF
BOSTON'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST
PSYCHEMEDICS CORPORATION


Laura Maslow-Armand, BBO # 563003
Lawyers' Committee for Civil Rights
  Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Massachusetts 02108
(617) 482-1145


Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

Louis A. Rodriques, BBO # 424720
Rheba Rutkowski, BBO # 632799
William F. Benson, BBO # 646808
Raquel J. Webster, BBO # 658796
Eric A. Heining, BBO # 664900
Nikki J. Fisher, BBO #660268
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000


Counsel for Plaintiffs


Dated: October 26, 2007

Plaintiffs Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade, George C. Downing, Jr., Clararise Bristow, Rachelle Couch, Keri Hogan, and the Massachusetts Association of Minority Law Enforcement Officers, (hereinafter, "Plaintiffs") hereby oppose the Defendant City of Boston's Motion For Leave to File Third Party Complaint Against Psychemedics Corporation ("Defendants' Motion").

## BACKGROUND

This is a civil rights action concerning the defendants'[1] flawed, imprecise, unreliable, arbitrary, and racially biased mandatory drug test performed on hair samples (the "Hair Test"). As Plaintiffs have alleged, the Hair Test is unlawful because, among other reasons, it has a disparate, adverse, and discriminatory impact on Boston police officers and applicants of color because these officers and applicants are more likely than other officers and applicants to have a "false positive" on the Hair Test. In addition to challenging the scientific validity of the Hair Test performed by Psychemedics, Plaintiffs allege, among other things, that Defendants' use of the Hair Test in making employment decisions (1) disproportionately and adversely impacts police officers and applicants of color and (2) constitutes unlawful discrimination on the basis of race as well as on the basis of a false and erroneous perception of a disability. First Amended and Supplemental Complaint, ¶ 6.

On July 26, 2005, Plaintiffs filed a complaint against Defendants in Suffolk Superior Court. On September 9, 2005, the Defendants removed the case to the United States District Court for the District of Massachusetts. On April 7, 2006, Plaintiffs filed their First Amended and Supplemental Complaint. On February 23, 2006, the parties filed a Joint Statement Pursuant to Fed. R. Civ. P. 26(1) and Local Rule 16.1 ("Joint Statement") (attached hereto as Exhibit A). The Joint Statement provided that "[a]ll amendments and/or supplements to the pleadings shall be filed on or before . . . April 28, 2006, without prejudice to the right of any party to move for

---

[1] The defendants are the City of Boston, the Boston Police Department ("BPD"), and Edward Davis, Commissioner of the Boston Police Department (collectively referred to herein as "Defendants.").

leave to amend or supplement the pleadings as necessary in light of discovery or to conform with the evidence or a change in the law." Joint Statement, p.3, ¶ 4. The Joint Statement also provided that "[t]he parties share an interest in litigating this case as efficiently as possible." *Id.* at p. 1, ¶ II.

The parties filed a Joint Statement With a Revised, Proposed Discovery Schedule on January 18, 2007, and a Joint Motion to Amend Scheduling Order on May 31, 2007. On June 5, 2007, this Court approved the parties' proposed amendments to the Scheduling Order. Notably, Defendants never requested any amendments to the April 28, 2006 deadline for amending or supplementing pleadings, and no such amendments were ever made. On October 12, 2007, more than two years after Plaintiffs filed this action, approximately one and one half years <u>after</u> the deadline for amending or supplementing pleadings, and after the close of Stage I fact discovery, Defendants filed their motion to add Psychemedics as a third-party defendant.

## ARGUMENT

A.  **Defendants' Motion Should Be Denied Because Adding Psychemedics as a Third-Party Defendant at this Late Stage in the Proceedings Will Unduly Delay The Proceedings and Prejudice the Plaintiffs**

   1.  **Adding Pscychemdics as a Third-Party Defendant Will Unduly Delay The Proceedings**

Some of the Plaintiffs suffered adverse employment consequences as a result of the Hair Test five years ago.[2] Because of Defendants' adverse employment actions relating to the flawed Hair Test, Plaintiffs lost their jobs, livelihoods, and reputations. Plaintiffs continue to endure the emotional stress caused by Defendants' actions, and prolonging this litigation will only result in more harm to Plaintiffs.

---

[2] The Defendants took adverse employment actions against the Plaintiffs during the period of 2002-2004.

