UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL., <br><br>                    Plaintiffs, <br><br>v. <br><br>CITY OF BOSTON, ET AL., <br><br>                    Defendants. | CIVIL ACTION <br> NO. 05-11832-GAO |

**AFFIDAVIT OF WILLIAM F. BENSON**

I, William F. Benson, hereby swear and depose as follows:

1. I am an attorney with the law firm of Bingham McCutchen LLP, counsel to the plaintiffs (the "Plaintiffs").

2. I submit this affidavit in support of Plaintiffs' Motion to Compel Psychemedics Corporation's Compliance With This Court's December 14, 2007 Order.

3. In early January 2008, I discussed this Court's December 14, 2007 (the "December 2007 Order") with J. Allen Holland, counsel for Psychemedics Corporation ("Psychemedics").

4. Specifically, on or about January 7, 2008, during a telephone conversation, Mr. Holland advised that Psychemedics might take the position that the December 2007 Order required it to produce only the version of the Standard Operating Procedures ("SOPs") that Psychemedics previously provided to the Court *in camera* and that Psychemedics did not have to produce all versions of the SOPs that Plaintiffs had requested. I advised Mr. Holland that Psychemedics' position was contrary to the December 2007 Order. After this conversation, I

A/72440354.1

sent Mr. Holland an email setting forth Plaintiffs' position concerning the December 2007 Order, a copy of which is attached hereto as Exhibit A.

5. During my conversation on January 7, 2008 and subsequent conversations with Mr. Holland, he never advised that Psychemedics would not produce the SOPs unless Plaintiffs agreed to changes to the Order Governing the Production and Exchange of Confidential Information (the "Confidentiality Order").

6. On or about February 1, 2008, Mr. Holland advised that Psychemedics would not take the position that the December 2007 Order required it to produce only the version of the SOPs that was provided *in camera* to the Court. Further, Mr. Holland advised that Psychemedics would produce all versions of the SOPs in its possession and other responsive documents pursuant to the Confidentiality Order. Mr. Holland advised that he would produce the SOPs by the end of the following week (*i.e.*, by February 8, 2008). Mr. Holland did not condition such production of the SOPs on any changes to the existing Confidentiality Order.

7. On February 1, 2008, Psychemedics produced certain documents, including confidential documents, and Mr. Holland advised that "documents marked as confidential are being designated as such pursuant to the terms of Judge O'Toole's order governing the production and exchange of confidential information entered in this case." A copy of a letter from Mr. Holland, dated February 1, 2008, is attached hereto as Exhibit B. Further, Mr. Holland advised that "as we discussed, I will be producing additional records to you next week, including the portions of the Psychemedics' Standard Operating Procedures covered by Judge O'Toole's Order." *See* Exhibit B.

8. On February 8, 2008, Mr. Holland advised that he had bate-stamped all versions of the SOPs and additional responsive documents but that his office's copy machine had broken down, which prevented Psychemedics from delivering the SOPs on this date, as previously agreed to by the parties. Accordingly, Mr. Holland requested that he be provided until Monday, February 11, 2008 to produce the SOPs. I granted this request. Mr. Holland advised that he

would personally hand deliver the SOPs and other responsive documents to me by 10:00 a.m. on February 11, 2008. During this conversation, Mr. Holland did not condition production of the SOPs on Plaintiffs' agreement to make changes to the Confidentiality Order.

9. On February 11, 2008, I called Mr. Holland to follow-up on the status of Psychemedics' production of the SOPs. Mr. Holland advised that he had copies of the bate-stamped SOPs in his office but could not produce them as promised because he had been replaced as counsel by the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz").

10. On February 11, 2008, I then called Peter Biagetti, an attorney at Mintz, to follow-up on the status of Psychemedics' production of the SOPs. He advised that Psychemedics would not produce the SOPs unless Plaintiffs agreed to substantive changes to the Confidentiality Order. Specifically, Mr. Biagetti demanded, on behalf of Psychemedics, that (i) Plaintiffs identify their experts and consultants prior to the disclosure of the SOPs to these individuals to allow Mintz an opportunity to object and (ii) all copies of the SOPs remain at the office Bingham McCutchen LLP. I advised Mr. Biagetti that Plaintiffs would not agree to these demands as they were contrary to the December 2007 Order and contrary to the agreement by Psychemedics to produce the SOPs without changes to the Confidentiality Order. A few days later, Mintz added another condition to the production of the SOPs, namely that Mintz be provided an opportunity to review deposition transcripts discussing the SOPs or any other confidential information provided by Psychemedics.

11. After attempting to resolve the dispute, I advised Mintz that Plaintiffs would not agree to the changes to the Confidentiality Order proposed by Psychemedics.

