UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNIE JONES, ET AL.,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF BOSTON, ET AL.,<br>　　　　　Defendants. | Civil Action No. 05-11832-GAO |

## MOTION FOR ENTRY OF THE SUPPLEMENTAL PROTECTIVE ORDER

Psychemedics Corporation, on behalf of all parties, moves for entry of the following Supplemental Protective Order, which was drafted according to the Court's instructions at the May 21, 2008 hearing in this matter and on which all parties have agreed.

Dated:

June 4, 2008

Respectfully submitted,

_____
Peter A. Biagetti, BBO # 042310
Meredith M. Leary, BBO # 654211
Omar Khondker, BBO # 660752
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO, PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
(617) 542-2241 (Fax)

Attorneys for Psychemedics Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONNIE JONES, ET AL.,
    Plaintiffs,

vs.

CITY OF BOSTON, ET AL.,
    Defendants.

Civil Action No. 05-11832-GAO

## SUPPLEMENTAL PROTECTIVE ORDER

1. This Supplemental Protective Order supplements the Protective Order previously entered in this case on January 8, 2007 (the "January 2007 Protective Order"), and governs any document or other thing subject to production or inspection, interrogatory answer, deposition testimony, request for admission, admission, or other information obtained through any means of discovery, or any portion thereof, which has been designated "CONFIDENTIAL" by a party to this lawsuit (a "Litigation Party") or any other third party. The party or parties making such designation (whether a Litigation Party or third party) shall be referenced herein as the "Designating Party." Any recipients of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order are hereinafter referred to as "Receiving Party."

2. A Designating Party may designate material for protection as either "CONFIDENTIAL" in accordance with the terms of the January 2007 Protective Order, or as "HIGHLY CONFIDENTIAL" in accordance with the terms of this Supplemental Protective Order.

3. The Designating Party may designate documents or information as "HIGHLY CONFIDENTIAL" only if the Designating Party reasonably believes that the documents or information contain highly confidential trade secret information, and as such is particularly competitively sensitive.

4. If any Receiving Party intends to provide materials designated as "Highly Confidential" by the Designating Party to any of the experts, consultants and investigators contemplated by Paragraph 9(f) of the January 2007 Protective Order, and if such expert, consultant or investigator is or has been (i) a direct competitor of Psychemedics Corporation; (ii) employed by a direct competitor of Psychemedics Corporation; (iii) a consultant for a direct competitor of Psychemedics Corporation; or (iv) otherwise affiliated with a direct competitor of Psychemedics Corporation, the Receiving Party shall notify counsel for the Designating Party, by electronic mail or hand delivery, of the identity and affiliation of any such expert, consultant or investigator (the "Expert Notice"). As used herein, "direct competitor" shall mean an entity that performs drug testing on hair for a profit. Upon receiving the Expert Notice, the Designating Party may, within five (5) business days, file an objection with the Court to the proposed disclosure contemplated by the Expert Notice. If the Receiving Party providing the Expert Notice so requests, the Designating Party shall strictly maintain the confidentiality of the information contained in the Expert Notice, and shall seek to file any objection with the Court under seal.

5. The Receiving Party shall not make any disclosure of documents or information designated as "HIGHLY CONFIDENTIAL" to the individual or entity identified in the Expert Notice prior to the expiration of this five (5) business day period.

2

Moreover, if the Designating Party files an objection with the Court after receiving the Expert Notice, the Receiving Party shall not make any disclosure of "HIGHLY CONFIDENTIAL" information to the individual or entity identified in the Expert Notice until the Court orders that such disclosure will be allowed. Absent timely filing of an objection, the Receiving Party may make disclosure of "Highly Confidential" information to the individual or entity identified in the Expert Notice, per the terms of this Order.

6. Paragraph 7 of the January 2007 Protective Order is amended to read as follows:

Deposition Testimony. A Party shall designate in good faith deposition testimony or portions thereof, including exhibits, as Confidential Information by means of a statement by counsel or the witness or other authorized counsel at the time of the giving of testimony, or by written notice by said counsel to all Parties within thirty (30) days of receipt of the transcript, designating which portion(s) of the transcript and which exhibit(s) are being designated as Confidential Information. If a party believes that Confidential Information may be disclosed during the course of the deposition, the party disclosing the information shall cause the court reporter to place the legend "Contains Confidential Information" on the front page of the transcript. However, within thirty (30) days of receipt of the transcript, the party shall in good faith re-designate the transcript in order to indicate the specific portion(s) and/or exhibit(s) of the transcript which are to be designated as confidential. If designation is made during the thirty-day period after receipt of the transcript, all Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the "Contains Confidential Information" legend on the front cover of the transcript and each copy thereof, and the "Confidential" legend on each portion and/or exhibit so designated, and on each copy thereof.

Further, if during the course of a deposition, documents or information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Designating Party (who is not a Litigation Party) is used or referenced, the Litigation Parties shall cause the court reporter to place the corresponding and appropriate legend "Contains Confidential Information" or "Contains Highly Confidential Information" on the front page of the transcript. At the time this transcript is provided to the Litigation Parties, the Litigation Party conducting the deposition shall provide a copy of the deposition transcript, with Exhibits, to the Designating Party. Within thirty (30) days of the Designating Party's receipt of

the transcript, the Designating Party shall in good faith re-designate the transcript in order to indicate the specific portion(s) and/or exhibit(s) of the transcript which are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7. Paragraph 8 of the January 2007 Protective Order is amended to read as follows:

Court Filings. Before filing any pleadings or other documents which contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Documents or Information, the Litigation Parties shall confer with each other and with the Designating Party, if different than the Litigation Party, and agree on redactions that would permit the filing of the pleadings or other documents in open court. If the Litigation Parties and Designation Party are unable to agree on such redactions, the Designating Party shall move, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.2, for a court order permitting such pleadings or other documents to be filed under seal. No pleadings or other documents which contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Documents or Information shall be filed prior to the Court's ruling on that motion. In its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment pursuant to Federal Rule of Civil Procedure 26(c). If the Court determines that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Documents or Information are not entitled to confidential treatment to Federal Rule of Civil Procedure 26(c), and/or does not permit the pleadings or other documents which contain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information to be filed under seal, the Litigation Parties may then file those pleadings or other documents in open court.

8. Pursuant to paragraph 22 of the January 2007 Protective Order, Psychemedics Corporation hereby provides its written consent to be subject to the January 2007 Protective Order as modified by this Supplement.

4

06/03/2008 12:39 FAX

Signed by all parties:

_____[signature]_____
For the Plaintiffs:
William Benson, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Dated: 6/4/08

_____[signature]_____
For the Defendants:
Mary Jo Harris, Esq.
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109

6/3/08

_____[signature]_____
For Psychemedics Corporation:
Peter A. Biagetti, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky &
Popeo, PC
One Financial Center
Boston, Massachusetts 02111

Dated: 6/3/08

**SO ORDERED:**

Dated: _____

_____
Honorable George A. O'Toole
United States District Judge

4275144v.3

5

2

## **CERTIFICATE OF SERVICE**

     I, Omar Khondker, certify that I served a copy of the Motion for Entry of the Supplemental Protective Order and the Supplemental Protective Order through this Court's CM/ECF system on counsel of record in the above-captioned action.

Dated:  June 4, 2008

                                                                                             _____
                                                                                              Omar Khondker