**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| RONNIE JONES, ET AL.,   )<br>                                                )<br>       Plaintiffs,                         )            CIVIL ACTION<br>                                                )            No. 1:05-cv-11832-DPW<br>v.                                            )<br>                                                )<br>CITY OF BOSTON, ET AL.,        )            **LEAVE TO FILE GRANTED**<br>                                                )            **AUG. 28, 2018 (DKT. NO. 445)**<br>       Defendants.                       )<br>                                                ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING REMEDIES**

Plaintiffs submit this memorandum to respond to two arguments Defendants have made in briefs filed pursuant to the Court's June 22, 2018 order that (1) Plaintiffs are not entitled to remedies because they have failed to prove that their individual hair test results were false positives based on race (Dkt. 442 at 11-13) and that (2) Plaintiffs' claims for injunctive relief and a declaratory judgment have been waived and are moot (Dkt. 441 at 2-8). These arguments are incorrect and should be rejected.

**I.    Defendants Incorrectly Allege That Plaintiffs Must Demonstrate That Their Individual Hair Test Results Were False Positives Based On Race to Obtain Individual Relief**

Defendants assert that the Plaintiff Officers cannot prevail on their claims for individual relief because they have failed to prove that their individual hair test results were false positives based on race. (Dkt. 442 at 11-13). In addition to being factually incorrect (as set forth in Plaintiffs' prior submissions), Defendants' argument is contrary to law. Once individual plaintiffs have established a disparate impact claim, to obtain individual relief, they need only

1

show that they suffered an adverse employment action as a result of the unlawful practice.[1] *See Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 151 (2d Cir. 2012) (Title VII disparate impact plaintiff "need only show that he or she suffered an adverse employment decision" and was subjected to the unlawful employment policy) (internal citations omitted); *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 161–62 (2d Cir. 2001), *abrogated on other grounds by Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (for individual relief on disparate impact claim, individual must show that he or she was among those adversely affected by the challenged policy or practice). *But see Lopez v. City of Lawrence*, *Mass.*, 823 F.3d 102, 121 & n.1 (1st Cir. 2016), *cert. denied*, 137 S. Ct. 1088 (2017) (dicta stating "[H]ad the remedy phase of trial proceeded as the Officers would have hoped, each officer would have needed to show that, more likely than not, he or she would have been promoted had Boston used an equally or more valid selection tool with less impact."). Although the Department could rebut the Officers' claim for damages by showing that the Officers were terminated for lawful reasons independent of the hair test, it has not done so. *See Chin*, 685 F.3d at 151 ("[T]he employer bears the burden of persuading the trier of fact that its decision was made for lawful reasons; otherwise, the employee is entitled to individualized relief").

Indeed, even if the Court were to find that the individual Officers bear the burden to prove they would have remained employed under the proposed alternative (a position with which Plaintiffs disagree), the Officers clearly demonstrated that it is more likely than not that they would not have been identified as drug users if the proposed alternative of adding confirmatory urinalysis testing had been in place. Defendants do not dispute that Officer Couch has been subjected to random urinalysis between 2005 and 2006 and continuously since 2009 and has

---

[1] Plaintiffs' will not repeat here what has been previously briefed regarding the evidence adduced at trial to support a liability finding for the Officers. *See* Dkt. 412, 414, and 440.

never tested positive. Defs. Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law at ¶¶ 64, 67. Defendants similarly do not dispute that Officer Bridgeforth was in a random urinalysis program from 2002 to 2003 and never once tested positive. *Id*. at ¶ 43. Both Officer Couch and Officer Bridgeforth took independent drug tests, the results of which were negative for cocaine. *Id*. at ¶¶ 47, 60. Finally, the Department does not dispute that Officer Downing and Ms. Hogan took several independent hair and urine tests, all of which were negative for cocaine, and took several pre-employment urinalysis tests for subsequent jobs and were never notified of a positive result. *Id*. at ¶¶ 26, 32, 76, 83. The Department has not rebutted the Officers' showing with *any* evidence, beyond the challenged hair tests.

## II. Defendants Incorrectly Allege That Plaintiffs' Claims For Injunctive And Declaratory Relief Have Been Waived And Are Moot

The assertions in Defendants' July 27, 2018 Bench Memorandum (Dkt. 441) that Plaintiffs' claims for injunctive relief and a declaratory judgment have been waived and are moot are incorrect for the following reasons.

First, waiver of a claim must be unequivocal or express. *Prou v. United States*, 199 F.3d 37, 42 & n.2 (1st Cir. 1999) ("Waiver . . .represents an *express* decision by a party not to pursue a claim.") (emphasis added); *Jardines Bacata, Ltd. v. Diaz–Marquez,* 878 F.2d 1555, 1559 (1st Cir. 1989) (waiver must be "unequivocal"); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 992 (1st Cir. 1988) ("A finding of waiver must be premised upon clear, decisive and *unequivocal* conduct . . .") (citation omitted); *Dunkin' Donuts Inc. v. Gav-Stra Donuts, Inc.*, 139 F. Supp. 2d 147, 157 (D. Mass. 2001) (waiver requires "clear, decisive, and unequivocal conduct"). There has been no such waiver here. Indeed, Plaintiffs have repeatedly maintained their claims for injunctive and declaratory relief in filings submitted

before, during, and after trial.[2]  For example, during the pretrial conference, Plaintiffs expressly stated their claim for declaratory relief:

> *[W]e have asked for a declaration that this hair test not be used again*.