The Defendants could have brought a motion to add Psychemedics as a third-party defendant when the Plaintiffs filed their complaint. Clearly, there was no mystery that had to be solved as to the identity of the entity that performs the Hair Test. That the entity is Psychemedics is plain from the face of the 2005 complaint -- and indeed, from the face of the 1998 contract between the City of Boston and Psychemedics. The only mystery is why the Defendants chose to wait for over two years after the case was filed, and very close to the end of Stage I fact discovery, to file the motion -- a mystery that Defendants do not even attempt to explain. Whatever the reason for Defendants' delay (and whatever the propriety of adding Psychemedics as a defendant might have been two years ago or one year ago), it is altogether inexcusable. Defendants' Motion should be denied because the addition of Psychemedics as a defendant in this case can only result in yet more delay and expense to a group of individuals who simply cannot bear the burden.

Although courts have permitted defendants to file third-party complaints where the delay was caused by newly emerging evidence, *see e.g., Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.R.D. 127, 131-32 (M.D.N.C. 1989), courts have denied such delayed filings where the defendants had reason to know the identities of possible third-party Defendants, but failed to act within the deadline. *See Hogan v. Janos Indus. Insulation Corp.*, 102 F.R.D. 205, 206-07 (S.D.N.Y. 1984) (denying third-party complaint where defendants had reason to know of potential liability of third-party manufacturers after plaintiffs responded to interrogatories but waited until after the six months required by the applicable local rule to join additional parties). *See also* Local Rule D. Mass. 15.1(A) (emphasis added) ("Amendments adding parties shall be sought *as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed the new party*.").

The Defendants claim that the Court's allowance of their third party complaint will not cause any delay because "expert discovery is held in abeyance with the Court's permission pending the resolution of the outstanding motions to compel." Memorandum in Support of Defendants' Motion at 5. This seems highly unlikely given that Plaintiffs and Defendants have obtained leave to extend the discovery schedule several times in order to accommodate their discovery needs and Psychemedics has already suggested that it would need to re-open the now-closed Stage I discovery. *See* Psychemedics Memorandum in Opposition to Defendants' Motion at p. 4.

It is well established that this Court has discretion to grant or deny Defendants' belated attempt to add a third-party defendant. *See Lehman v. Revolution Portfolio*, 166 F.3d 389, 393 (1st Cir. 1999) (emphasis added) ("[T]he determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability *that will not unduly delay or otherwise prejudice the ongoing proceedings.*"). Here, because adding Psychemedics as a third-party defendant at this late stage would unduly delay the proceedings, Defendants' Motion should be denied.

### 2. Adding Psychemedics as a Third-Party Defendant Will Prejudice the Plaintiffs

Adding Psychemedics as a third-party defendant at this late stage will greatly prejudice the Plaintiffs, whose livelihoods and reputations have been at stake since they were wrongfully discharged by the Defendants or denied employment more than three years ago. As the parties agreed, this case should be litigated as efficiently as possible and Plaintiffs, if successful, should be compensated for Defendants' unlawful employment decisions. Adding Psychemedics will also undoubtedly complicate this case and place an unacceptable burden on the Plaintiffs. Indeed, Psychemedics refused to comply with Plaintiffs' Rule 45 subpoenas and refused to produce a single document, causing Plaintiffs to file motions to compel Psychemedics to produce

these documents.  If Psychemedics continues with such stonewalling tactics as a third-party defendant, Plaintiffs will be severely prejudiced.  Moreover, there is no doubt that Psychemedics' addition as a third-party defendant will cause Plaintiffs to expend additional resources to counter Psychemedics' stated desire to take depositions.  Plaintiffs will also be forced to spend additional resources responding to discovery requests and motions filed by Psychemedics.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant City of Boston's Motion For Leave to File Third Party Complaint Against Psychemedics Corporation.  In the alternative, if this Court grants Defendants' Motion, Plaintiffs request that the Court order that Psychemedics not be allowed to re-open any discovery or otherwise cause additional delay or expense to Plaintiffs.