Signed under the penalties of perjury this 22nd day of February 2008.

            /s/ William F. Benson  
            William F. Benson

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by federal express, on February 22, 2008.

                                          /s/ William F. Benson
                                          William F. Benson

# EXHIBIT A

Case 1:05-cv-11832-GAO   Document 88-2   Filed 02/22/2008   Page 1 of 2

# Benson, William F.

| | |
|---|---|
| From: | Benson, William F. |
| Sent: | Monday, January 07, 2008 4:04 PM |
| To: | 'jaholland@lynchbrewer.com' |
| Cc: | Rutkowski, Rheba; Webster, Raquel J. |
| Subject: | Subpoena to Psychemedics -- Court Order |

Allen,

Thank you for calling to discuss Psychemedics' compliance with the Court's December 14, 2007 Order. As I explained, we need to know Psychemedics' position regarding the production of its Standard Operating Procedures (SOPs) as soon as possible.

As you are aware, with regard to the SOPs, the Court ordered Psychemedics to produce "(I) the introductory pages of its SOPs prior to tab 1 and; (ii) the materials included in tabs 5, 6, 9, 12, 16, and 17." The Court did not limit its order to only the single SOP that Psychemedics provided, in camera, to the Court. A plain reading of this Order indicates that Psychemedics is required to produce the materials identified by the Court for all of the SOPs that were requested by the Plaintiffs. Plaintiffs' subpoena requested SOPs for the time period 1994 to the present (Request No. 5). As your opposition and argument at the hearing focused on the confidentiality concerns of Psychemedics, we see no reason for Psychemedics to now contend that it is only required to produce a single SOP for a single year that was unilaterally selected by Psychemedics.

Please confirm that Psychemedics will comply with Request No. 5 and the Court's Order and produce its SOPs (introductory pages, and Tabs 5, 6, 9, 12, 16, and 17) for the time period 1994 to the present.

Bill

William F. Benson
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
T 617.951.8659
F 617.951.8736
william.benson@bingham.com

*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.*

1

# EXHIBIT B

# LYNCH, BREWER, HOFFMAN & FINK, LLP
## ATTORNEYS AT LAW

OWEN B. LYNCH
EDWARD S. BREWER, JR.◊
ALAN R. HOFFMAN
PETER W. FINK*
J. ALLEN HOLLAND, JR.
ELIZABETH A. ZELDIN+
JOHN P. DENNIS⁴
STEVEN L. SCHRECKINGER
TAMARA S. WOLFSON
PATRICK J. KINNEY, JR.
ANNE HOFFMAN
DALE C. KERESTER
JENNIFER C. PLATT
CHRISTINE B. WHITMAN**
KAREN TOSH⁻^
HARVEY NOSOWITZ
ANNE ROBBINS
THOMAS J. CLEMENS
JANE M. GUEVREMONT
SONJA J. KWON*
GAIL L. ANDERSON
SARAH VANDERAAR
MAUREEN A. HALEY

101 FEDERAL STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02110-1800

TELEPHONE (617) 951-0800
FAX (617) 951-0811
http://www.lynchbrewer.com

^ALSO ADMITTED IN AL
*ALSO ADMITTED IN CT
*ALSO ADMITTED IN FL
⁻ALSO ADMITTED IN KY
⁴ALSO ADMITTED IN ME
◊ALSO ADMITTED IN NH
+ALSO ADMITTED IN SC

February 1, 2008

**BY HAND**

William F. Benson, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, Massachusetts 02110

Re: Ronnie Jones, et al. v. City of Boston, et al.
<u>Civil Action No. 051182-GAO</u>

Dear Bill:

Enclosed for service in the above-referenced matter, please find copies of documents being produced in response to the plaintiff's deposition subpoena to Psychemedics Corporation and Judge O'Toole's order which have been Bates numbered PMD1 through PMD1038. Please note that the documents marked as confidential are being designated as such pursuant to the terms of Judge O'Toole's order governing the production and exchange of confidential information entered in this case. As we discussed, I will be providing additional records to you next week, including the portions of Psychemedics' Standard Operating Procedures covered by Judge O'Toole's order. I have not made additional copies of the documents previously produced.

In addition, as requested by Robert Baker, I am writing to confirm that Psychemedics does not keep data regarding test results by race, hair color or hair texture and does not, therefore, have any documents responsive to these document requests.

Please feel free to call me if you have any questions.

Very truly yours,

J. Allen Holland, Jr.

JAH/rmr/271547_1
Enclosures
cc: Mary Jo Harris, Esq. (By Hand)
    Psychemedics Corporation (w/o enc.)