Pre-Trial Conf. Tr. (Feb. 26, 2018) at 10:20-21 (emphasis added).  Again, in response to questions from the Court during closing arguments, Plaintiffs' counsel expressly claimed entitlement to declaratory relief and the basis for it:

> I think we've said we believe *we're entitled to a declaration that they do not go back and use the test* … I don't want to belabor the point, but nothing stops them from going back and doing this.

*See* Trial Tr. 5-90:20–91:21 (emphasis added).  Repeated reiterations of entitlement to declaratory relief hardly constitute a waiver.  Finally, the Department's contention that Plaintiffs did not reiterate the request for declaratory judgment yet again, in response to statements made by Department's counsel, is not a "waiver."  *Dunkin' Donuts*, 139 F. Supp. 2d at 157 ("mere silence … does not satisfy [defendants'] burden of establishing the clear, decisive, and unequivocal conduct required for waiver").

Second, the Department's assertion that Plaintiffs' claims for declaratory and injunctive relief are moot ignores that as the party claiming mootness, the Department bears the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see also United States v. W.T. Grant*, 345 U.S. 629, 633

---

[2] Plaintiffs' Complaint and Jury Demand (Dkt. 3-3) at pp. 23-24; Plaintiffs' First Amended and Supplemental Complaint (Dkt. 17) at pp. 23-24; Plaintiffs' Trial Memorandum (Dkt. 373) at pp. 13-14, 17, 20; Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Feb. 20, 2018) at ¶¶243-250; Plaintiffs' Proposed Additional and/or Substitute Findings of Fact and Conclusions of Law (Feb. 20, 2018) at ¶¶47-54, 112-129; Plaintiffs' Final Proposed Findings of Fact and Conclusions of Law ("PFF") (Dkt. 427) at ¶¶243-250; Plaintiffs' Final Proposed Additional and/or Substitute Findings of Fact and Conclusions of Law ("PAFF") (Dkt. 428) at ¶¶47-54, 112-129; Plaintiffs' Post-Trial Briefing on Remedies (Dkt. 439) at pp. 17-18.

(1953); *Hampton v. Mow Sun Wong*, 426 U.S. 88, 98, & n.14 (1976) (new hiring regulation forbidding challenged practice does not moot claim for injunctive and declaratory relief).  Here, the Department has not presented ***any assurance whatsoever*** that it will not return to the 1999-2006 iteration of the hair test.  *See Already LLC, v. Nike, Inc.*, 568 U.S. 85, 88-102 (2013) (covenant not to sue mooted claim for declaratory judgment); *cf. City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (repeal of offending ordinance did not moot claim for injunctive and declaratory relief).  To the contrary, the Department and the hair testing company (who would appear to have even more of an interest in avoiding entry of declaratory and injunctive relief than the Department) continue to assert that the hair test used from 1999 to 2006 test is perfect and never results in any false positives.

## **CONCLUSION**

Plaintiffs have established that (1) they suffered adverse employment actions from the Defendants' use of the Title VII violative policy and are entitled to individualized equitable relief; and (2) their claims for injunctive and declaratory relief were not waived and are not moot, and, upon a finding of liability, should be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **RONNIE JONES, ET AL.,** |
|  | By their attorneys, |
|  | */s/ Arjun K. Jaikumar*_____ |
| Oren M. Sellstrom (BBO #569045) | Lisa J. Pirozzolo (BBO #561922) |
| Laura Maslow-Armand (BBO #563003) | Eric D. Wolkoff (BBO #679566) |
| LAWYERS' COMMITTEE FOR CIVIL | Alexandra R. Reynolds (BBO #690501) |
|    RIGHTS AND ECONOMIC JUSTICE | Arjun K. Jaikumar (BBO #691311) |
| 61 Batterymarch Street, Fifth Floor | Jeffrey S. Olshan (BBO #693337) |
| Boston, MA  02110 | WILMER CUTLER PICKERING |
| (617) 988-0613 |    HALE AND DORR LLP |
| osellstrom@lawyerscom.org | 60 State Street |
| laurama@lawyerscom.org | Boston, MA  02109 |
|  | (617) 526-6000 |
|  | lisa.pirozzolo@wilmerhale.com |
|  | eric.wolkoff@wilmerhale.com |
|  | lexie.reynolds@wilmerhale.com |
|  | arjun.jaikumar@wilmerhale.com |
| Dated:  August 28, 2018 | jeff.olshan@wilmerhale.com |

## **CERTIFICATE OF SERVICE**

   I, Arjun K. Jaikumar, hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this August 28, 2018.

                 */s/ Arjun K. Jaikumar*
                 Arjun K. Jaikumar