Respectfully submitted,

**Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

/s/ Raquel J. Webster
Louis A. Rodriques, BBO # 424720
Rheba Rutkowski, BBO # 632799
William F. Benson, BBO #646808
Raquel J. Webster, BBO # 658796
Eric A. Heining, BBO # 664900
Nikki J. Fisher, BBO # 660268
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

> Laura Maslow-Armand, BBO # 563003
> Lawyers' Committee for Civil Rights
>   Under Law of the Boston Bar Association
> 294 Washington Street, Suite 443
> Boston, Massachusetts 02108
> (617) 482-1145
>
> Marcia Woodham, BBO # 600886
> SABEL & SABEL, P.C.
> Hillwood Office Center
> 2800 Zelda Road; Ste. 100-5
> Montgomery, AL 36106
> (334) 271-2770

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2007, a true copy of the above document was served upon the attorney of record for each other party electronically via the ECF/CM system.

> /s/ <u>Raquel J. Webster</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, RICHARD BECKERS, WALTER R. WASHINGTON, WILLIAM E. BRIDGEFORTH, SHAWN N. HARRIS, EUGENE WADE, GEORGE C. DOWNING, JR., CLARARISE BRISTOW, and the MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BOSTON, BOSTON POLICE DEPARTMENT, and KATHLEEN O'TOOLE, as she is Commissioner of the Boston Police Department, <br><br> Defendants. | NO. 05-11832-GAO |

### JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Plaintiffs and defendants in the above-captioned action hereby submit this Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1.

**I.   Agenda Of Matters To Be Discussed At Scheduling Conference**

    A.   Initial exchange of information

    B.   Pre-trial schedule

    C.   Mediation

**II.   Proposed Pre-trial Schedule**

The parties share an interest in litigating this case as efficiently as possible and agree that a phased schedule makes sense in this case. The parties do not agree, however, on the issues to be included in each phase or on a proposed pre-trial schedule. Accordingly, the parties present

LITDOCS/629929.1

separate proposed pre-trial schedules, as follows:

### A. Plaintiffs' Proposed Pre-trial Schedule

Plaintiffs propose that the litigation be divided into two phases. Discovery concerning the plaintiffs and their damages would be deferred to the second phase, with a schedule to be proposed at an appropriate time in the future. A schedule for the first phase is proposed below. Plaintiffs' counsel is prepared to respond at the scheduling conference to the assertions made by the defendants and the pre-trial schedule proposed by the defendants herein.

1. <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

2. <u>Fact Discovery</u>. All fact discovery, inclusive of depositions of fact witnesses, but exclusive of requests to admit, shall be propounded by **August 10, 2006**, and responded to or otherwise completed by **October 30, 2006**, unless otherwise ordered by the Court. At this time, plaintiffs believe that the number and type of discovery events specified in Local Rule 26.1(C) are appropriate for this case only as to the facts common to all plaintiffs. These limitations are unworkable, however, as to facts and circumstances concerning the hair drug tests that were performed on samples taken from each of the plaintiffs, as these facts and circumstances differ for each plaintiff. For example, numerous individuals are identified on documents relating to each hair drug test for each plaintiff, including individuals involved in the taking, handling, and transmission of each sample; individuals involved in the chain of custody for each sample; individuals involved in the testing of each sample; and individuals involved in recording and reporting test results. The list of involved individuals varies with each test and each plaintiff and, therefore, the number of persons with potentially relevant information is very large. Plaintiffs are prepared to work cooperatively with the defendants in crafting an efficient means of obtaining the necessary discovery but seek relief from the limitations on discovery events provided in Local Rule 26.1(C). The defendants retain, of course, the right to seek relief with respect to this discovery should they find it necessary to do so. Motions to compel regarding fact discovery shall be filed as soon as practicable, but not later than **November 16, 2006**.

3. <u>Expert Discovery</u>. All expert discovery shall be completed by **March 1, 2007**, unless otherwise ordered by the Court. Motions to compel regarding expert discovery shall be filed as soon as practicable but not later than **March 23, 2007**.

4. <u>Amendments to Pleadings</u>. All amendments and/or supplements to the pleadings shall be filed on or before on or before **April 28, 2006**, without prejudice to the right of any party to move for leave to amend or supplement the pleadings as necessary in light of discovery or to conform with the evidence or a change in the law.

5. <u>Requests to Admit</u>. Requests to admit shall be propounded by **March 15, 2007** and responded to by **April 13, 2007**.

6. <u>Summary Judgment</u>. All motions for summary judgment shall be filed by **May 4, 2007**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding with further discovery.

**B.    Defendants' Proposed Pre-trial Schedule**

The Defendants respectfully disagree with the Plaintiffs' proposed pretrial schedule. The Defendants believe this case should be litigated as efficiently and expeditiously as possible to preserve resources of the parties, as well as this Court. As undersigned counsel is prepared to explain in more detail orally at the Scheduling Conference, the Defendants believe that the nature of the case lends itself to initial discovery focused on the scientific basis of Plaintiffs' claims, leading to consideration of summary judgment prior to embarking on any additional discovery.

The Defendants view the principal issue in this litigation to be the question whether the hair test for drug use annually required of all Boston police officers in Boston Police Department Rule 111 has an adverse impact on officers and applicants "of color," as alleged by the Plaintiffs. The Defendants contend that this action will essentially involve the scientific basis underlying Plaintiffs' claims. The Defendants respectfully submit that the first phase of this case should focus solely on the science underlying Plaintiffs' contentions regarding the hair test itself.

Therefore, they propose a phased discovery process as follows:

1. <u>Initial Disclosures</u>. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), will be completed by **March 15, 2006**.

2. <u>Expert Discovery</u>. The initial phrase of discovery shall focus on discovery of statistical and/or other evidence relating to the alleged *prima facie* case, and discovery focusing on the scientific basis for Plaintiffs' allegations. This discovery, including disclosure of the parties' expert testimony and depositions of experts shall be completed by **December 31, 2006**. As part of this expert discovery, Defendants have no objection to limited discovery relating to the general methodology of obtaining and transmitting hair samples to the testing laboratory. However, Defendants object to Plaintiffs' contention that discovery concerning the testing process relating to each Plaintiff is relevant. The Defendants contend that this potentially costly and time-consuming discovery is unwarranted because Plaintiffs have not alleged that the test methodology utilized by the Boston Police Department differs among "people of color" and any other individuals, e.g. white police officers. Motions to compel regarding this phase of discovery shall be filed as soon as practicable, but not later than **October 30, 2006**.

2. <u>Amendments to Pleadings</u>. Amendments and/or supplements to the pleadings shall be filed on or before **April 28, 2006**.

3. <u>Summary Judgment</u>. Motions for summary judgment shall be filed by **February 28, 2006**. Each party shall have 30 days within which to file an opposition to any such motion, and the other party shall file any reply memorandum within 21 days thereafter. The Court will rule on any such motions prior to proceeding, if necessary, with further discovery. If further discovery is necessary, the parties will propose a second phase to the Court.

III. **Trial By Magistrate**

The parties do not consent to trial by magistrate.

IV. **Settlement Conferences /Alternative Dispute Resolution**

Pursuant to Local Rule 16.1(C), plaintiffs have presented a written settlement proposal to defendants. The parties expect to have settlement conferences at appropriate times during the

litigation, including possible conferences with the Court. The parties expect to be willing to consider Alternate Dispute Resolution, if and when that becomes appropriate.

V.      **Certifications**

The certifications required by Local Rule 16.1(D)(3) are submitted herewith.

Respectfully submitted,

**Plaintiffs, Ronnie Jones, Richard Beckers, Walter Washington, William Earl Bridgeforth, Shawn N. Harris, Eugene Wade George C. Downing, Jr., Clararise Bristow, and the Massachusetts Association of Minority Law Enforcement Officers,**

By their attorneys,

_____/s/ Nadine Cohen_____
Nadine Cohen, BBO # 090040
Lawyers' Committee for Civil Rights
  Under Law of the Boston Bar Association
294 Washington Street, Suite 443
Boston, Massachusetts 02108
(617) 482-1145
(617) 951-8000

_____/s/ Rheba Rutkowski_____
Paul Robertson, BBO # 562421
Rheba Rutkowski, BBO # 632799
Rachael Splaine Rollins, BBO # 641972
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110

_____/s/ Maricia Woodham_____
Maricia Woodham, BBO # 600886
SABEL & SABEL, P.C.
Hillwood Office Center
2800 Zelda Road; Ste. 100-5
Montgomery, AL 36106
(334) 271-2770

DEFENDANTS, CITY OF BOSTON,
BOSTON POLICE DEPARTMENT and KATHLEEN O'TOOLE

Merita A. Hopkins
Corporation Counsel

By their attorneys:

s/ James M. Chernetsky
_____
James M. Chernetsky, Esq.
BBO# 638152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048

Margaret M. Buckley
BBO No. 561101
Staff Attorney, Office of the Legal Advisor
Boston Police Department
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550


Dated: February 3, 2006